Sean Hecker
William H. Taft V
Nicholas C. Tompkins
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 521-6836
shecker@debevoise.com
whtaft@debevoise.com
ntompkin@debevoise.com
*Counsel to Defendant Alexander Varshavsky*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                :

SERGEY LEONTIEV,                      :

                   Plaintiff,                   :      Case No. 1:16-cv-03595 (JRS)

                      - v. -                      :

ALEXANDER VARSHAVSKY,      :      **ANSWER**

                   Defendant.            :

------------------------------------------------------------- X

       Defendant Alexander Varshavsky serves the following Answer in response to the Complaint filed by Plaintiff Sergey Leontiev on May 13, 2016. Defendant responds only with regard to Plaintiff's first cause of action seeking a declaratory judgment and not with regard to his second cause of action for intentional infliction of emotional distress, which Defendant concurrently has moved to dismiss for failure to state a claim.

## PRELIMINARY STATEMENT

       Plaintiff seeks a sweeping declaratory judgment that he is not liable for a debt, under any possible legal theory recognized by any applicable body of law, based solely on his allegations

that his name does not appear on the face of the lending agreements.  Plaintiff does not, however, allege that he did not control the borrowers under those agreements, that the loaned funds were not transferred from those borrowers to other companies he controls, or that the loaned funds were not ultimately diverted to or used by him in his personal capacity – only that Defendants have not yet provided *proof* of the same establishing his personal liability.

Defendant intends to provide that proof in this action.  Defendant believes and intends to establish that over the course of several years, Plaintiff set up a complicated web of companies in various off-shore jurisdictions and in the names of various straw men, which Plaintiff called the "cloud" because its purpose was to obscure the flow of money between and among those companies.  Plaintiff then took in hundreds of millions of dollars through various other shell companies he controlled, including the borrowers at issue in this dispute, which acted as "gates" through which money flowed into the cloud.  After those funds passed through the gates, Plaintiff caused them to be transferred between the various entities he controlled inside the cloud, and ultimately to be diverted to other companies he owned and controlled, leaving the borrowers insolvent and unable to repay the loaned amounts even as he obtained hundreds of millions of dollars for his own benefit.  Defendant looks forward to litigating this case and providing documents and testimony establishing these facts and proving Plaintiff's personal liability.

## ANSWER

Except as expressly admitted hereafter, Defendant denies each and every allegation of the Complaint.

## ANSWER TO SUMMARY AND NATURE OF THE CASE

1. Defendant admits that Mr. Leontiev was a well-known and at one time highly regarded Russian businessman who left Russia in August 2015 after the Russian Central Bank revoked the license of Probusinessbank, a full-service commercial bank that Mr. Leontiev co-founded in 1993, and otherwise denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits that he is a naturalized United States citizen who owns a residence in Holmdel, New Jersey and has business interests in the United States and Russia worth millions of dollars, and otherwise denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits that since August 2015, in New York and elsewhere, he has requested that Mr. Leontiev make payment of a debt, and otherwise denies the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits that he has produced several loan agreements, promissory notes, and bank guarantees, and otherwise denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant states that the documents referred to in paragraph 5 of the Complaint speak for themselves, and that the remaining allegations are legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6. Defendant states that the documents referred to in paragraph 6 of the Complaint speak for themselves, admits that he had not provided documentation of his authority to collect any monies owed under the documents referred to as of the time the Complaint was filed, and otherwise denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant states that the documents referred to in paragraph 7 of the Complaint speak for themselves, admits that he has requested, both personally and through counsel, that Mr. Leontiev make payment of a debt, and has asserted that Mr. Leontiev has acknowledged the debt, and otherwise denies the remaining allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant admits that Mr. Zheleznyak left Russia and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint.

10. Defendant admits that Mr. Leontiev and Mr. Zheleznyak currently reside in New York and otherwise denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant admits that he has requested through his New York- and New Jersey-based counsel, including on April 20, 2016, that Mr. Leontiev make payment of a debt, and otherwise denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant states that the allegations in paragraph 12 of the Complaint are legal conclusions and recitations of the grounds for relief sought by Plaintiff to which no responsive pleading is required; to the extent a response is required, Defendant denies the allegations in paragraph 12.

13. Defendant states that the allegations in paragraph 13 of the Complaint are legal conclusions and recitations of the grounds for relief sought by Plaintiff to which no responsive pleading is required; to the extent a response is required, Defendant denies the allegations in paragraph 13.

## ANSWER TO PARTIES

14. Defendant admits that Plaintiff is a Russian national and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint.

15. Defendant admits that he is a naturalized United States citizen and owns a residence in Monmouth County, New Jersey, and otherwise denies the remaining allegations in paragraph 15 of the Complaint.

## ANSWER TO JURISDICTION & VENUE

16. Defendant states that paragraph 16 of the Complaint contains Plaintiff's statement of the jurisdictional basis for this action, to which no responsive pleading is required.

17. Defendant states that the first sentence of paragraph 17 contains Plaintiff's statement of the basis for personal jurisdiction over Defendant, to which no responsive pleading is required, admits that he owns, directly or indirectly, an apartment at the Time Warner Center in Manhattan, New York and an apartment at 1311 Brightwater Avenue in Brooklyn, New York, and otherwise denies the remaining allegations in paragraph 17 of the Complaint.

18. Defendant states that the paragraph 18 of the Complaint contains Plaintiff's statement of the basis for venue of this action, to which no responsive pleading is required.

## ANSWER TO FACTUAL ALLEGATIONS

19. Defendant admits that in 1993 Mr. Leontiev, Mr. Zheleznyak, and another business associate started Probusinessbank, a full-service commercial bank headquartered in Moscow, Russia, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Defendant admits that on August 12, 2015, the Russian Central Bank revoked Probusinessbank's license, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint.

23. Defendant admits that several days after the revocation of Probusinessbank's license, the Russian Central Bank filed a petition for bankruptcy on behalf of Probusinessbank, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint.

24. Defendant admits that on February 18, 2016, the Russian government arrested five former managers of Probusinessbank and charged them with embezzlement, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint.

25. Defendant admits that he is a naturalized United States citizen who owns a residence in Holmdel, New Jersey, states that the allegations that he is a "well-known wealthy businessman" are statements of opinion to which no responsive pleading is required, and otherwise denies the remaining allegations of paragraph 25 of the Complaint.

26. Defendant admits that he owns, directly or indirectly, numerous business and property interests in the United States, including a residence in Holmdel, New Jersey, an apartment at the Time Warner Center in Manhattan, New York, and an apartment at 1311 Brightwater Avenue in Brooklyn, New York, and otherwise denies the remaining allegations in paragraph 26 of the Complaint.

27. Defendant admits the allegations in paragraph 27 of the Complaint.

28. Defendant admits that he first contacted Mr. Leontiev about a debt in or around August 2015 when he asked to meet with Mr. Leontiev in Moscow, that prior to that time he had never met Mr. Leontiev, and that at a meeting with Mr. Leontiev in Moscow, he requested that Mr. Leontiev make payment of a debt, and otherwise denies the remaining allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant admits that at some time thereafter, he and Mr. Leontiev met in London and that he requested that Mr. Leontiev make payment of a debt, and otherwise denies the remaining allegations in paragraph 30 of the Complaint.

31. Defendant admits that in or around January 2016, a scheduled meeting between him and Mr. Leontiev was canceled, and that on January 15, 2016, he and Mr. Leontiev, together with their respective counsel, met in New York to discuss his request that Mr. Leontiev make payment of a debt, and otherwise denies the remaining allegations in paragraph 31 of the Complaint.

32. Defendant admits that beginning on or around January 20, 2016, his counsel provided to Mr. Leontiev's New York counsel copies of various loan agreements, promissory notes, and guarantees underlying a debt, states that these documents speak for themselves, and otherwise denies the remaining allegations in paragraph 32 of the Complaint.

    a) Defendant states that the documents referred to in paragraph 32(a) of the Complaint speak for themselves.

    b) Defendant states that the documents referred to in paragraph 32(b) of the Complaint speak for themselves.

    c)    Defendant states that the documents referred to in paragraph 32(c) of the Complaint speak for themselves.

33. Defendant states that the documents referred to in paragraph 33 of the Complaint speak for themselves.

34. Defendant admits that he had not provided documentation that any funds were transferred to or used by Mr. Leontiev in his personal capacity as of the time the Complaint was filed, and otherwise denies the remaining allegations in paragraph 34 of the Complaint.

35. Defendant admits that on February 20, 2016, his counsel corresponded with Mr. Leontiev's New York counsel, states that the correspondence referred to in paragraph 35 speaks for itself, and otherwise denies the remaining allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant admits that on April 20, 2016, his New York counsel corresponded with Mr. Leontiev's counsel, states that the correspondence referred to in paragraph 40 speaks for itself, and otherwise denies the remaining allegations of paragraph 40 of the Complaint.

**ANSWER TO FIRST CAUSE OF ACTION**
**(Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201 and 2202)**

41. Defendant repeats and realleges the responses contained in all prior paragraphs, which are incorporated by reference as if set forth fully herein.

42. Defendant states that the allegations in paragraph 42 of the Complaint are legal conclusions and recitations of the grounds for relief sought by Plaintiff to which no responsive

pleading is required; to the extent a response is required, Defendant denies the allegations in paragraph 42.

43. Defendant states that the allegations in paragraph 43 of the Complaint are legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendant denies the allegations in paragraph 43.

44. Defendant states that the allegations in paragraph 44 of the Complaint are legal conclusions and recitations of the grounds for relief sought by Plaintiff to which no responsive pleading is required; to the extent a response is required, Defendant denies the allegations in paragraph 44.

45. Defendant states that the allegations in paragraph 45 of the Complaint are legal conclusions and recitations of the grounds for relief sought by Plaintiff to which no responsive pleading is required; to the extent a response is required, Defendant denies the allegations in paragraph 45.

**ANSWER TO SECOND CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

46. Defendant states that no response to paragraph 46 of the Complaint is required because Defendant has moved to dismiss the Second Cause of Action. To the extent a response is required, now or in the future, Defendant repeats and realleges the responses contained in all prior paragraphs, which are incorporated by reference as if set forth fully herein.

47. Defendant states that no response to paragraph 47 of the Complaint is required because Defendant has moved to dismiss the Second Cause of Action.  To the extent a response is required, now or in the future, Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant states that no response to paragraph 48 of the Complaint is required because Defendant has moved to dismiss the Second Cause of Action. To the extent a response is required, now or in the future, Defendant admits that Mr. Zheleznyak is a friend and business associate of Mr. Leontiev and otherwise denies the remaining allegations in paragraph 48 of the Complaint.

49. Defendant states that no response to paragraph 49 of the Complaint is required because Defendant has moved to dismiss the Second Cause of Action. To the extent a response is required, now or in the future, Defendant states that the allegations in paragraph 49 of the Complaint are legal conclusions to which no responsive pleading is required and otherwise denies the remaining allegations in paragraph 49.

50. Defendant states that no response to paragraph 50 of the Complaint is required because Defendant has moved to dismiss the Second Cause of Action. To the extent a response is required, now or in the future, Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant states that no response to paragraph 51 of the Complaint is required because Defendant has moved to dismiss the Second Cause of Action. To the extent a response is required, now or in the future, Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant states that no response to paragraph 52 of the Complaint is required because Defendant has moved to dismiss the Second Cause of Action. To the extent a response is required, now or in the future, Defendant states that the allegations in paragraph 52 of the Complaint are legal conclusions and recitations of the grounds for relief sought by Plaintiff to

which no responsive pleading is required, and otherwise denies the remaining allegations in paragraph 52.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the requested relief or to any other relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

For the avoidance of doubt, Defendant states that Plaintiff's second cause of action for intentional infliction of emotional distress fails to state a claim upon which relief can be granted, and concurrently has moved to dismiss that cause of action.

Dated: New York, New York
June 24, 2016

DEBEVOISE & PLIMPTON LLP

/s/ Sean Hecker
Sean Hecker
William H. Taft V
Nicholas C. Tompkins
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000
Fax: (212) 521-6386
shecker@debevoise.com
whtaft@debevoise.com
ntompkin@debevoise.com

*Counsel to Defendant Alexander Varshavsky*