UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SERGEY LEONTIEV,                                              :
                                                              :
                    Plaintiff,                                :
                                                              :  Case No. 1:16-cv-03595 (JSR)
             - v. -                                           :
                                                              :
ALEXANDER VARSHAVSKY,                                         :
                                                              :
                    Defendant.                                :
                                                              :
------------------------------------------------------------- X


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
# MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION


DEBEVOISE & PLIMPTON LLP
Sean Hecker
William H. Taft V
Nicholas C. Tompkins
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000
Fax: (212) 521-6836
shecker@debevoise.com
whtaft@debevoise.com
ntompkin@debevoise.com

*Counsel to Defendant Alexander Varshavsky*

Dated:  July 15, 2016

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.   Only The Most Extreme And Outrageous Conduct Can Give Rise To A Claim For Intentional Infliction Of Emotional Distress. ............................................................ 2

    II.  Plaintiff's Allegations Fall Well Short Of Pleading The Extreme And Outrageous Conduct Required To State A Claim. ..................................................................... 3

        A.  The Conduct Alleged By Plaintiff, Even Considered Together As A Whole, Is Not Extreme And Outrageous. ............................................................................. 3

        B.  Plaintiff's Attempts To Distinguish The Authority Cited By Defendant Are Unavailing. ......................................................................................................... 5

    III. Plaintiff's Formulaic Recitation That He Has Experienced Severe Emotional Distress Is Insufficient To State A Claim. ................................................................ 7

    IV. Plaintiff Has Not Alleged Conduct For Which Punitive Damages Are Available. ................ 8

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

*American Credit Card Processing Corp. v. Fairchild*,
   11 Misc.3d 972 (N.Y. Sup. Ct. Feb. 23, 2006) ...............................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .....................................................................................................7, 8

*Bonner v. Guccione*,
   916 F. Supp. 271 (S.D.N.Y. 1996) .................................................................................2

*Chanko v. Am. Broad. Companies Inc.*,
   27 N.Y.3d 46 (2016) ...........................................................................................1, 2, 4, 5

*Cohn-Frankel v. United Synagogue of Conservative Judaism*,
   246 A.D.2d 332 (N.Y. App. Div. 1998) ........................................................................3

*Collins v. Willcox, Inc.*,
   158 Misc. 2d 54 (N.Y. Sup. Ct. 1992) ...........................................................................2

*Conboy v. AT&T Corp.*,
   84 F. Supp. 2d 492 (S.D.N.Y. 2000) ..............................................................................6

*Corley v. Spitzer*,
   No. 11-cv-9044, 2015 WL 127718 (S.D.N.Y. Jan. 7, 2015) ..........................................7

*Cruz v. HSBC Bank, USA, N.A.*,
   5 F. Supp. 3d 253 (E.D.N.Y. 2014) ................................................................................2

*Eves v. Ray*,
   42 A.D.3d 481 (N.Y. App. Div. 2007) ..........................................................................2

*Feinberg v. Poznek*,
   12 Misc. 3d 1185(A) (N.Y. Sup. Ct. 2006) ....................................................................8

*Herman v. Spitz*,
   5 Misc. 3d 1026(A) (N.Y.C. Civ. Ct. 2004) ..................................................................8

*Hodge ex rel. Skiff v. Hodge*,
   78 F. Supp. 2d 29 (N.D.N.Y. 1999) ...............................................................................6

*Hong v. KBS Am., Inc.*,
   951 F. Supp. 2d 402 (E.D.N.Y. 2013) ............................................................................3

*Kirwin v. New York State Office of Mental Health*,
   665 F. Supp. 1034 (E.D.N.Y. 1987) ...............................................................................3

*Kiser v. HSH Nordbank AG*,
    No. 09 Civ. 8849, 2010 WL 286647 (S.D.N.Y. Jan. 20, 2010) ................................................. 2

*Loch Sheldrake Beach & Tennis Inc. v. Akulich*,
    --- N.Y.S.3d ---, 2016 WL 3619343 (N.Y. App. Div. 2016) ..................................................... 3

*Marmelstein v. Kehillat New Hempstead: Rav Aron Jofen Cmty. Synagogue*,
    11 N.Y.3d 15 (2008) ................................................................................................................. 5

*Medcalf v. Walsh*,
    938 F. Supp. 2d 478 (S.D.N.Y. 2013) .................................................................................. 7, 8

*RIGroup LLC v. Trefonisco Mgmt. Ltd.*,
    949 F. Supp. 2d 546 (S.D.N.Y. 2013) ...................................................................................... 5

*Saleh v. United States*,
    No. 12 Civ. 4598, 2013 WL 5439140 (S.D.N.Y. Sept. 27, 2013) ........................................ 3, 5

*Sesto v. Slaine*,
    No. 15-cv-1118, 2016 WL 1126537 (S.D.N.Y. Mar. 18, 2016) ............................................... 2

*Stram v. Farrell*,
    223 A.D.2d 260 (N.Y. App. Div. 1996) ................................................................................... 8

*Stuart v. Danka Corp.*,
    986 F. Supp. 741 (E.D.N.Y. 1997) ...................................................................................... 6, 7

*Vasilopoulos v. Romano*,
    228 A.D.2d 669 (N.Y. App. Div. 1996) ................................................................................... 8

Defendant Alexander Varshavsky respectfully submits this reply memorandum in further support of his motion to dismiss Plaintiff Sergey Leontiev's second cause of action.[1]

## PRELIMINARY STATEMENT

Mr. Leontiev's opposition misstates New York's stringent standard for pleading a claim of intentional infliction of emotional distress ("IIED"). It is not enough, as he asserts, merely to allege that a defendant has engaged in a malicious campaign of harassment motivated by "greed" or "economic gain." Opp'n at 8, 15. Rather, to state a claim for IIED, a plaintiff must allege conduct so extreme and outrageous as to "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56 (2016). Tellingly, Mr. Leontiev fails to mention this standard, let alone demonstrate how his allegations meet it. Instead, he falls back on hyperbole unsupported by his well-pled factual allegations: Mr. Varshavsky's attempt to obtain payment of a debt becomes, in Mr. Leontiev's opposition, "a classic protection racket," Opp'n at 1; a series of three meetings to discuss that debt (one of which was attended by counsel) and the exchange of correspondence between counsel relating to the debt becomes "a relentless campaign of threats and harassment," Opp'n at 16.

Notwithstanding Mr. Leontiev's conclusory hyperbole, his factual allegations do not state a claim under New York's stringent requirements for IIED claims. Even when considered together as a whole, his allegations do not describe conduct so extreme and outrageous as to surpass all possible bounds of decency. Nor are Mr. Leontiev's boilerplate allegations that he has experienced emotional distress sufficient to plead the level of severe distress necessary to

---

[1] All references to "Opp'n" are to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Cause of Action (Dkt. No. 17). All references to "Compl. ¶ __" are to Plaintiff's Complaint filed in this action (Dkt. No. 1).

state a claim.  His assertion that no court has ever dismissed an IIED claim on this ground, Opp'n at 17, simply is wrong.  Courts regularly dismiss claims founded on such formulaic recitations.  Mr. Leontiev's meritless and legally insufficient claim should be dismissed.

## ARGUMENT

**I.    Only The Most Extreme And Outrageous Conduct Can Give Rise To A Claim For Intentional Infliction Of Emotional Distress.**

Mr. Leontiev's opposition entirely ignores New York's stringent standard for pleading IIED claims.  Only conduct so extreme and outrageous as to "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" can give rise to an IIED claim.  *Chanko*, 27 N.Y.3d at 56; *see also Cruz v. HSBC Bank, USA, N.A.*, 5 F. Supp. 3d 253, 261 (E.D.N.Y. 2014) ("[O]nly the most egregious conduct establishes such a claim."), *aff'd* 586 F. App'x 723 (2d Cir. 2014).  Because this "bar is extremely high," IIED claims "are routinely dismissed on pre-answer motion."  *Sesto v. Slaine*, No. 15-cv-1118, 2016 WL 1126537, at *4 (S.D.N.Y. Mar. 18, 2016); *see, e.g.*, *Kiser v. HSH Nordbank AG*, No. 09 Civ. 8849, 2010 WL 286647, at *1 (S.D.N.Y. Jan. 20, 2010) (Rakoff, J.) (the requirements for pleading IIED claims are "rigorous, and difficult to satisfy").  Mr. Leontiev's opposition does not even mention this standard, let alone attempt to establish that the conduct he has alleged meets it.

Instead, Mr. Leontiev argues incorrectly that alleging a "malicious campaign of harassment" is sufficient to state a claim.  *See* Opp'n at 8.[2]  While courts are especially "reluctant

---

[2]    The conduct in the cases cited by Mr. Leontiev is readily distinguishable from that alleged here.  *See Eves v. Ray*, 42 A.D.3d 481, 483 (N.Y. App. Div. 2007), *and* Defendant John Ray's Opening Statement, 2004 WL 5581675 (N.Y. Sup. Ct.) (Trial Transcript) (husband stalked and physically threatened wife's attorney on multiple occasions, stating "I am going to hurt you. I am going to hurt you. You look worried and you should be."); *Bonner v. Guccione*, 916 F. Supp. 271, 274 (S.D.N.Y. 1996) (plaintiff subjected to continuous verbal and physical sexual harassment over an extended period of time); *Collins v. Willcox, Inc.*, 158 Misc. 2d 54, 56 (N.Y. Sup. Ct. 1992) (same).

2

to allow recovery … absent a deliberate and malicious campaign of harassment or intimidation," *Cohn-Frankel v. United Synagogue of Conservative Judaism*, 246 A.D.2d 332, 332 (N.Y. App. Div. 1998), merely alleging a malicious campaign of harassment is not sufficient where the underlying conduct alleged is not itself extreme and outrageous. *See, e.g.*, *Saleh v. United States*, No. 12 Civ. 4598, 2013 WL 5439140, at *11-12 (S.D.N.Y. Sept. 27, 2013) (dismissing claim alleging an extended campaign of harassment and coercion by the FBI, including threats to kill plaintiff); *Kirwin v. New York State Office of Mental Health*, 665 F. Supp. 1034, 1040 (E.D.N.Y. 1987) (dismissing claim alleging a "veritable campaign of harassment"); *Loch Sheldrake Beach & Tennis Inc. v. Akulich*, --- N.Y.S.3d ---, 2016 WL 3619343, at *4 (N.Y. App. Div. 2016) (dismissing claim alleging an "intentional, orchestrated campaign" against plaintiff). Mr. Leontiev's claims of a malicious campaign of harassment are not enough; rather, he is required to allege conduct beyond all possible bounds of decency – which he does not and cannot do.

**II.    Plaintiff's Allegations Fall Well Short Of Pleading The Extreme And Outrageous Conduct Required To State A Claim.**

    **A.    The Conduct Alleged By Plaintiff, Even Considered Together As A Whole, Is Not Extreme And Outrageous.**

Mr. Leontiev's complaint alleges that he fled Russia following the collapse of Probusinessbank, which he founded, in the midst of government charges of financial mismanagement and embezzlement. Compl. ¶¶ 19-24. While this episode in Mr. Leontiev's life may well have been trying, concerted efforts by creditors, acting through Mr. Varshavsky and through counsel, to obtain repayment of funds they believe are controlled by Mr. Leontiev do not amount to extreme and outrageous conduct. Although Mr. Leontiev argues that these efforts were "quasi-criminal," Opp'n at 3, conduct is not extreme or outrageous merely because it is unlawful. *See Hong v. KBS Am., Inc.*, 951 F. Supp. 2d 402, 426 (E.D.N.Y. 2013). Indeed,

3

even conduct that "would likely be considered reprehensible by most people" has been found insufficiently extreme and outrageous to state a claim for IIED.  *Chanko*, 27 N.Y.3d at 57.

Mr. Leontiev incorrectly asserts that Defendant's moving brief "improperly disaggregates each threat and intimidating action alleged in the Complaint."  Opp'n at 2, 9.  Even considered as a whole, the conduct alleged by Mr. Leontiev must be so extreme and outrageous as to surpass all possible bounds of decency – and Mr. Leontiev's well-pled factual allegations simply do not meet this standard.  *See* Section I, above.  Mr. Leontiev alleges (1) that during a series of three business meetings over a disputed debt (one of which was attended by counsel), Mr. Varshavsky stated that he would seek to have criminal charges instituted against Mr. Leontiev if the debt was not repaid; and (2) that after those meetings, Mr. Varshavsky stated to Mr. Leontiev's friend and business partner, Alexander Zheleznyak, that absent repayment he also would seek to link Mr. Leontiev to terrorism financing, and indirectly solicited a bribe through Mr. Zheleznyak.  *See* Compl. ¶¶ 28-31, 36-37.[3]

These allegations do not describe conduct that can satisfy New York's stringent standard for IIED claims.  As set forth more fully in Defendant's moving brief, these statements alleged to have been made by Mr. Varshavsky in the course of business discussions over a debt, including discussions attended by counsel, simply cannot be considered so extreme and outrageous as to be "beyond all possible bounds of decency" or "utterly intolerable in a civilized community."  *Chanko*, 27 N.Y.3d at 56.  Conduct far more egregious has been found insufficient as a matter of

---

[3] In his opposition, Mr. Leontiev characterizes an alleged statement by Mr. Varshavsky that he "need[ed] security because what if God forbid you die tomorrow" as a "thinly-veiled threat[] on Mr. Varshavsky's life."  Opp'n at 1, 5.  But as noted in Defendant's moving brief, Mr. Leontiev pointedly does not allege that this statement was intended or understood to be a threat, nor does he allege that it caused him emotional distress.  *See* Compl. ¶¶ 47-48.  Given the context, the only plausible reading of this statement – assuming it was made – is that Mr. Varshavsky wanted any promise to repay the debt to be secured.

law. *See, e.g.*, *Marmelstein v. Kehillat New Hempstead: Rav Aron Jofen Cmty. Synagogue*, 11 N.Y.3d 15, 22-23 (2008) (numerous threats made by spiritual adviser who had abused position of trust and engaged in sexual relationship with plaintiff); *Saleh*, 2013 WL 5439140, at *11 (government agents repeatedly attempted to coerce plaintiff and threatened to kill him).

      **B.**     **Plaintiff's Attempts To Distinguish The Authority Cited By Defendant Are Unavailing.**

      Mr. Leontiev fails to distinguish the authority cited in Defendant's moving brief, which demonstrates that courts have found allegations similar to the ones at issue here legally insufficient to state an IIED claim. Mr. Leontiev appears to concede that threatening to bring baseless criminal charges generally is not grounds for an IIED claim, but argues that threatening to do so in Russia is extreme and outrageous because the Russian legal system lacks due process protections. *See* Opp'n at 9-12. Mr. Leontiev does not, however, explain how allegedly threatening to bring criminal charges against him in a jurisdiction that he fled nearly a year ago, Compl. ¶ 14, and that does not have an extradition treaty with the United States, is so extreme and outrageous as to be beyond all possible bounds of decency.

      In any event, courts regularly reject similar assertions regarding the Russian legal system. For example, in *RIGroup LLC v. Trefonisco Management Limited*, plaintiffs argued in opposition to a forum non conveniens motion that one plaintiff would be "unable to obtain a fair trial in Russia" because of "an allegedly baseless criminal investigation targeting" her, "various threats," including "anonymous death threats," made against her, and widespread "corruption in the Russian judiciary," including the "use of the criminal justice system to bring false charges against" targeted individuals. The court rejected these arguments, ruling that "district courts in this Circuit have repeatedly rejected arguments that Russia is an inadequate forum based on allegations of the sort made by Plaintiffs here." *See* 949 F. Supp. 2d 546, 550, 554-55 (S.D.N.Y.

5

2013), *aff'd* 559 F. App'x 58 (2d Cir. 2014).  Mr. Leontiev's attempt to distinguish the myriad cases holding that threats of baseless prosecution are insufficient to support an IIED claim on the basis of purported differences between the U.S. and Russian legal systems is unavailing.

Mr. Leontiev similarly is unsuccessful in attempting to distinguish the authority cited by Defendant on the grounds that the defendants in those cases were not alleged to have been motivated by greed or financial gain.  Courts regularly dismiss IIED claims alleging wrongful attempts to obtain payment of a debt where, as here, the conduct alleged is not extreme and outrageous.  *See Conboy v. AT&T Corp.*, 84 F. Supp. 2d 492, 507 (S.D.N.Y. 2000) (dismissing IIED claim alleging that defendant made 30-50 harassing phone calls at unusual hours to debtor's parents over a two-month period), *aff'd* 241 F.3d. 242 (2d Cir. 2001); *Hodge ex rel. Skiff v. Hodge*, 78 F. Supp. 2d 29, 35 (N.D.N.Y. 1999) (dismissing IIED claim alleging "numerous harassing telephone calls and libelous letters" and a "demand for money in exchange for not reporting alleged Medicaid and tax fraud"); *American Credit Card Processing Corp. v. Fairchild*, 11 Misc.3d 972, 974-78 (N.Y. Sup. Ct. Feb. 23, 2006) (dismissing IIED claim alleging numerous threats by debt collector over the course of a month, including threats that "The secret service is going to arrest you," "You will lose your house," and "They are going to bury you, John, you lying bastard").  Mr. Leontiev's allegations that Mr. Varshavsky was motivated by financial gain do not make the conduct alleged extreme and outrageous.

Finally, Mr. Leontiev misreads the court's holding in *Stuart v. Danka Corp.*, 986 F. Supp. 741 (E.D.N.Y. 1997).  The court there ruled that allegations that defendant retaliated against plaintiff for refusing to participate in a bribery scheme did not state an IIED claim.  *See id.* at 746-47.  While the court did characterize the plaintiff's claim as an improper attempt to recast an invalid abusive discharge claim, its dismissal was based on its conclusions that plaintiff's

6

allegations did not, "as a matter of law, rise to the level of outrageous conduct," and that the plaintiff could not establish the necessary elements of an IIED claim. *See id.*

### III. Plaintiff's Formulaic Recitation That He Has Experienced Severe Emotional Distress Is Insufficient To State A Claim.

Mr. Leontiev's claim also should be dismissed for the independent reason that his boilerplate recitation that he has experienced "anxiety, stress, loss of sleep, and exacerbation of other physical harms" and has come to "fear for his safety and for the safety of his family and friends,"[4] Compl. ¶ 51, is insufficient to plead emotional distress "so severe that no reasonable person could be expected to endure it." *Medcalf v. Walsh,* 938 F. Supp. 2d 478, 490 (S.D.N.Y. 2013); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[E]ntitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). Contrary to Mr. Leontiev's blanket claim that no case with "comparable allegations" has ever been dismissed on these grounds, Opp'n at 17, courts regularly dismiss claims based on "naked assertions devoid of further factual enhancement" like Mr. Leontiev's formulaic allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Medcalf*, 938 F. Supp. 2d at 490, *and* Amended Complaint ¶¶ 58, 64, 2012 WL 8252000 (allegations that plaintiff experienced "severe humiliation, mental anguish, and emotional and physical distress," "including, but not limited to panic attacks and other such physical manifestations" insufficient to state a claim); *Corley v. Spitzer*, No. 11-cv-9044, 2015 WL 127718, at *8 (S.D.N.Y. Jan. 7, 2015), *and* Complaint for Damages ¶ 46, 2011 WL 9348677 (allegations of "emotional distress, unnecessary stress, anxiety, and extreme fear" insufficient).

---

[4] As noted in Defendant's moving brief, Mr. Leontiev's conclusory allegation that Mr. Varshavsky's alleged conduct has caused him to "fear for his safety and for the safety of his family and friends" is irreconcilable with the complete absence in his Complaint of any well-pled factual allegations of any threats of physical harm to him or to his family or friends.

7

Mr. Leontiev cites two cases in which the extreme conduct alleged plausibly could have resulted in severe emotional distress. *See Herman v. Spitz*, 5 Misc. 3d 1026(A), at *1 (N.Y.C. Civ. Ct. 2004) (plaintiff's nearly two-year period of harassment included punching a hole through plaintiff's door and "ranting, raging, pounding, and threatening Defendant through the parties' common apartment wall"); *Feinberg v. Poznek*, 12 Misc. 3d 1185(A), at *2 (N.Y. Sup. Ct. 2006) (plaintiff's former nanny stole confidential financial and medical information and sent derogatory letters regarding medical procedures plaintiff purportedly had undergone to over 30 of plaintiff's friends, family, and acquaintances). But here, where the conduct alleged cannot plausibly have caused Mr. Leontiev "emotional distress so severe that no reasonable person could be expected to endure it," his boilerplate allegations are insufficient to withstand the weight they must bear. *See Medcalf,* 938 F. Supp. 2d at 490; *Twombly*, 550 U.S. at 570 (to survive a motion to dismiss, a complaint must "state a claim that is plausible on its face").

**IV.    Plaintiff Has Not Alleged Conduct For Which Punitive Damages Are Available.**

Mr. Leontiev's request for punitive damages also is unsustainable because even accepting as true Mr. Leontiev's allegations that Mr. Varshavsky acted maliciously, his allegations do not describe conduct for which punitive damages are available. *See Vasilopoulos v. Romano*, 228 A.D.2d 669, 671 (N.Y. App. Div. 1996) ("Nor would Vasilopoulos's allegations, if true, warrant the imposition of punitive damages. Such damages are available only in cases where the alleged fraud is aimed at the public generally, is gross, and involves high moral culpability."). Even if true, the conduct alleged here simply does not "evince a high degree of moral turpitude and a criminal indifference to civil obligations," as required for an award of punitive damages. *See Stram v. Farrell*, 223 A.D.2d 260, 265 (N.Y. App. Div. 1996) (defendant's "vulgar language and outrageous threats directed at plaintiff and his young daughters" did not support an award of punitive damages).

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendant's moving brief, Defendant respectfully requests that Plaintiff's second cause of action be dismissed.  Plaintiff's request for leave to amend should be denied because the legal insufficiencies of Plaintiff's Complaint are incapable of being cured.

Dated: New York, New York
July 15, 2016

DEBEVOISE & PLIMPTON LLP

/s/ Sean Hecker
Sean Hecker
William H. Taft V
Nicholas C. Tompkins
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000
Fax: (212) 521-6386
shecker@debevoise.com
whtaft@debevoise.com
ntompkin@debevoise.com

*Counsel to Defendant Alexander Varshavsky*