UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SERGEY LEONTIEV,

            Plaintiff,

   -against-                                    No. 16-cv-03595 (JSR)

ALEXANDER VARSHAVSKY,

            Defendant.

-----------------------------------------------------------------x

## DECLARATION OF ANDREAS HAVIARAS IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

    I, ANDREAS HAVIARAS, declare under penalty of perjury as follows:

**Background and Experience**

    1.    I have practiced law in Cyprus since my admission to the Cyprus Bar Association in 1977. I graduated from the Law Faculty of the University of Athens in 1975, and I earned a Diploma in Shipping Law from University College London in 1976.

    2.    In 1977 I started my own law firm in Cyprus. I developed my firm's law practice until 1987, when we merged with L. Papaphilippou & Co., one of the oldest law firms in Cyprus. As a result of the merger, I became a senior partner at L. Papaphilippou & Co. and the head of its litigation department.

    3.    I continued in that position until February 2008, when I left in order to be one of the founders of Haviaras & Philippou LLC, a law firm in Nicosia, Cyprus. I am currently the managing partner and head of the litigation department in my firm.

    4.    I am a member of the following committees of the Cyprus Bar Association:

        a. Permanent Advisory Committee for Offshore Companies and Tax Planning;
        b. Permanent Committee for the Revision of Legislation;
        c. Permanent Committee for the Rules of Etiquette; and
        d. Permanent Committee for the Cyprus Stock Exchange.

    5.    I also serve as President of the Committee for the Revision of the Civil Procedure Rules.

6.  In 2001, I was appointed by the Cyprus Legal Council for the Cyprus Bar Association admission examinations to serve as a lecturer and examiner on Company Law, and I served in that position until 2004.

7.  During my nearly forty years in litigation practice, I have been involved in more than two hundred reported Cyprus Supreme Court cases and numerous Cyprus District Court cases, involving various aspects of Cypriot law.

### Overview of Cyprus Legal System

8.  Cyprus was a British Crown Colony from 10 March 1925 until 15 August 1960, when it became an independent state known as the Republic of Cyprus. In 2004 it became a Member State of the European Union.

9.  Section 29 of the Courts of Justice Law No. 14/1960 provides that each court in its civil or criminal jurisdiction shall apply:

   a. The Constitution of Cyprus and the laws made under the authority of the Constitution;
   b. The laws which remained in force by virtue of Article 188 of the Constitution (which preserved the laws existing as at the date of the coming into force of the Constitution, with such modifications as were required to bring them into conformity with the Constitution);
   c. English common law and the law of equity as long as they do not contradict the Constitution;
   d. The laws and the principles of *ahkamul evkaf* (these are special laws applicable to the Moslem Religion Foundations); and
   e. The laws of the Parliament of the United Kingdom of Great Britain and North Ireland which were applicable in Cyprus on the day preceding independence day to the extent that they have not been superseded and provided they do not contradict the Constitution.

10. After Cyprus' accession to the European Union, the Constitution was amended so as to give supremacy to the obligatory legislation of the European Union (5th amendment of the Constitution by law No. 127(1) (2006)).

11. Decisions of the English Court of Appeal decided before 15 August 1960, and which interpreted UK statutory law applicable in Cyprus pursuant to section 29 of the Courts of Justice Law No. 14/1960, are binding on the courts of Cyprus to the same extent as the decisions of the Supreme Court of Cyprus. Decisions of the English Court of Appeal and Privy Council decisions which were decided after 15 August 1960 are not binding on the courts of Cyprus but are of great persuasive authority.



### The Corporate Veil Under Cyprus Law

12. The Cyprus Companies Law, Cap. 113 recognizes corporations as legal entities distinct from their shareholders. The Companies Law draws extensively from the United Kingdom's Companies Act of 1948.

13. Cyprus also recognizes the distinct personality of companies of limited liability by virtue of the English common law principles set forth in *Solomon vs A. Salomon & Co. Ltd.* (1897) AC 22. A true and correct copy of the decision in *Solomon vs A. Salomon & Co. Ltd.* is attached as **Exhibit A**.

14. Numerous decisions of the Supreme Court of Cyprus have cited *Salomon* and followed subsequent English common law decisions. Attached hereto as Exhibits B and C are true and correct copies of the decisions in *Bank of Cyprus (Holdings) Ltd vs the Republic of Cyprus* (1985) 3 CLR 1883 and *Marios Apostolou v. Rodoula Ioannou* (2012) 1 AAD 604, each of which reconfirmed the *Salomon* rule and applied subsequent English common law cases.

15. In accordance with the English law, Cyprus courts have permitted the lifting of the corporate veil in very limited circumstances, such as where:

   a. the owner of the company creates it as a sham to hide wrongdoing in the context of a family dispute, *see Apostolou*;
   b. the government is required to confirm the good character of the shareholders because of certain licensing requirements, *see Strata Tours Limited v. Republic of Cyprus* (1985), 3 CLR 2560;
   c. the company used the corporate form to violate rules regulating the secrecy of public tenders and of the freedom of competition; *see O. Galanos Tax Free Shops v. Republic of Cyprus* (1990), 3 AAD 2234; and
   d. the company used the corporate form to effect tax avoidance; *see T.Z. Guarantee Developments Ltd. v. Republic of Cyprus* (1986), 3 AAD 381.

16. In addition to these common law principles, Section 311 of the Companies Law, Cap. 113 provides that:

If in the course of the winding up of a company it appears that any business of the company has been carried on with intent to defraud creditors of the company or creditors of any other person or for any fraudulent purpose, the Court, on the application of the official receiver, or the liquidator or any creditor or contributory of the company, may, if it thinks proper so to do, declare that any persons who were knowingly parties to the carrying on of the business in manner aforesaid shall be personally responsible, without any limitation of liability, for all or any of the debts or other liabilities of the company as the Court may direct.

17. I am not aware of any allegation that the Cypriot entities at issue in this case—Ambika Investments Limited and Vennop Trading Limited—are in the course of "winding up" or are otherwise in liquidation proceedings, and thus Section 311 would have no applicability.



3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of July, 2016 in Nicosia, Republic of Cyprus.

_____
Andreas Haviaras