# Exhibit B

3 C.L.R.

1985 August 30

[TRIANTAFYLLIDES, P., L. LOIZOU, A. LOIZOU,
LORIS AND STYLIANIDES, JJ.]

THE BANK OF CYPRUS (HOLDINGS) LTD.,

*Appellants,*

v.

THE REPUBLIC OF CYPRUS, THROUGH
THE COMMISSIONER OF INCOME TAX,

*Respondents.*

*(Revisional Jurisdiction Appeal No. 317)*

*Company Law—A limited company has a personality distinct from its shareholders—A holding company has a personality separate from its subsidiary companies—The rule in Salomon v. Salomon against lifting the veil of incorpora-*
5  *tion—Exceptions to the rule—Special contribution levied on dividends declared in 1978 by the two subsidiaries of the appellants out of reserves they had accumulated by 1973—Rightly treated as income for 1978 in the hands of the appellants—The facts of this case did not satisfy the re-*
10  *quirements of any of the exceptions to the rule in Salomon*

*Company Law—Dividend—Meaning of—Its declaration a matter of internal management of the company.*

*The Special Contribution (Temporary Provisions) Law 34ı78 as amended by Laws 29/79, 12/80, 13/81, ss. 3, 6 and*
15  *10(2)—Special contribution—The burden of paying such contribution is separate from the burden of paying income tax.*

In September 1973 the Bank of Cyprus (Holdings) Ltd. was incorporated as a public company. In December 1973
20  it acquired all the shares in The Bank of Cyprus Ltd. and the Bank of Cyprus Finance Corporation Ltd. by the issue to their shareholders of three shares of £1 each for every one share of £1 each held by such shareholders. The two

1883

Bank of Cyprus (Holdings) v. Republic        (1985)

subsidiary companies had before the aforesaid acquisition of the shares profits which they did not distribute but they kept them as reserves.

On 1.4.78 the two subsidiary companies declared a dividend out of the said reserves totalling £476,000, i. e. the Bank of Cyprus Ltd. £440,000 and the Bank of Cyprus Finance Corporation Ltd. £36,000 less £202,300 income deducted, i. e. £273,700 net. The income tax had been deducted at source and the provisions of ss. 35 and 36 of the Income Tax Legislation applied.

The respondent Commissioner treated the dividend as income for the year 1978, liable to special contribution (Special Contribution (Temporary Provisions) Law 34/78 as amended by Laws 29/79, 12/80, 13/81, ss. 3, 6 and 10(3)) and on 21.4.1981 raised assessments for the quarters ended 31.3.78, 30.6.78, 30.9.78 and 31.12.78. An objection was raised by the appellants, but finally the Commissioner determined the assessments. His decision was challenged by a recourse to this Court. The recourse was dismissed by a Judge of this Court. Hence the present appeal. Appellants' Counsel argued that (a) The veil of the incorporation should be lifted and the three companies should be treated as one economic entity inasmuch as the assets of the subsidiaries had been taken over and become the assets of the appellants. (b) On the acquisition by the appellants of the shares in the two subsidiaries the legal estate in the accumulated profits remained vested in the subsidiaries but the equitable estate passed to the appellants who advanced the purchase money and (c) in the circumstances the sub judice decision contravenes the principles against double and retrospective taxation.

*Held, dismissing the appeal:*

(1) A company has a personality separate from its shareholders. Notwithstanding what was said in *Michaelides* v. *Gavrielides* (1980) 1 C.L.R. 244 in a proper case there may be exceptions to the rule prohibiting the lifting of incorporation. (The rule in *Salomon's* case). A review of the English cases on the subject shows that the veil had never been lifted for tax avoidance. The facts of this case

1884

do not satisfy the requirement for the exception to the rule in *Salomon*. The profits of the subsidiaries were never treated as profits of the appellants. The two subsidiary companies transact their own business, manage their own affairs. They have an identity completely different from that of the appellants.

"Dividend" is a share of profits allocated to the shareholders of a company. A shareholder is not entitled to claim that the company should apply its profits in payment to him of a dividend. The relevant decision is a matter of internal management of the company. Until a declaration of dividend the profits are profits in the hands of the company.

(2) No question of trust arises as the appellants purchased the shares not the assets of the two subsidiaries.

(3) The payment of income tax is a burden separate from the burden of paying special contribution. The argument as to double taxation has, therefore, no merit.

*Appeal dismissed. No order as to costs.*

Cases referred to:

Salomon v. Salomon [1897] A. C. 22;

Michaelides v. Gavrielides (1980) 1 C.L.R. 244;

Littlewoods Mail Order Stores v. I.R.C. [1969] 1 W.L.R. 1241;

D H.N. Food Distributors Ltd. v. Borough of Tower Hamlets [1976] 3 All E. R. 462;

Lonrho Ltd. v. Shell Petroleum [1980] 2 W.L.R. 367;

Re Sharpe (a bankrupt), ex parte the trustee of the bankrupt v. Sharpe and Another [1980] 1 All E. R. 198;

Smith, Stone and Knight Ltd. v. Lord Mayor [1939] 4 All E. R. 116;

Inland Revenue Commissioners v. Sansom [1921] 2 K.B. 492;

Bank of Cyprus (Holdings) v. Republic           (1985)

*Henry v. Great Northern Railway Co.* [1857] 1 De G. and J. 606;

*Chelsea Water Works Co. v. Metropolitan Water Board* [1904] 2 K.B. 77.

**Appeal.**                                                                             5

Appeal against the judgment of a Judge of the Supreme Court of Cyprus (Pikis, J.) given on the 28th May, 1983 (Revisional Jurisdiction Case No. 26/82)* whereby appellants' recourse against the decision of the respondents to hold the dividend of £476,000.- paid to applicant by its    10 subsidiaries as liable to special contribution in accordance with the provisions of the Special Contributions (Temporary Provisions) Law, 1974 (Law No. 55/74) was dismissed.

    *P. Polyviou*, for the appellants.                                    15

    *A. Evangelou*, Senior Counsel of the Republic, for the respondents.

*Cur. adv. vult.*

TRIANTAFYLLIDES P.: The judgment of the Court will be delivered by Mr. Justice Stylianides.                              20

STYLIANIDES J.: The appellant Company by this appeal impugns the decision of a Judge of this Court whereby he dismissed its recourse impeaching the decision of the respondent Commissioner levying special contribution on its income for 1978 for the dividends totalling £476,000.- re-  25 ceived from subsidiary companies, namely, the Bank of Cyprus Ltd, and the Bank of Cyprus Finance Corporation Ltd.

After the cataclismic events of the summer of 1974 the Special Contribution (Temporary Provisions) Law, 1974  30 (Law No. 75 of 1974) was enacted. Section 3 of the Law makes liable, on a quarterly basis to special contribution, every form of income other than income from an office or employment.

---

* Reported in (1983) 3 C.L.R. 636.

3 C.L.R.   Bank of Cyprus (Holdings) v. Republic   Stylianides J.

The salient facts of the case, as they emerge from an agreed statement of facts, are in brevity the following:-

5   The Bank of Cyprus Ltd. and the Bank of Cyprus Finance Corporation Ltd. were functioning in Cyprus for a very long time. In September, 1973, the Bank of Cyprus (Holdings) Ltd.—the appellant—was incorporated as a public company. In December, 1973, it acquired all the shares of the aforesaid two companies by the issue to the shareholders of the said two companies of three shares
10   of £1 each for every one share of £1 each held by them. The two subsidiary companies had before the aforesaid acquisition profits which they did not distribute but they kept them as reserves. They were shown on the consolidated balance sheet—common accounts—of 31st December,
15   1973, of the group of companies submitted under the Companies Law.

On 1.4.78 the two subsidiary companies declared a dividend out of the aforesaid accumulated reserves totalling £476,000.-, i.e. the Bank of Cyprus Ltd. £440,000.- and
20   the Bank of Cyprus Finance Corporation Ltd. £36,000.-, less £202,300.- income tax deducted, i.e. £273,700.- net. The income tax, however, had been deducted at source and the provisions of sections 35 and 36 of the Income Tax legislation were applied.

25   As the said dividends were declared in 1978, the respondent Commissioner treated them as income for the year 1978 in the hands of the appellant company, liable to special contribution as provided under ss. 3, 6 and 10(3) of the Special Contribution (Temporary Provisions) Law,
30   1978 (Law No. 34 of 1978), as amended by Law No. 29/79, Law No. 12/80 and Law No. 13/81. On 21st April, 1981, the respondent raised assessments levying special contribution for the quarters ended 31.3.78, 30.6.78, 30.9.78 and 31.12.78. Objection was raised to these assess-
35   ments; no agreement was reached and the respondent determined the assessments levying special contribution on the amount of the said dividends. This decision was communicated to the appellant by letter dated 5.11.81 and the relevant Notices of Special Contribution Payable.

Counsel for the appellant argued that-

(a) Due to the special and unique circumstances of this case, the relationship between the companies involved and the source of money out of which the dividend was paid and as the assets of the subsidiary companies were taken over and became the assests of the acquiring company, the trial Court should lift the veil of corporation and treat the various companies as, in effect, an economic entity. He invited this Court to lift the veil of the corporation;

(b) On the acquisition by the appellant of all the shares of the two subsidiary companies, the legal estate of the profits remained in the subsidiaries but the equitable estate vested in the appellant who advanced the purchase money. The declaration of dividend in 1978 was not in reality payment of dividend to the beneficiaries but in a technical way distribution of dividends to the ultimate beneficiaries in the exercise of the appellant's rights of ownership as a constructive or resulting trust had been created in favour of the appellant; and,

(c) The levying of the special contribution on the dividends declared in 1978, in the circumstances of this case, where the profits were earned and taxed at source earlier, contravenes the principles concerning the prohibition of double and retrospective taxation.

Counsel for the respondents, on the other hand, submitted that the separateness of the corporation could not be bypassed in this case; the dividend declared by the subsidiaries became the income of the appellant company in 1978 when such dividend was declared and paid; the appellant purchased the shares of the companies and not stricto senso the assets of the subsidiaries, which continued to be the property of the subsidiary companies, and the appellants were not entitled to protection from the disadvantages of incorporation. The appellant is not entitled, on the facts and circumstances of this particular case, to the exception of the rule in *Salomon* case. No trust was created in favour of the appellants and he based his such submis-

sion on *Gower's Principles of Modern Company Law*, 4th edition, p. 103, the passage under the heading "Property". The appellant never treated the assets of the subsidiary companies as part of its own assets. The dividends became the property of the appellant in 1978 when the dividend was declared and paid. No question of double taxation or retrospective taxation arose as the taxation was imposed on the year of the declaration of the dividend, and the payment of income tax does not absolve the appellant from its liability for payment of special contribution.

The principle of separateness of corporation is well rooted in the Companies Law ever since *Salomon* v. *Salomon*, [1897] A. C. 22, as a company has a personality separate and independent from that of its shareholders. A company is neither agent, trustee or nominee of its members. The inroads to the corporate principle are very few.

The case of *Michaelides* v. *Gavrielides*, (1980) 1 C.L.R. 244, a rent control case, left no room for lifting the veil of corporation under any circumstances. We are of the view that notwithstanding what was said in *Michaelides* case, in a proper case there may be exceptions to the rule in *Salomon* case.

We went through the English case law on the subject, including *Littlewoods Mail Order Stores* v. *I.R.C.*, [1969] 1 W.L.R. 1241 (C.A.); *D.H.N. Food Distributors Ltd.* v. *Borough of Tower Hamlets*, [1976] 3 All E.R. 462 (C.A.); *Lonrho Ltd.* v. *Shell Petroleum*, [1980] 2 W.L.R. 367; *Re Sharpe (a bankrupt) ex-parte the trustee of the bankrupt* v. *Sharpe and another*, [1980] 1 All E.R. 198; and the older case of *Smith, Stone and Knight Ltd.* v. *Lord Mayor*, [1939] 4 All E.R. 116. In none of these cases the exception to the rule in *Salomon* was applied or used by the Courts for tax avoidance. In *Littlewoods case* the majority of the Court—Judges Sachs and Karminski, L. JJ.— reiterated the principle that for tax purposes the taxpayer company and its wholly owned subsidiary are separate legal entities.

In the *Smith* case, which is a case on compensation upon compulsory purchase, Atkinson, J., after citing from the

Stylianides J.     Bank of Cyprus (Holdings) v. Republic     (1985)

judgment of Lord Sterndale in *Inland Revenue Commissioners v. Sansom*, [1921] 2 K. B. 492, held that possession by a separate legal entity was not conclusive on the question of the right to claim, and as the subsidiary company was not operating on its own behalf but on behalf of the parent company, the parent company was the party to claim compensation. It is a question of fact in each case and the cases indicate that the question to be answered is whether a subsidiary is carrying on the business as the company's business or as its own. On p. 121 it was said:-

> "I have looked at a number of cases—they are all revenue cases—to see what the courts regarded as of importance for determining that question. There is *San Paulo Brazilian Ry. Co. v. Carter*, [1896] A.C. 31, *Apthorpe v. Peter Schoenhofen Brewery Co. Ltd.*, 4 Tax Cas. 41, p. 41; *Frank Jones Brewing Co. v. Apthorpe*, [1898] 4 Tax Cas. 6, *St. Louis Breweries v. Apthorpe*, 4 Tax Cas. 111, and I find six points which were deemed relevant for the determination of the question: Who was really carrying on the business? In all the cases, the question was whether the company, an English company here, could be taxed in respect of all the profits made by some other company, a subsidiary company, being carried on elsewhere. The first point was: Were the profits treated as the profits of the company?—when I say 'the company' I mean the parent company—secondly, were the persons conducting the business appointed by the parent company? Thirdly, was the company the head and the brain of the trading venture? Fourthly, did the company govern the adventure, decide what should be done and what capital should be embarked on the venture? Fifthly, did the company make the profits by its skill and direction? Sixthly, was the company in effectual and constant control? Now if the judgments in those cases are analysed, it will be found that all those matters were deemed relevant for consideration in determining the main question, and it seems to me that every one of those questions must be answered in favour of the claimants".

The facts of the present case do not satisfy the require-

3 C.L.R.     Bank of Cyprus (Holdings) v. Republic     Styllanides J.

ments for the exception to the rule in *Salomon*. The profits of the subsidiary companies were never treated as profits of the appellant; they were kept by the subsidiaries and were declared and paid by them as dividend in 1978. A company declares and pays dividend out of its own assets and not from the assets of a holding company.

The ordinary meaning of "dividend" is a share of profits, whether at a fixed rate or otherwise, allocated to the holders of shares in a company - *(Henry v. Great Northern Railway Co.*, (1857), 1 De G. & J. 606; *Chelsea Water Works Co. v. Metropolitan Water Board*, [1904] 2 K.B. 77, C.A.).

A shareholder is not entitled to claim that the company should apply its undivided profits in payment to him of dividend. Whether it must do so or not is a matter of internal management to be decided by the majority of the shareholders. He cannot sue for such a dividend until he has been given a special title by its declaration. Until then, no doubt, the profits are profits in the hands of the company until it has properly disposed of them.

Provision is made either in the memorandum of association or in the articles and occasionally in both of these instruments, but the manner in which they are to be declared and paid is usually stated in the articles—(See the Companies Law, Cap. 113, Schedule I, Table "A", Arts. 114-122, relating to dividends).

The Bank of Cyprus is a huge banking institution with numerous branches all over the country. Though its Board of Directors may be under the control of the Board of Directors of the appellant, yet the management and the persons conducting the business are not appointed by the appellant company but by the Board of Directors of the subsidiaries. The two subsidiary companies transact their own business and manage their own affairs. Their boards are not identical. The appellant has a completely different identity from its two subsidiaries.

The facts and circumstances of this case do not warrant the piercing of the veil of incorporation. Furthermore no injustice would be done to the appellant.

Stylianides J.     Bank of Cyprus (Holdings) v. Republic     (1985)

The appellant purchased the shares of the subsidiaries; it did not advance money for the purchase of the assets of the two subsidiaries. The assets of the subsidiaries were never treated as assets of the appellant. No question of trust arises as the appellant purchased the shares, not the assets.

We see no merit whatsoever in the allegation of double taxation. The payment of income tax under the income tax legislation is a separate burden from that of the special contribution imposed by this temporary legislation.

For the aforesaid reasons this appeal is hereby dismissed but in all the circumstances we make no order as to costs.

*Appeal dismissed with no order as to costs.*