UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SERGEY LEONTIEV,

               Plaintiff,

-against-                                                                  No. 16-cv-03595 (JSR)

ALEXANDER VARSHAVSKY,

               Defendant.

------------------------------------------------------------------x

## DECLARATION OF YURI MONASTYRSKY IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

I, YURI MONASTYRSKY, declare under penalty of perjury as follows:

**Background and Experience**

1. I have practiced law in Russia since 1990. In 1990, I graduated from the Moscow State Institute of International Relations. In 1999, I received a doctorate degree in juridical sciences from the Russian Academy of Sciences' Institute of State and Law. I am a member of the Moscow Bar.

2. In January 1991, I founded my law firm, Monastyrsky, Zyuba, Stepanov & Partners ("MSZ & Partners"). MSZ & Partners is rated as a top firm by Chambers & Partners and Legal 500. My practice focuses on Russian and cross-border mergers & acquisitions, intellectual property, arbitration and litigation, and insolvency proceedings.

**Russian Principles of Limited Corporate Liability**

3. As a general matter, Russian corporate law recognizes the principle of limited liability and provides that the shareholders of a legal entity are not liable for the obligations of

1

the entity. The principles of veil-piercing or alter ego liability do not generally exist under Russian law.

4. There are certain limited instances, expressly provided by statute, in which a controlling shareholder of a legal entity may be held personally liable for the obligations of the controlled legal entity. The only ground on which a controlling shareholder may be liable to third party creditors is in the course of bankruptcy proceedings with respect to such an entity. Such liability is not triggered by non-bankruptcy liquidation proceedings. These principles are set forth in Article 3(3) of Federal Law No. 208-FZ "On Joint-Stock Companies" (the "Joint-Stock Company Law"). In other words, except in the context of a bankruptcy proceeding under Russian law, the controlling shareholder of a corporate entity is never liable to third party creditors.

5. The grounds for imposing liability on the shareholders of a legal entity in the context of a formal bankruptcy proceeding are contained in various sections of Federal Law No. 127-FZ "On Insolvency (Bankruptcy)" (the "Insolvency Law"). Article 10(4) of the Insolvency Law provides that a "controlling person" (defined as a person who has or has had over the period of two years preceding the bankruptcy filing the right to give mandatory instructions to the debtor or otherwise direct its actions) who causes the entity's bankruptcy as a result of his action or inaction may be held liable for that entity's debts. The Insolvency Law establishes a rebuttable presumption that the bankruptcy is caused by the controlling person's action or inaction if such person entered into or approved a transaction (or a series of transactions) of the debtor that meet the criteria of a voidable transaction under the Insolvency Law. Such transactions include transactions at an undervalue, fraudulent conveyances and/or voidable preferences. A controlling person is exempt from liability under Article 10(4) if the bankruptcy

occurred through no fault of the controlling person or if the controlling person acted reasonably and in good faith in the interests of the debtor.

6. Article 10(5) of the Insolvency Law provides that any such claim must be filed and adjudicated as part of the bankruptcy proceedings in order to ensure orderly distribution of the estate's assets in accordance with the statutory seniorities of creditor claims and the principle of *pro rata* distribution. Claims may not be filed after the completion of the bankruptcy proceedings. The only example of a case in which a Russian court permitted a creditor to file a claim after the conclusion of bankruptcy proceedings involved allegations by the creditor that his claim was wrongfully denied during the bankruptcy proceeding.

7. The only basis for shareholder liability in a non-bankruptcy scenario is set forth in Article 53.1 of the Civil Code, which provides the equivalent of a shareholder derivative action. Liability under Article 53.1 runs to the legal entity itself, and not to its creditors, who do not have standing to sue the shareholders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28 day of July, 2016 in Moscow, Russian Federation.

_____
Yuri Monastyrsky