UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                      :

SERGEY LEONTIEV,              :

           Plaintiff,       :     Case No. 1:16-cv-03595 (JSR)
                      :

      - v. -          :     **ORAL ARGUMENT**
                      :     **IS REQUESTED**

ALEXANDER VARSHAVSKY,  :

          Defendant.    :
                      :
------------------------------------------------------------ X

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO PLAINTIFF'S FIRST CAUSE OF ACTION**

DEBEVOISE & PLIMPTON LLP
Sean Hecker
William H. Taft V
Carl Micarelli
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000
Fax: (212) 909-6836
shecker@debevoise.com
whtaft@debevoise.com
cmicarel@debevoise.com

*Counsel to Defendant Alexander Varshavsky*

Dated:  August 26, 2016

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................. 3

ARGUMENT

    Judgment on the Pleadings Must Be Denied Because the Facts Admitted in the
    Pleadings Do Not Foreclose Plaintiff's Liability as a Matter of Law............................... 5

        A.  In Answering a Complaint Seeking a Declaratory Judgment of
            Nonliability, a Defendant Is Not Required to State a Well-Pleaded
            Counterclaim.............................................................................. 6

        B.  Plaintiff's Complaint Does Not Allege, and Defendants' Answer Does Not
            Admit, That Mr. Varshavsky Lacks Authority to Negotiate Repayment of
            Debts Owed to the Lenders........................................................ 10

        C.  Regardless of What Law Applies, a Factual Dispute Exists as to Mr.
            Leontiev's Personal Liability. .................................................... 13

CONCLUSION................................................................................ 16

# TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................2, 7, 8, 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................2, 7, 8

*Bloor v. Carro, Spanbock, Londin, Rodman & Fass*,
754 F.2d 57 (2d Cir. 1985)................................................................................6

*Bryson v. Brand Insulations, Inc.*,
621 F.2d 556 (3d Cir. 1980).......................................................................6, 10

*DeSantis v. United States*,
783 F. Supp. 165 (S.D.N.Y. 1992) ...................................................................6

*Effie Film, LLC v. Murphy*,
932 F. Supp. 2d 538 (S.D.N.Y. 2013)........................................................6, 7, 9

*Norcal Gold, Inc. v. Laubly*,
543 F. Supp. 2d 1132 (E.D. Cal. 2008)..............................................................8

*Orientview Techs. LLC v. Seven For All Mankind, LLC*,
No. 13 Civ. 0538 (PAE), 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) ...............8, 9

*Perez v. Wells Fargo N.A.*,
774 F.3d 1329 (11th Cir. 2014) ........................................................................8

*Sellers v. M.C. Floor Crafters, Inc.*,
842 F.2d 639 (2d Cir. 1988)............................................................5, 6, 7, 9, 10, 13

*Sibley v. Choice Hotels Int'l, Inc.*,
304 F.R.D. 125 (E.D.N.Y. 2015) ......................................................................9

*Tardif v. City of N.Y.*,
302 F.R.D. 31 (S.D.N.Y. 2014) ........................................................................9

*Varrone v. Bilotti*,
851 F. Supp. 54 (E.D.N.Y. 1993) .....................................................................5

*Walton v. Hadley*,
No. 13-cv-7907 (ER), 2014 WL 3585525 (S.D.N.Y. July 10, 2014) ...............6, 7, 8, 9, 10, 13

### STATUTES

Civil Code of the Russian Federation, Articles 1(4), 10...........................................15

**RULES**

Fed. R. Civ. P. 7(a) ..................................................................................................8

Fed. R. Civ. P. 8(a)(2) ...........................................................................................8, 9

Fed. R. Civ. P. 8(b) .........................................................................................8, 10, 9

Fed. R. Civ. P. 8(c) ................................................................................................8, 9

Fed. R. Civ. P. 9(b) ................................................................................................10

Fed. R. Civ. P. 12(b)(6) ...........................................................................................5

Fed. R. Civ. P. 12(c) ............................................................................................1, 8

Fed. R. Civ. P. 12(d) ................................................................................................6

Fed. R. Civ. P. 56 .....................................................................................................6

Fed. R. Civ. P. 56(a) ..............................................................................................10

Fed. R. Civ. P. 56(d)(2) ...........................................................................................6

**OTHER AUTHORITIES**

5C Wright, Miller et al., *Federal Practice and Procedure, Civil*, § 1367 (3d ed. 2016) ...............6

Defendant Alexander Varshavsky respectfully submits this memorandum in opposition to Plaintiff Sergey Leontiev's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as to his first cause of action seeking a declaratory judgment of nonliability.

## PRELIMINARY STATEMENT

Plaintiff, Mr. Leontiev, a Russian businessman, set up and carried out an elaborate scheme to obtain loans in the name of his companies from various lenders and then divert those funds to himself without repaying them.  Defendant, Mr. Varshavsky, sought to negotiate with Mr. Leontiev the repayment of the funds Mr. Leontiev owes to JSC "Avilon AG," a company of which Mr. Varshavsky is President, and to other lenders.  Mr. Leontiev responded by filing this action seeking a declaration that he is not liable for the debts.  After Mr. Varshavsky answered, denying the material allegations of the complaint, Mr. Leontiev moved for judgment on the pleadings, claiming that he is entitled to prevail on his claim because Mr. Varshavsky did not assert facts demonstrating Mr. Leontiev's liability.

Mr. Leontiev's motion misunderstands the standards applicable to a motion for judgment on the pleadings in this context.  In particular, judgment on the pleadings is possible only when the facts admitted in the pleadings establish that plaintiff is entitled to judgment as a matter of law.  Thus, as precedent in this District makes clear, a plaintiff who seeks a declaration of nonliability—as Mr. Leontiev does here—may not obtain judgment on the pleadings unless the facts admitted in the pleadings foreclose liability on any possible legal theory.  Failure by a defendant to plead an adequate claim for affirmative relief does not establish as a matter of law that the plaintiff's liability is conclusively foreclosed, regardless of who will have the ultimate burden of proof as to liability at trial.  If the law were otherwise, a plaintiff could sue for declaratory judgment and precipitously move for judgment on the pleadings before the defendant

1

has had a fair opportunity to take discovery and otherwise investigate potential claims—which is precisely what Plaintiff is trying to do here.  Contrary to what Plaintiff suggests, the *Iqbal* and *Twombly* pleading standards apply only to claims, not defenses, and are therefore irrelevant here.

Plaintiff also overreaches in seeking a judgment that he is not personally liable to "Mr. Varshavsky ***or anyone acting in concert or participation with Mr. Varshavsky***," based solely on the alleged admission that he is not liable to Mr. Varshavsky personally.  Of course, nonliability to Mr. Varshavsky personally is not the same as nonliability to others with whom Mr. Varshavsky is acting.  Nothing in the complaint, the answer, or the documents that Mr. Leontiev has submitted is inconsistent with Mr. Varshavsky's authority to act on behalf of lenders, including Avilon, of which Mr. Varshavsky is President.  To avoid any doubt, Mr. Varshavsky has expressly alleged his authority in the amended answer submitted today with the permission of the Court.

Nor do the facts admitted in the pleadings negate Mr. Leontiev's liability for the debts of his companies.  As set forth in the accompanying declarations by legal experts on Cypriot and Russian law, the law of both Cyprus and Russia (where the borrowers that Mr. Leontiev controls are incorporated) will disregard the corporate form to impose liability on owners or principals in various circumstances, including when, as alleged in the answer, Mr. Leontiev misused his corporations to divert and conceal assets.  Now that Mr. Leontiev has attempted to flesh out in his motion papers the sparse allegations of his complaint, Mr. Varshavsky has included in his amended answer further factual detail regarding the reasons why Mr. Leontiev is not entitled to the declaration he seeks, though Mr. Leontiev would not have been entitled to relief even on the original pleadings.

## FACTUAL AND PROCEDURAL BACKGROUND

From 2008 to 2015, JSC "Avilon AG" and its predecessor, CJSC "New York Motors-Moscow" (collectively, "Avilon"), entered into a series of loan agreements and amendments under which they lent millions of dollars to Ambika Investment Limited ("Ambika"), a company controlled by the Plaintiff, Mr. Leontiev.  The Defendant, Mr. Varshavsky, is the President of Avilon.  In addition, Life Financial Group CJSC ("FG Life") and Vennop Trading Limited ("Vennop"), two companies controlled by Mr. Leontiev, signed a number of promissory notes to individuals evidencing loans that had been made to FG Life and Vennop.  Probusinessbank, a bank controlled by Mr. Leontiev, guaranteed several of these loans.

In his complaint, Mr. Leontiev has sought a sweeping declaratory judgment that Mr. Leontiev, a Russian citizen domiciled in Cyprus, is not personally liable for a debt to "Mr. Varshavsky, or anyone acting in concert or participation with Mr. Varshavsky," under any possible legal theory recognized by any applicable body of law, because Mr. Leontiev's name allegedly does not appear on the loan agreements and notes.  A second claim, not directly at issue on this motion, seeks damages for alleged intentional infliction of emotional distress.

The complaint does not allege that the funds were not loaned, nor does it allege that they were repaid or that the borrowers have sufficient funds to repay the loans.  The complaint also does not allege that Mr. Varshavsky lacks authority to collect those debts on behalf of the lenders, or that he was seeking to collect them in his personal capacity rather than on behalf of others.  On the contrary, the complaint seeks judgment that "Mr. Leontiev does not owe a debt or obligation to Mr. Varshavsky, *or anyone acting in concert or participation with Mr. Varshavsky*, relating to the Alleged Loans," thereby acknowledging that Mr. Varshavsky may have been acting—or may in the future act—as a representative for Avilon or other lenders.  Complaint, Prayer for Relief, ¶ 1 (emphasis added).

The complaint does not deny that Mr. Leontiev controlled the borrowers under the loan agreements and promissory notes as well as the guarantor under the guaranties. It does not even dispute that the loaned funds were transferred from the borrowers to other companies Mr. Leontiev controls and were ultimately diverted to or used by him in his personal capacity to the prejudice of the companies' creditors. Rather, the complaint only alleges that Defendant has not yet ***proved*** those facts—though that proof will necessarily depend to a large degree on information in Mr. Leontiev's possession—and otherwise denies Mr. Leontiev's liability in conclusory terms. *See, e.g*., Complaint, ¶ 34 (pleading that "Mr. Varshavsky has never … provided documentation that any funds were transferred to or used by Mr. Leontiev in his personal capacity," instead of simply alleging that such transfers did not occur).

Mr. Varshavsky intends to provide that proof in this action following further investigation and discovery. As set forth in both his original answer and his amended answer to the complaint (Answer at 1-2; Amended Answer ¶¶ I.1-2, III.3-31), Defendant believes the evidence will establish that over the course of several years, Plaintiff set up a complicated web of companies in various off-shore jurisdictions and in the names of various straw men. Individuals working for or in concert with Plaintiff have referred to this web of entities as the "cloud" because its purpose was to obscure the flow of money between and among those companies. Plaintiff then took in hundreds of millions of dollars through various other shell companies he controlled, including Ambika, FG Life and Vennop, which acted as "gates" through which money flowed into the cloud. After those funds passed through the gates, Plaintiff caused them to be transferred between the various entities he controlled inside the cloud, ultimately to be diverted to other companies he owned and controlled, leaving the borrowers insolvent and unable

to repay the loaned amounts even as he obtained hundreds of millions of dollars for his own benefit.

Defendant has moved to dismiss Plaintiff's second cause of action, which seeks damages for alleged intentional infliction of emotional distress, under Fed. R. Civ. P. 12(b)(6) on the ground that it fails to state a claim on which relief can be granted.  That motion has been fully briefed and argued and is awaiting decision.  At the same time as he filed his motion, Defendant filed a partial answer to Plaintiff's first cause of action only, as Defendant did not file a motion to dismiss that claim.

Plaintiff subsequently filed the present motion for judgment on the pleadings as to its first cause of action.  Plaintiff's motion, like the complaint, seeks a declaration "that Mr. Leontiev does not owe a debt or obligation to Mr. Varshavsky, or anyone acting in concert or participation with Mr. Varshavsky, relating to the Alleged Loans."  Pl's. Mem. 21.  On August 26, 2016, with the Court's telephonic permission, Defendant filed an amended answer to Plaintiff's first cause of action to provide additional detail regarding Mr. Leontiev's wrongful acts, though Defendant maintains that his original answer was sufficient.  For the reasons stated below, Plaintiff's motion should be denied.

## ARGUMENT

### Judgment on the Pleadings Must Be Denied Because the Facts Admitted in the Pleadings Do Not Foreclose Plaintiff's Liability as a Matter of Law

A motion for judgment on the pleadings may be granted only where the "material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings."  *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988); *see, e.g., Varrone v. Bilotti*, 851 F. Supp. 54, 56 (E.D.N.Y. 1993).  In deciding such a motion, the Court "must accept as true all of the nonmovant's well-pleaded factual allegations …

and draw all reasonable inferences therefrom in his favor." *DeSantis v. United States*, 783 F. Supp. 165, 168 (S.D.N.Y. 1992) (citing *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 61 (2d Cir. 1985), and *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980)).  Accordingly, "[t]he motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."  5C Wright, Miller et al., *Federal Practice and Procedure, Civil*, § 1367 (3d ed. 2016).

A motion for judgment on the pleadings is not a substitute for summary judgment or a way to bypass Rule 56's "protections against unwarranted pretrial dismissal" or adjudication, including the right to present pertinent evidence, *Bryson*, 621 F.2d at 559; *see Sellers*, 842 F.2d at 642; Fed. R. Civ. P. 12(d), and the right to obtain discovery if necessary, *see* Fed. R. Civ. P. 56(d)(2).  In an action such as this one, where the plaintiff seeks a declaratory judgment of nonliability, a motion by the plaintiff for judgment on the pleadings may be granted "only if the pleadings establish that there can be no set of facts to support an action" by the defendant against the plaintiff.  *Effie Film, LLC v. Murphy*, 932 F. Supp. 2d 538, 553 (S.D.N.Y. 2013); *see Walton v. Hadley*, No. 13-cv-7907 (ER), 2014 WL 3585525, at *5 (S.D.N.Y. July 10, 2014).

**A.     In Answering a Complaint Seeking a Declaratory Judgment of Nonliability, a Defendant Is Not Required to State a Well-Pleaded Counterclaim.**

Mr. Leontiev has moved for judgment on the pleadings because, he says, Mr. Varshavsky did not adequately plead Mr. Varshavsky's right to assert an affirmative claim against him. Plaintiff, however, misunderstands the pleading burden at this stage as well as the standard on a motion for judgment on the pleadings.  A plaintiff who, like Mr. Leontiev, seeks to establish his own ***nonliability*** is not permitted "to bring a declaratory judgment action before the matter has been fully investigated and then obtain a favorable declaration … based solely on the

counterparty's inability to adequately state an affirmative claim in [his] favor." *Walton*, 2014 WL 3585525, at *5.  Rather, on a motion for judgment on the pleadings, the test is whether "Defendant's admissions [in his answer] resolve the dispute as a matter of law." *Id.*; *see also Sellers*, 842 F.2d at 642; *Effie*, 932 F. Supp. 2d at 553.

This principle is well illustrated by the facts of *Walton v. Hadley*, decided by Judge Edgardo Ramos of this Court.  In that case, the plaintiff sought a declaratory judgment that she was entitled to keep the proceeds of the sale of a sculpture; the defendant then counterclaimed for an order awarding him the funds based on his claim that the art belonged to him and had been stolen.  *Walton*, 2014 WL 3585525, at *1-2.  The court granted a motion by the plaintiff to dismiss the defendant's counterclaim for failure to plead facts sufficient to plausibly connect the stolen art to the plaintiff under the standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Walton*, 2014 WL 3585525, at *4.  But at the same time, the court denied plaintiff's motion for judgment on the pleadings on her declaratory judgment claim, because a determination that the counterclaim was not sufficiently pleaded "is not equivalent to a finding that Defendant's claim is conclusively *foreclosed* as a matter of law." *Id.* at *5 (emphasis in original).

The court observed that, even if the defendant would ultimately have the burden of proof at trial, "Plaintiff cannot … elect to bring a declaratory judgment action and then deprive Defendant of the opportunity to try to meet his burden at the appropriate time." *Id.*[1]  Here, Mr. Leontiev has attempted to engage in precisely the kind of abusive tactic that the court rejected in

---

[1]  Moreover, the court pointed out, even if the *Iqbal/Twombly* pleading standard prevented the assertion of a claim in a United States District Court, the defendant might still be able to bring a claim in a state court (and, in this case, a foreign court) where the *Iqbal/Twombly* standard does not apply.  *Walton*, 2014 WL 3585525, at *5 n.19.

*Walton*:  bringing a declaratory judgment action and seeking immediate judgment on the pleadings merely because Defendant, without an opportunity to take discovery, allegedly has not pleaded sufficient facts to state an affirmative claim against Plaintiff.

Defendant, however, is not required to assert a counterclaim at this stage—or plead a defense with the particularity of a counterclaim—to avoid liability on Plaintiff's claim.  *Id.* at *5 n.19 ("Defendant could have proceeded without asserting a counterclaim at all, opting simply to defend against Plaintiff's declaratory judgment action without seeking any affirmative relief."); *Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 0538 (PAE), 2013 WL 4016302, at *7 n.7 (S.D.N.Y. Aug. 7, 2013) (though counterclaim alleging invalidity of patent was dismissed for failure to meet *Twombly/Iqbal* pleading standards, defendant could still assert invalidity of patent as affirmative defense).  Rather, like any defendant, Mr. Varshavsky is required only to state his defenses and admit or deny the allegations against him.  Fed. R. Civ. P. 8(b)-(c).[2]

Thus, Plaintiff's reliance on the Supreme Court's decisions in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly* is misplaced.  In those cases, the Supreme Court held that Fed. R. Civ. P. 8(a)(2), which requires a pleading stating a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," means that the **plaintiff** must

---

[2]   Plaintiff's motion for judgment on the pleadings should be denied for the additional and independent reason that it is premature:  A motion for judgment on the pleadings may be filed only "[a]fter the pleadings are closed."  Fed. R. Civ. P. 12(c).  Here, Defendant has not answered Plaintiff's second cause of action, which he has moved to dismiss; thus, the pleadings remain open.  It is not sufficient that the first cause of action has been answered; rather, "the pleadings are 'closed' only when the parties have filed ***all*** of the pleadings Rule 7(a) contemplates," including a complaint, an answer, and an answer to any counterclaim.  *Norcal Gold, Inc. v. Laubly*, 543 F. Supp. 2d 1132, 1135 (E.D. Cal. 2008) (emphasis added); *see Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 & n.10 (11th Cir. 2014) (reversing grant of judgment on the pleadings as to plaintiff's claim; pleadings were not closed because plaintiff had not answered defendant's counterclaim).

plead facts sufficient to establish a plausible claim for relief.  In this way, the Court ensured that plaintiffs could not burden defendants with discovery costs "armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.  But here, it is Mr. Leontiev who has haled Mr. Varshavsky into court and thereby "unlock[ed] the doors to discovery," *id.*, not the other way around.

Contrary to what Plaintiff suggests, Rule 8(a)(2) simply does not apply to defenses.  Even an affirmative defense "need not meet the *Twombly/Iqbal* plausibility standard."  *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 133 (E.D.N.Y. 2015) (collecting numerous District Court cases in this Circuit)*; see* Fed. R. Civ. P. 8(c) (requiring only that defense be "affirmatively state[d]"); *Orientview,* 2013 WL 4016302, at *7 n.7.  Indeed, "[t]here is no requirement under Rule 8(c) that a defendant plead any facts at all."  *Tardif v. City of N.Y.*, 302 F.R.D. 31, 36 (S.D.N.Y. 2014) (internal quotation marks omitted).  Plaintiff certainly cannot cite any authority for the startling proposition that Defendant, at the pleading stage, is required to plead facts in support of his mere denial of Plaintiff's allegations, before even having had a full opportunity to investigate the facts underlying those allegations.  *See* Fed. R. Civ. P. 8(b).

Rather, a plaintiff seeking a declaration of nonliability can obtain a judgment on the pleadings only if the facts admitted in the pleadings show "there can be no set of facts to support an action" by the defendant against the plaintiff under any potentially applicable legal theory.  *Effie*, 932 F. Supp. 2d at 553; *see Walton*, 2014 WL 3585525, at *5.  Plaintiff does not purport to have met that burden, nor could he.  As the Second Circuit has made clear, the Court may grant judgment on the pleadings only if the "material facts are undisputed," *Sellers*, 842 F.2d at 642, which is clearly not the case here.  Mr. Leontiev's complaint alleges that he is not personally liable on the loans.  Complaint ¶ 4.  Mr. Varshavsky's amended answer (like his original answer)

denies that allegation.  Answer ¶ 4; Amended Answer ¶ II.4.  Mr. Varshavsky further explains in

his pleading that Mr. Leontiev has used his companies to conceal assets and transfer their value

to himself, making Mr. Leontiev personally liable (Answer at 1-2; Amended Answer ¶¶ I.1-2,

III.3-31), though he could have stopped with a simple denial.  *See* Fed. R. Civ. P. 8(b); *Walton*,

2014 WL 3585525, at *5 n.19.[3]  Thus, there is a dispute as to the facts material to Mr. Leontiev's

claim for a declaratory judgment.  Whether that dispute ultimately turns out to be a "genuine"

one in the sense of being the subject of conflicting evidence, *see* Fed. R. Civ. P. 56(a), can only

be resolved on a motion for summary judgment after both parties have had the opportunity to

gather the evidence they need to make their case.  *See Sellers*, 842 F.2d at 642 (reversing grant of

judgment on pleadings where district court looked beyond facts admitted in pleadings without

giving notice it was converting motion to motion for summary judgment); *Bryson*, 621 F.2d at

559 (same).

### B.    Plaintiff's Complaint Does Not Allege, and Defendants' Answer Does Not Admit, That Mr. Varshavsky Lacks Authority to Negotiate Repayment of Debts Owed to the Lenders.

Mr. Leontiev's motion, like his complaint, is not limited to questions of Mr. Leontiev's

liability to Mr. Varshavsky personally.  Rather, the motion seeks a declaration that "Mr. Leontiev

does not owe a debt or obligation to Mr. Varshavsky, ***or anyone acting in concert or***

***participation with Mr. Varshavsky***, relating to the Alleged Loans," Pl.'s Mem. 21 (emphasis

added).  The italicized phrase presumably is meant to include the named lenders in the loan

---

[3]   Because Plaintiff has the burden in this posture of negating every possible defense based
      solely on facts admitted in the answer, and because in any event there are grounds on which
      Plaintiff could be held liable without proof of fraud, Plaintiff's assertion that the answer
      does not plead a fraud defense with the particularity required by Fed. R. Civ. P. 9(b) is
      irrelevant.  Moreover, the amended answer in particular would clearly meet the requirements
      of Rule 9(b) even if it were required to do so, as it provides detailed allegations about how
      Plaintiff carried out his scheme to avoid repayment of loans to his company.

agreements and promissory notes, including Avilon, of which Mr. Varshavsky serves as President.  But, inconsistently, Plaintiff claims to be entitled to such a judgment based on the contention that the lenders named in the documents are someone other than ***Mr. Varshavsky personally***.  *Id.* at 8-10.  In particular, on the basis that Mr. Varshavsky's answer says the documents "speak for themselves," Plaintiff attempts to argue that Mr. Varshavsky has admitted that no debt is owed to him personally and that he should therefore be prohibited from seeking to negotiate repayment of the loans.  *Id.*  There are several fatal flaws in Plaintiff's argument.

First, nothing in the complaint alleges, one way or the other, whether Mr. Varshavsky was acting in his personal capacity or on behalf of Avilon or on behalf of other named lenders in seeking to collect the debts owed by Mr. Leontiev.  Indeed, when an officer of a corporation (such as Mr. Varshavsky, the President of Avilon) seeks to negotiate the repayment of a debt owed to the corporation, most people would understand that he is making a claim on behalf of the corporation.  The complaint does not allege otherwise, nor does anything in the complaint allege that Mr. Varshavsky lacked authority to secure repayment of the loans in question on behalf of Avilon and the other lenders.  Rather, the complaint is focused on whether Mr. Leontiev owed the debts (though it does not deny any connection between Mr. Leontiev and the debtors or that he ultimately received and still retains the proceeds of the loans).  Mr. Varshavsky cannot be held to have admitted, by not answering, an allegation that Mr. Leontiev never even made.  But, to avoid any doubt in that regard, Mr. Varshavsky has included in his amended answer an explicit allegation that Mr. Varshavsky has authority to negotiate for and obtain repayment of the debts on behalf of Avilon and certain other lenders.  Amended Answer ¶ III.8.

Second, nothing in the agreements attached to Plaintiff's motion papers is inconsistent with Mr. Varshavsky's having authority to negotiate the repayment of the debts.  While Mr.

Varshavsky is not personally listed as the lender in the documents attached to Mr. Leontiev's motion, Mr. Leontiev ignores that corporate entities, such as Avilon, can only act through their officers, employees and other representatives.  Like the complaint itself, nothing in the documents Mr. Leontiev attaches is inconsistent with Mr. Varshavsky's authority to act for the lenders.  These pleadings cannot support the requested order prohibiting Mr. Varshavsky from "taking any further steps to enforce the Alleged Loans against Mr. Leontiev in his personal capacity."   Complaint, Prayer for Relief, ¶ 2.

Finally, Mr. Leontiev's attempt to parlay a claim of no liability to Mr. Varshavsky **personally** into a declaration of no liability to "anyone acting in concert or participation with Mr. Varshavsky" underscores the overreaching character of Mr. Leontiev's motion and indeed his whole litigation strategy.  Even if Mr. Leontiev had established that no debt was owed to Mr. Varshavsky personally (and he has not), it would not follow that no debt is owed to any third party who is now acting or may in the future act "in concert or participation with Mr. Varshavsky."  Indeed, Mr. Leontiev's inclusion of that phrase demonstrates his awareness that the debts may be owed to parties other than Mr. Varshavsky in his personal capacity.  Mr. Leontiev's attempt to obtain an adjudication of nonliability to third parties based solely on a claim of nonliability to Mr. Varshavsky in his personal capacity—apparently hoping that the Court will fail to notice the discrepancy between the broad relief he is seeking and the narrow argument it rests upon—is utterly unsupportable.  The audacity of Mr. Leontiev's request that the Court immunize him from personal liability to nonparties under any applicable legal theory is compounded by the fact that, by seeking a judgment on the pleadings, he would have the Court do so before Mr. Varshavsky has the opportunity to obtain discovery that would establish Mr. Leontiev's liability.

**C.    Regardless of What Law Applies, a Factual Dispute
       Exists as to Mr. Leontiev's Personal Liability.**

Finally, Mr. Leontiev argues that Mr. Varshavsky's original answer did not plead in

sufficient detail the facts needed under the law of Cyprus to pierce the corporate veil of Ambika

and Vennop, which are Cypriot corporations, or under the law of Russia to pierce the corporate

veil of FG Life, which is a Russian corporation.  But for several reasons, Mr. Varshavsky was

not required to do so; moreover, Mr. Varshavsky's original answer is sufficient to meet even the

standard that Mr. Leontiev unjustifiably demands; and in any event, Mr. Varshavsky's amended

answer cures any alleged insufficiency in the original answer (though none existed).

As already discussed, even if a defendant's allegations are not sufficient to plead a

counterclaim, that "is not equivalent to a finding that Defendant's claim is conclusively

*foreclosed* as a matter of law," *Walton*, 2014 WL 3585525, at *5, such that the merits may

therefore be decided "merely by considering the contents of the pleadings," *Sellers*, 842 F.2d at

642.  Here, because Cypriot and Russian law both allow piercing the corporate veil under

appropriate circumstances, which are not foreclosed by the facts admitted in the amended answer

(or the original answer, for that matter), judgment cannot be granted on the pleadings.

As far as the law of Cyprus is concerned, Mr. Leontiev admits courts can pierce the

corporate veil of a Cypriot company in proper circumstances.  Pl's. Mem. 15-18.  As set forth in

the declaration of Cypriot law expert Pavlos Aristodemou submitted by Defendant with this

brief, the law of Cyprus allows piercing the corporate veil if the corporate entity is used by a

controlling person as a means of illegality or fraud, for an unlawful or improper purpose, or to

evade a debt.  Aristodemou Decl. ¶¶ 14-18.  None of those circumstances is foreclosed by the

answer; on the contrary, those circumstances are precisely what Mr. Varshavsky expects the

facts will show.  Even Mr. Leontiev admits that the law of Cyprus pierces the corporate veil

where a party "us[es] a corporate structure to evade rights of relief others already possess against him," Pl.'s Mem. 17, which is what Mr. Varshavsky's original answer and amended answer both allege, *see* Answer at 1; Amended Answer ¶¶ I.1-2, III.9-22, III.29-31.

Nor may Mr. Leontiev escape liability by alleging that he conceived his fraudulent scheme and formed his corporations before he incurred the debts in question.  *See* Pl.'s Mem. 17. Of course it is lawful to set up a corporation to protect its shareholder from personal liability in the event the corporation's business legitimately fails.  But it is quite another thing to set up a corporation for the purpose of incurring debt with the intent of concealing assets to prevent repayment, or to use an existing corporation (whether it was established for a legitimate purpose or not) to defraud creditors by concealing assets after a debt is incurred.  Aristodemou Decl. ¶¶ 18, 22.  In those circumstances, Cypriot law would lift the corporate veil.  *Id*.

As to the amounts borrowed by Mr. Leontiev's Russian company FG Life, Mr. Leontiev is incorrect to suggest that a business owner may never be held liable for a business's debts under Russian law outside of a formal insolvency proceeding.

First, as both Mr. Leontiev and his proffered expert witness Mr. Monastyrksy acknowledge, remedies similar to piercing the corporate veil or alter ego liability exist under Russian bankruptcy law.  Pls.' Mem. 19; Monastyrsky Decl. ¶ 4.  Although Mr. Leontiev claims that that remedy is no longer available as a matter of Russian bankruptcy procedure, Pl.'s Mem. 20*,* his argument assumes that the liquidation of FG Life cannot be reopened, which is not the case if the liquidator appointed by Mr. Leontiev for FG Life failed to give the required notice of the liquidation to the company's creditors or to pay all debts to creditors before dissolving the company (and in fact, he did fail to do so, *see* Amended Answer ¶ III.22).  As explained in detail in the accompanying declaration of Russian law expert Svetlana Volodina, (1) Russian law

14

allows the liquidation proceedings for FG Life to be set aside for failure to give proper notice or to settle outstanding debts, (2) once the liquidation order is set aside, the promissory noteholders may commence bankruptcy proceedings because FG Life failed to pay the notes, and (3) in those proceedings, Mr. Leontiev, as the indirect controlling shareholder of FG Life, can be held personally liable for the debts of FG Life.  Volodina Decl. ¶¶ 11-26.   Specifically, Russian bankruptcy law holds a controlling person of a company liable to creditors if his acts or omissions caused the company's bankruptcy.  *Id*. ¶ 12.

Second, Mr. Leontiev and his witness Mr. Monastyrsky fail to mention several situations in which Russian law will hold a shareholder or other controlling person liable even outside the context of a bankruptcy proceeding, which are described in Ms. Volodina's declaration. Volodina Decl. ¶¶ 4, 26.  As particularly relevant here, the Russian Supreme Court has affirmed that a controlling person of a corporation can be held liable directly to creditors for wrongful liquidation of a company.  *Id.* ¶ 26.  In addition, Article 1(4) of the Russian Civil Code, which prohibits a person from benefiting from his own illegal conduct, and Article 10 of the Code, which codifies the civil-law concept of "abuse of rights" (prohibiting the exercise of rights in bad faith), are frequently invoked by Russian courts as a basis to hold liable a controlling person who abuses the legal separateness of a corporation to defeat the rights of creditors.  Volodina Decl. ¶¶ 8-9.  As Ms. Volodina explains, "the Russian courts interpret the doctrine of 'corporate veil-piercing' fairly broadly and often invoke it in order to impose liability to third parties on a controlling person for damages caused by its actions in bad faith or to challenge transactions

concluded by the company under the influence of such controlling person who acted in bad faith." *Id.* ¶ 9.[4]

The facts alleged in either the original answer or the amended answer, if proved, would establish Mr. Leontiev's liability on those bases; at a minimum, the facts admitted in the pleadings do not foreclose the possibility that he is liable for the unpaid debts of his companies. The amended answer describes the improprieties in the Russian liquidation proceeding by which Mr. Leontiev attempted to escape FG Life's debts, Amended Answer ¶ III.22, and it provides additional details on the factual basis on which Mr. Varshavsky believes Mr. Leontiev abused specific corporate entities that he controlled, *id.* ¶¶ III.9-18, III.29, which are named and described in the amended answer, *id.* ¶¶ III.11-17, in order to defeat the rights of creditors, including Avilon and other lenders on the loans at issue here.  Of course, much additional evidence of Mr. Leontiev's liability is not in Mr. Varshavsky's possession and will have to be obtained from Mr. Leontiev and others in discovery.  But the well-pleaded facts alone, if proved, are sufficient to establish Mr. Leontiev's liability under both Cypriot and Russian law, as explained above and in the accompanying declarations of Mr. Aristodemou and Ms. Volodina.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's motion for judgment on the pleadings be denied.

---

[4]     Additionally, a parent company may be held liable for actions that it directs its subsidiary to carry out, *see* Volodina Decl. ¶ 5, and a controlling person may be liable to the company for harm he causes it, *see id.* ¶ 6.

Dated:  New York, New York
        August 26, 2016

                                DEBEVOISE & PLIMPTON LLP


                                /s/ William H. Taft V
                                Sean Hecker
                                William H. Taft V
                                Carl Micarelli
                                919 Third Avenue
                                New York, New York 10022
                                Tel:  (212) 909-6000
                                Fax: (212) 909-6836
                                shecker@debevoise.com
                                whtaft@debevoise.com
                                cmicarel@debevoise.com

                                *Counsel to Defendant Alexander Varshavsky*