UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SERGEY LEONTIEV,

               Plaintiff,

  -against-                           No. 16-cv-03595 (JSR)

ALEXANDER VARSHAVSKY,

               Defendant.
------------------------------------------------------------------x

## SECOND DECLARATION OF YURY MONASTYRSKY IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

I, YURY MONASTYRSKY, declare under penalty of perjury as follows:

1. My background and experience are set forth in my initial declaration filed in support of this motion (Docket Number 26). I submit this second declaration to respond to certain points made by Defendant's Russian law expert, Svetlana Volodina (Docket Number 30) ("Volodina Decl.").

2. Ms. Volodina identifies what she purports to be "a number of exceptions" to the principle of limited liability that are "similar to 'corporate veil-piercing' and 'alter ego liability.'" Volodina Decl. ¶ 4. These exceptions are facially inapplicable to this case.

3. Article 67.3 of the Civil Code of the Russian Federation, cited in paragraph 5 of Ms. Volodina's declaration, provides that a parent corporation may be held liable for transactions entered into by its subsidiary if it entered into those transactions based on the parent's instructions or consent. The liability of parent *corporate* entities is irrelevant to this case, which

1

is about the alleged liability of an *individual*. The plain language of the Article and Russian court practice both indicate that Article 67.3 does not apply to individuals.

4. As Ms. Volodina admits and as I explained in my initial declaration, the remedy contemplated in Article 53.1 of the Civil Code of the Russian Federation is largely analogous to a shareholder derivative action and does not confer standing on a third party creditor. *See* Volodina Decl. ¶ 6. Similarly, Article 10 of the Bankruptcy Law applies only in Russian bankruptcy proceedings. *See id.* ¶ 7.

5. Article 1.4 and Article 10.1 of the Civil Code of the Russian Federation set forth basic principles, such as "[n]o person shall benefit from illegal or bad faith behavior" and "evasion of the law for unlawful purposes" is prohibited. Ms. Volodina asserts that these are "grounds for corporate veil-piercing." Volodina Decl. ¶ 8. While these general principles are sometimes referenced by courts in decisions on secondary liability of controlling persons, the overwhelming court practice indicates that these articles create no independent cause of action in this context and do not, standing alone, constitute grounds for imposing secondary liability on a controlling person.

6. The two decisions cited by Ms. Volodina in footnote 1 are inapposite and it would be inappropriate to place any weight on them. The first case (Case No. A32-1966/2014) was an action to invalidate an assignment of a contract from one entity to another as a bad faith transfer of assets out of an insolvent entity. The case was not about liability of the controlling shareholder who was not even named as a defendant. The second case (Case No. A33-18291/2011) was an action to disregard a transfer of liability under utilities contracts from a natural person to a corporate entity. The veil-piercing doctrine was not involved, because the transfer was itself improper. The defendant would have been equally liable if he had tried to

transfer the contract to another natural person. The Senatorov case (Case No. 11-16173), cited by Ms. Volodina in paragraph 10, is equally irrelevant. Mr. Senatorov was found liable to certain creditors on the basis of his direct obligations arising under a personal guarantee, and not as a result of piercing the corporate veil or on the basis of the doctrine of secondary liability.

7. Ms. Volodina also relies significantly on portions of the Bankruptcy (or Insolvency) Law to show that Russian law recognizes corporate veil-piercing. *See* Volodina Decl. ¶¶ 12-17. As I explained in my initial declaration, these provisions are irrelevant to this case because there was never a bankruptcy proceeding instituted with relation to Financial Group "Life." Such claims under the Bankruptcy (Insolvency) Law could only be asserted if (i) a voluntary liquidation were reopened in Russia, (ii) the debtor's assets were established by the Russian court to be insufficient to meet all the creditors' claims, (iii) bankruptcy proceedings were instituted against Financial Group "Life", and (iv) the Russian bankruptcy court found grounds for the secondary liability to attach.

8. Ms. Volodina also states that an individual could be held liable for unlawful conduct in connection with a liquidation. Volodina Decl. ¶ 26. Ms. Volodina fails to explain that the proper defendant in relation to claims arising out of allegedly improper liquidation is the liquidator, and the grounds for liability are completely different from the grounds for controlling shareholder liability under the veil-piercing doctrine.

9. As far as I understand, no one has, to date, sought to reopen the voluntary liquidation of Financial Group "Life."

10. The Volodina Declaration does not alter the conclusions stated in my first declaration: The principles of veil-piercing or alter ego liability do not generally exist under Russian law, except under certain limited instances expressly provided by statute. The

3

Bankruptcy (Insolvency) Law provides that the only ground on which a controlling shareholder of an entity may be liable to third party creditors is in the course of bankruptcy proceedings with respect to such an entity, and that the only forum to raise such claims is in those bankruptcy proceedings. Because Financial Group "Life" was liquidated voluntarily and is not now, and has never been, in bankruptcy proceedings, these grounds do not apply.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of September, 2016 in Moscow, Russian Federation.

_____
Yury Monastyrsky