**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

September 20, 2016

BY ECF

The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

*Leontiev v. Varshavsky*, No. 1:16-cv-03595 (JSR)

Dear Judge Rakoff:

On behalf of Defendant, we respectfully submit this response to Plaintiff's letter dated September 16, 2016 regarding Defendant's supplementation of the record.

On September 7, in his reply memorandum in support of his motion for judgment on the pleadings, Plaintiff dismissed as "rank speculation" Defendant's argument that Plaintiff could be held personally liable under Russian law if the voluntary liquidation of Financial Group "Life" were to be reopened. *See* Dkt. No. 32, at 9. With his reply memorandum, Plaintiff submitted a declaration by his Russian law expert, Yury Monastyrsky, asserting that "[a]s far as I understand, no one has, to date, sought to reopen the voluntary liquidation of Financial Group 'Life.'" *See* Dkt. No. 34, ¶ 9. In fact, before Plaintiff's reply memorandum was filed, notice of a decision to reverse the voluntary liquidation of Financial Group "Life" had already been posted on Russia's United Registry of Legal Entities. *See* Dkt. No. 35.

Plaintiff's Russian law expert now concedes that there is a legal pathway under Russian law to hold shareholders of Financial Group "Life" personally liable for the company's expenses. Mr. Monastyrsky asserts that this pathway is limited to insolvency proceedings, but it stands to reason that the purpose of reversing the liquidation of Financial Group "Life" is to commence just such a proceeding. Plaintiff is not so bold as to once again deem this "rank speculation."

In any event, Defendant disagrees with Plaintiff's overly narrow arguments as to the availability of corporate veil piercing under Russian law. As explained in Defendant's opposition to Plaintiff's motion for judgment on the pleadings, there are several situations in which Russian law will hold a shareholder or controlling person

The Honorable Jed S. Rakoff          2          September 20, 2016

liable even outside the context of bankruptcy proceedings. *See* Dkt. No. 28, at 15–16. Defendant has alleged that Plaintiff controlled Financial Group "Life," used it to conceal assets and evade debts, caused it to become insolvent through his own improper acts and omissions, and caused its liquidation to be carried out improperly and in bad faith. *See* Amended Answer, Dkt. No. 27, ¶¶ III.5, 13, 20, 22, 29. On these allegations, veil piercing is available under Russian law, both within insolvency proceedings, as conceded by Plaintiff's expert, and outside insolvency proceedings, as established in Defendant's opposition papers and the declaration of Defendant's Russian law expert, Svetlana I. Volodina.

         Respectfully submitted,

         /s/ William H. Taft V

         William H. Taft V
         Debevoise & Plimpton LLP
         919 Third Avenue
         New York, New York 10022
         Tel: (212) 909-6877
         Fax: (212) 521-7877
         whtaft@debevoise.com

cc:     All Counsel via ECF

Encls.