# EXHIBIT 1

**Russian Ministry of Finance**
**FEDERAL TAX SERVICE**
**(FTS of Russia)**
DEPUTY DIRECTOR
23 Neglinnaya, Moscow 127381
Telephone: 913-00-09; Fax: 913-00-05;
www.nalog.ru

_12/26/2016_  No. _SA-4-9/24995@_
Your Ref. No. _____

Mr. A.G. Saltykov
Liquidator of ZAO Financial Group Life

Bldg 1, 5 Tessinskiy pereulok,
Moscow 109028

Moscow City Directorate of the Federal Tax
Service of Russia

Re: Decision on appeal

 The Federal Tax Service received an appeal from Mr. Aleksei Gennadyevich Saltykov, the liquidator of ZAO Financial Group Life (hereinafter "Applicant," "Mr. Saltykov"), dated 10/27/2016 (Ref. No. 299793/V dated 11/14/2016, No. 307870/V dated 11/21/2016) against Decision No. 12-34/099789 of the Moscow City Directorate of the Federal Tax Service of Russia (hereinafter "Directorate") dated 9/2/2016 (hereinafter "Decision"), reversing Decision No. 277289A of Interdistrict Inspectorate No. 46 of the Federal Tax Service of Russia for the City of Moscow (hereinafter "Inspectorate," "Registering Authority") dated 8/5/2015 concerning the official registration of ZAO Financial Group Life (hereinafter "Company") in connection with its liquidation (hereinafter "Decision No. 277289A") and the invalidation of entries made in the Unified State Register of Legal Entities (hereinafter "USRLE") under State Registration Number 6157747676619 and State Registration Number 6157747677070.

 In his appeal, the Applicant notes that the Directorate issued its Decision upon reviewing on appeal by Andrei Kheldurovich Arminayts (hereinafter "Mr. Arminayts") dated 8/23/2016, in which the said person claimed that ZAO Financial Group Life had an outstanding obligation to Mr. Arminayts under Promissory Note No. 000823 and that this obligation was not reflected in the interim or liquidation balance sheets of ZAO Financial Group Life.

 Mr. Saltykov, meanwhile, claims that when compiling the interim and liquidation balance sheets he was unaware that Mr. Arminayts had a claim against the Company, since the primary accounting documents did not show the issuing of a simple promissory note by ZAO Financial Group Life to Mr. Arminayts, and the latter did not present a claim for payment of the amount of the promissory note in the process of the Company's liquidation.

 Therefore, the Directorate unreasonably found in its Decision that the interim and liquidation balance sheets filed with the Inspectorate contained inaccurate information.

 In addition, the Applicant submitted together with the appeal a notarized copy of Mr. Arminayts' statement, according to which the said person neither signed nor submitted to the Directorate the appeal dated 8/23/2016 against Decision No. 277289A.

SL0038704

Therefore, in the opinion of Mr. Saltykov, the appeal submitted to the Directorate and dated 8/23/2016 was signed by an unauthorized person.

In light of the foregoing, the Applicant requests in his appeal that the Decision be reversed and that the entries made in the USRLE by the Inspectorate under State Registration Number 6157747676619 and State Registration Number 6157747677070 be reinstated.

The Federal Tax Service, having reviewed the Applicant's appeal and examined and evaluated the documents submitted by the Directorate, states the following:

According to Article 61(1) and (2) of the Russian Federation Civil Code (hereinafter "Civil Code"), the liquidation of a legal entity entails its winding-up without the assignment of its rights and obligations to other persons by way of universal legal succession. A legal entity shall be liquidated by decision of its founders (shareholders) or a body of the legal entity authorized to do so by an instrument of incorporation, including in connection with the expiration of the term for which the legal entity was formed or the achievement of the purpose for which it was formed.

According to Article 62(1) of the Civil Code, the founders (shareholders) or body of a legal entity that resolved to liquidate the legal entity shall have three business days from the date of such resolution to notify accordingly in writing the competent state authority responsible for the official registration of legal entities so that an entry may be made in the USRLE indicating that the legal entity is in the process of liquidation, and to publish information about the adopted resolution in accordance with the procedures established by law.

By virtue of Article 63(6) of the Civil Code, upon the completion of settlements with creditors, the liquidation commission shall prepare a liquidation balance sheet, which shall be approved by the founders (shareholders) of the legal entities or the body that resolved to liquidate the legal entity.

Article 63(9) of the Civil Code states that the liquidation of a legal entity is considered complete, and the legal entity is considered wound up, once information concerning its winding-up has been entered into the USRLE in accordance with the procedures established by the law governing the official registration of legal entities.

The official registration of legal entities upon their formation, reorganization, and liquidation, or in the event of amendments to their instruments of incorporation, shall be carried out in accordance with the procedures established by Federal Law No. 129-FZ of 8/8/2001 "On the Official Registration of Legal Entities" (hereinafter "Law No. 129-FZ").

By virtue of Article 5(4) of Law No. 129-FZ, entries are made in the state registers on the basis of documents filed upon official registration.

Subsections (a), (b) and (c) of Article 21(1) of Law No. 129-FZ imply that for official registration in connection with the liquidation of a legal entity, the following documents, among others, shall be submitted to the registering authority: an application for official registration signed by the applicant, using the form approved by the federal executive authority designated by the Government of the Russian Federation; a liquidation balance sheet; and proof of payment of state duty.

Confidential

The application contains confirmation that the procedures established by federal law for the liquidation of the legal entity were adhered to, settlements with its creditors were completed, and aspects of the legal entity's liquidation were approved by the relevant state authorities and/or municipal authorities in the cases established by federal law.

According to Article 22(3) of Law No. 129-FZ, the documents provided for by Article 21 of Law No. 129-FZ shall be submitted to the registering authority upon completion of the process of liquidating the legal entity.

As indicated by the files of the appeal, on 7/29/2015 the Company's liquidator, Mr. Saltykov, filed documents with the Inspectorate for the official registration of ZAO Financial Group Life in connection with its liquidation, including an application for official registration of the legal entity in connection with its liquidation based on Form No. R16001 (hereinafter "Application"), a liquidation (accounting) balance sheet based on Form NIAD [National Index of Administrative Documents] 0710001, and Resolution No. 3 of the Company's sole shareholder, OOO Alivikt, dated 6/30/2015 on approving the Company's liquidation (accounting) balance sheet.

Upon reviewing the documents submitted by the Applicant for the official registration of ZAO Financial Group Life in connection with its liquidation, the Inspectorate issued Decision No. 277289A, on the basis of which entries were made in the USRLE under State Registration Number 6157747676619 and State Registration Number 6157747677070.

On 8/23/2016, the Directorate received an application from Mr. Arminayts, in which the latter stated that he was the holder of a simple promissory note issued on 10/29/2014 by ZAO Financial Group Life, which had failed to pay Mr. Arminayts under the said promissory note the cash sum of RUB 1,080,771.55, as a result of which Mr. Arminayts requested in his application the invalidation of the entry made in the USRLE by the Inspectorate under State Registration Number 6157747676619 concerning the liquidation of the Company.

Upon reviewing the said application, the Directorate found that the liquidation balance sheet submitted to the inspectorate by the Company's liquidator, Mr. Saltykov, did not contain any information about the existence of an outstanding obligation to Mr. Arminayts on the part of ZAO Financial Group Life.

Upon reviewing Mr. Arminayts' application, the Directorate issued its Decision, on the basis of which Decision No. 277289A was reversed and the entries under State Registration Number 6157747676619 and State Registration Number 6157747677070 were invalidated.

The basis for reversing the aforementioned decision was the Directorate's finding that the filing of a liquidation balance sheet with the registering authority that failed to reflect the actual amount of obligations to a creditor should be viewed as failure to submit a document containing the necessary information, which constitutes grounds for denying the official registration of ZAO Financial Group Life in connection with its liquidation on the basis of subsection (a) of Article 23(1) of Law No. 129-FZ.

At the same time, the Federal Tax Service considers the Decision unfounded for the following reasons:

The Company's liquidator, Mr. Saltykov, in support of the argument that the application filed with the Directorate on 8/23/2016 was signed by an unauthorized person, enclosed with the appeal a notarized copy

SL0038706

of Mr. Arminayts' statement, prepared on form 77 V 2121952, the authenticity of whose signature on the said application was certified on 10/4/2016 by N.L. Lebedinskaya, temporary acting for Moscow City Notary V.L. Lozhkin.

The statement indicates that Mr. Arminayts did not sign and did not send to the Directorate the appeal dated 8/23/2016 against Decision No. 277289A, and that he did not present a claim to the Company's liquidator. Mr. Arminayts specified in his statement that the official registration of ZAO Financial Group Life in connection with its liquidation did not infringe on his rights and legitimate interests.

In the course of the Federal Tax Service's review of the appeal by the liquidator of ZAO Financial Group Life, Mr. Saltykov, Interdistrict Inspectorate No. 46 of the Federal Tax Service of Russia for the City of Moscow sent a query to N.L. Lebedinskaya, temporarily acting for Moscow City Notary V.L. Lozhkin, seeking confirmation that she certified the authenticity of Andrei Kheldurovich Arminayts' signature on the application prepared on form 77 V 2121952.

In response to the said query by Interdistrict Inspectorate No. 46 of the Federal Tax Service of Russia for the City of Moscow, N.L. Lebedinskaya, temporarily acting for Moscow City Notary V.L. Lozhkin, stated in letter No. 1733 dated 12/7/2016 that she did indeed certify the authenticity of Andrei Kheldurovich Arminayts' signature on the statement prepared on form 77 V 2121952.

In light of the foregoing, the Federal Tax Service believes that since the existence of the Company's accounts payable to Mr. Arminayts is not supported in the instant situation, the documents submitted by the Company's liquidator, Mr. Saltykov, to the Inspectorate on 7/29/2015 for the official registration of ZAO Financial Group Life in connection with its liquidation met the requirements of Law No. 129-FZ, and therefore the Inspectorate rightly issued Decision No. 277289A.

Under these circumstances, the Federal Tax Service, pursuant to subsection (a) of Article 25.6(3) of Federal Law No. 129-FZ of 8/8/2001 "On the Official Registration of Legal Entities and Sole Proprietors," is quashing Decision No. 12-34/099789 of the Moscow City Directorate of the Federal Tax Service of Russia dated 9/2/2016 reversing Decision No. 277289A of Interdistrict Inspectorate No. 46 of the Federal Tax Service of Russia for the City of Moscow dated 8/5/2015 concerning the official registration of ZAO Financial Group Life in connection with its liquidation and the invalidation of entries made in the Unified State Register of Legal Entities under State Registration Number 6157747676619 and State Registration Number 6157747677070.


Active State Advisor
of the Russian Federation, 2nd Class          [signature]                    S.A. Arakelov

Confidential

**МИНФИН РОССИИ**
**ФЕДЕРАЛЬНАЯ**
**НАЛОГОВАЯ СЛУЖБА**
**(ФНС России)**
ЗАМЕСТИТЕЛЬ РУКОВОДИТЕЛЯ
Неглинная, 23, Москва, 127381
Телефон: 913-00-09; Телефакс: 913-00-05;
www.nalog.ru

от 26.12.2016 № 1А-4-9/24999@

На № _____

Решение по жалобе

Ликвидатору ЗАО «Финансовая группа
«Лайф» Салтыкову А.Г.

Тессинский переулок, дом 5, стр. 1,
г. Москва,  109028

УФНС России по г. Москве

 

     Федеральной налоговой службой получена жалоба ликвидатора ЗАО «Финансовая группа «Лайф» Салтыкова Алексея Геннадьевича (далее – Заявитель, Салтыков А.Г.)  от  27.10.2016 (вх. № 299793/В от 14.11.2016, № 307870/В от 21.11.2016) на решение УФНС России по г. Москве (далее – Управление) от 02.09.2016 № 12-34/099789 (далее – Решение) об отмене решения Межрайонной ИФНС России № 46 по г. Москве (далее – Инспекция, регистрирующий орган) от 05.08.2015 № 277289А о государственной регистрации ЗАО «Финансовая группа «Лайф»  (далее – Общество) в связи с ликвидацией (далее – Решение № 277289А) и признании недействительными внесенных в единый государственный реестр юридических лиц (далее – ЕГРЮЛ) записей за ГРН 6157747676619 и ГРН 6157747677070.

     Заявитель в жалобе отмечает, что Управлением принято Решение по результатам рассмотрения жалобы Арминайтса Андрея Хелдуровича (далее -  Арминайтс А.Х.) от 23.08.2016, в которой данное лицо указывало на наличие у ЗАО «Финансовая группа «Лайф» неисполненного обязательства перед Арминайтсом А.Х. по простому векселю № 000823 и неотражение данного обязательства в промежуточном и ликвидационном балансах ЗАО «Финансовая группа «Лайф».

     При этом Салтыков А.Г. указывает, что при составлении промежуточного и ликвидационного балансов  ему не было известно о наличии у Арминайтса А.Х. права требования  к Обществу, поскольку в первичных документах бухгалтерского учета не отражена выдача ЗАО «Финансовая группа «Лайф» простого векселя Арминайтсу А.Х. и данное лицо не заявляло требования об уплате денежной суммы по векселю в процессе ликвидации Общества.

     Следовательно, Управлением в Решении сделан необоснованный вывод о том, что представленные в Инспекцию промежуточный и ликвидационный балансы содержали недостоверные сведения.

     Кроме того, Заявитель с жалобой представил нотариально заверенную копию заявления Арминайтса А.Х., согласно которому данное лицо не подавало в Управление  и не подписывало жалобы от 23.08.2016 на Решение № 277289А.

Confidential

2

Следовательно, по мнению Салтыкова А.Г., поданная в Управление жалоба от 23.08.2016 подписана неуполномоченным лицом.

Учитывая изложенное, Заявитель в жалобе просит отменить Решение и восстановить внесенные Инспекцией в ЕГРЮЛ записи за ГРН 6157747676619 и ГРН 6157747677070.

Федеральная налоговая служба, рассмотрев жалобу Заявителя, исследовав и оценив материалы, представленные Управлением, сообщает следующее.

В соответствии с пунктами 1 и 2 статьи 61 Гражданского кодекса Российской Федерации (далее – Гражданский кодекс) ликвидация юридического лица влечет его прекращение без перехода в порядке универсального правопреемства его прав и обязанностей к другим лицам. Юридическое лицо ликвидируется по решению его учредителей (участников) или органа юридического лица, уполномоченного на то учредительным документом, в том числе в связи с истечением срока, на который создано юридическое лицо, с достижением цели, ради которой оно создано.

Согласно пункту 1 статьи 62 Гражданского кодекса учредители (участники) юридического лица или орган, принявшие решение о ликвидации юридического лица, в течение трех рабочих дней после даты принятия данного решения обязаны сообщить в письменной форме об этом в уполномоченный государственный орган, осуществляющий государственную регистрацию юридических лиц, для внесения в ЕГРЮЛ записи о том, что юридическое лицо находится в процессе ликвидации, а также опубликовать сведения о принятии данного решения в порядке, установленном законом.

В силу пункта 6 статьи 63 Гражданского кодекса после завершения расчетов с кредиторами ликвидационная комиссия составляет ликвидационный баланс, который утверждается учредителями (участниками) юридического лица или органом, принявшими решение о ликвидации юридического лица.

В пункте 9 статьи 63 Гражданского кодекса указано, что ликвидация юридического лица считается завершенной, а юридическое лицо - прекратившим существование после внесения сведений о его прекращении в ЕГРЮЛ в порядке, установленном законом о государственной регистрации юридических лиц.

Государственная регистрация юридических лиц при их создании, реорганизации и ликвидации, при внесении изменений в их учредительные документы осуществляется в порядке, установленном Федеральным законом от 08.08.2001 № 129-ФЗ «О государственной регистрации юридических лиц» (далее – Закона № 129-ФЗ).

В силу пункта 4 статьи 5 Закона № 129-ФЗ записи вносятся в государственные реестры на основании документов, представленных при государственной регистрации.

Из подпунктов «а», «б», «в» пункта 1 статьи 21 Закона № 129-ФЗ следует, что для государственной регистрации в связи с ликвидацией юридического лица в регистрирующий орган представляются, в том числе следующие документы: подписанное заявителем заявление о государственной регистрации по форме, утвержденной уполномоченным Правительством Российской Федерации федеральным органом исполнительной власти; ликвидационный баланс; документ об уплате государственной пошлины.

Confidential

3

В заявлении подтверждается, что соблюден установленный федеральным законом порядок ликвидации юридического лица, расчеты с его кредиторами завершены и вопросы ликвидации юридического лица согласованы с соответствующими государственными органами и (или) муниципальными органами в установленных федеральным законом случаях.

Согласно пункту 3 статьи 22 Закона № 129-ФЗ документы, предусмотренные статьей 21 Закона № 129-ФЗ, представляются в регистрирующий орган после завершения процесса ликвидации юридического лица.

Как следует из материалов жалобы, 29.07.2015 ликвидатором Общества Салтыковым А.Г. представлены в Инспекцию документы для государственной регистрации ЗАО «Финансовая группа «Лайф» в связи с ликвидацией, в том числе заявление о государственной регистрации юридического лица в связи с его ликвидацией (далее – Заявление) по форме № Р16001, ликвидационный (бухгалтерский) баланс по форме ОКУД 0710001, решение единственного акционера Общества ООО «Аливикт» от 30.06.2015 № 3 об утверждении ликвидационного (бухгалтерского) баланса Общества.

По результатам рассмотрения представленных Заявителем документов для государственной регистрации ЗАО «Финансовая группа «Лайф» в связи с ликвидацией Инспекцией принято Решение № 277289А, на основании которого в ЕГРЮЛ внесены записи за ГРН 6157747676619 и ГРН 6157747677070.

23.08.2016 в Управление поступило заявление Арминайтса А.Х., в котором данное лицо сообщило о том, что является держателем простого векселя, выданного 29.10.2014 ЗАО «Финансовая группа «Лайф», которое не уплатило Арминайтсу А.Х. по данному векселю денежную сумму в размере 1 080 771,55 рубля, в связи с чем Арминайтс А.Х. в заявлении просил признать недействительной внесенную Инспекцией в ЕГРЮЛ запись за ГРН 6157747676619 о ликвидации Общества.

При рассмотрении указанного заявления Управлением установлено, что в представленном в Инспекцию ликвидатором Общества Салтыковым А.Г. ликвидационном балансе отсутствует информация о наличии у ЗАО «Финансовая группа «Лайф» неисполненного обязательства перед Арминайтом А.Х.

По результатам рассмотрения заявления Арминайтса А.Х. Управлением принято Решение, в соответствии с которым отменено Решение № 277289А и признаны недействительными записи за ГРН 6157747676619 и ГРН 6157747677070.

Основанием для отмены вышеуказанного решения послужил вывод Управления о том, что представление в регистрирующий орган ликвидационного баланса, не отражающего действительного размера обязательств перед кредитором, следует рассматривать как непредставление документа, содержащего необходимые сведения, что является основанием для отказа в государственной регистрации ЗАО «Финансовая группа «Лайф» в связи с ликвидацией на основании подпункта «а» пункта 1 статьи 23 Закона № 129-ФЗ.

Вместе с тем, Федеральная налоговая служба считает необоснованным Решение в связи с нижеследующим.

Ликвидатором Общества Салтыковым А.Г. в подтверждение довода о том, что представленное 23.08.2016 в Управление заявление подписано неуполномоченным лицом, приложена к жалобе нотариально заверенная копия

Confidential

SL0038706

4

заявления Арминайтса А.Х., оформленного на бланке 77 В 2121952, подлинность подписи которого на данном заявлении засвидетельствована 04.10.2016 временно исполняющей обязанности нотариуса г. Москвы Ложкина В.Л. Лебединской Н.Л.

В заявлении указано, что Арминайте А.Х. не подписывал и не направлял в Управление жалобу от 23.08.2016 на Решение № 277289А, а также не заявлял требования ликвидатору Общества. Также Арминайте А.Х. в заявлении сообщил о том, что государственная регистрация ЗАО «Финансовая группа «Лайф» в связи с ликвидацией не нарушила его права и законные интересы.

В ходе рассмотрения ФНС России жалобы ликвидатора ЗАО «Финансовая группа «Лайф» Салтыкова А.Г. Межрайонной ИФНС России № 46 по г. Москве в адрес временно исполняющей обязанности нотариуса г. Москвы Ложкина В.Л. Лебединской Н.Л. направлен запрос с целью подтверждения факта свидетельствования подлинности подписи Арминайтса Андрея Хелдуровича на заявлении, оформленном на бланке 77 В 2121952.

В ответе на указанный запрос Межрайонной ИФНС России № 46 по г. Москве временно исполняющая обязанности нотариуса г. Москвы Ложкина В.Л. Лебединская Н.Л. в письме от 07.12.2016 № 1733 сообщила о том, что ей была засвидетельствована подлинность подписи Арминайтса Андрея Хелдуровича на заявлении, оформленном на бланке 77 В 2121952.

Учитывая вышеизложенное, Федеральная налоговая служба считает, что, поскольку в рассматриваемой ситуации не подтверждается факт наличия у Общества кредиторской задолженности перед Арминайтом А.Х., представленные 29.07.2015 ликвидатором Общества Салтыковым А.Г. в Инспекцию документы для государственной регистрации ЗАО «Финансовая группа «Лайф» в связи с ликвидацией соответствовали требованиям Закона № 129-ФЗ, в связи с чем Инспекцией обоснованно принято Решение № 277289А.

При таких обстоятельствах Федеральная налоговая служба, руководствуясь подпунктом «а» пункта 3 статьи 25.6 Федерального закона от 08.08.2001 № 129-ФЗ «О государственной регистрации юридических лиц и индивидуальных предпринимателей», отменяет решение УФНС России по г. Москве от 02.09.2016 № 12-34/099789 об отмене решения Межрайонной ИФНС России № 46 по г. Москве от 05.08.2015 № 277289А о государственной регистрации ЗАО «Финансовая группа «Лайф» в связи с ликвидацией и признании недействительными внесенных в ЕГРЮЛ записей за ГРН 6157747676619 и ГРН 6157747677070.


Действительный государственный советник
Российской Федерации 2 класса                                                  С.А. Аракелов

SL0038707

Confidential



translations@geotext.com
www.geotext.com

STATE OF NEW YORK            )
                             )  ss
COUNTY OF NEW YORK           )

**CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Russian into English of the attached document with Bates Nos.

SL0038704–SL0038707.

Ethan Ly, Managing Editor
Geotext Translations, Inc.

Sworn to and subscribed before me

this _25_ day of _January_ , 20 _17_ .

JEFFREY AARON CURETON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CU6169789
Qualified in New York County
My Commission Expires September 23, 2019

New York
t: +1.212.631.7432

London
t: +44.20.7553.4100

Washington, D.C.
t: +1.202.828.1267

Paris
t: +33.1.42.68.51.47

Chicago
t: +1.312.242.3756

Stockholm
t: +46.8.463.11.87

Houston
t: +1.713.353.3909

Frankfurt
t: +49.69.7593.8434

San Francisco
t: +1.415.576.9500

Hong Kong
t: +852.2159.9143