# EXHIBIT 18

## LOAN AGREEMENT # 0608/14

THIS AGREEMENT made on 06 August 2014 between:

DIGITIME ALLIANCE LTD, a Company established in Marshalls Islands under registered number 67727, having its registered office at Trust Company Complex, Ajeltake Island, Majuro, Marshall Islands MH96960 ('(Party-A)'),

And

SANBAY HOLDINGS LIMITED, a Company established in British Virgin Islands under registered number 1664254, having its registered office at Tortola, Road Town, P.O. Box 3175, British Virgin Islands ('(Party-B)')

### Definitions

1. In this Agreement the following terms shall have the following meanings.

| | |
|---|---|
| 'Loan' | means EUR 5,000,000.00 (Five million 00/100 EURO) lent by (Party-A) to (Party-B) and the balance of it from time to time. |
| 'Indebtedness' | means the Loan, interest on it and all other money from time to time owing under this Agreement and any document supplemental to it. |
| 'Rate of Interest' | means 5.0 % pa (five point zero). |
| 'clause' and 'schedule' | mean respectively clauses or schedules in this Agreement unless the context shows a contrary meaning. |

### Receipt

2. (Party-A) undertakes to transfer the sum of the Loan in full to the account of (Party-B) not later then within 5 (five) business days from the date of signing of this Agreement.

### Loan period, repayment of loan and interest

3.1. The loan is granted by (Party-A) to (Party-B) for the period of 12 (twelve) months (the "Loan period") starting from the next date after the sum of the Loan is transferred to




PLAINTIFF'S EXHIBIT 70   1/5/17

the account of (Party-B). The Parties may change the Loan period; the new Loan period shall be mutually agreed in writing by the Parties.

3.2. The Loan shall be repaid in full with the accrued interest at the Rate of Interest not later than one business day after the end of the Loan period. (Party-B) shall have the right to make advance repayment of the Loan.

Confidentiality

4. All information relating thereto and all other information which may come to knowledge with regard to business and affairs or to the details of the Parties shall be treated as strictly confidential both during and after the termination hereof except in so far as such information is already in public knowledge.

Interpretation

5.1 Except where the context renders it absurd or impossible every reference to any party to this Agreement shall include their successors in title and personal representatives, by and against whom this Agreement shall be enforceable as if they had been originally named as parties.

5.2 In this Agreement:

- words expressed in any gender shall where the context so requires or permits include any other gender;

- words importing persons shall include bodies corporate and partnerships and other incorporated bodies and vice versa;

- words expressed in the singular shall where the context so requires or permits include the plural; and

- where any party is more than one person:

- that party's obligations in this Agreement shall take effect as joint and several obligations;

- anything in this Agreement which applies to that party shall apply to all of those persons collectively and each of them separately;

2

Confidential                                                                                         SL0033757

- the benefits contained in this Agreement in favor of that party shall take effect as conferred in favor of all of those persons collectively and each of them separately; and
- the receipt of the survivor of joint holders of this Agreement shall be a good discharge to (Party-B).

5.3 The headings to clauses are inserted for ease of reference only and shall not affect the construction of this Agreement.

5.4 References in this Agreement to anything which any party is required to do or not to do shall include its acts, defaults and omissions, whether:

- direct or indirect;
- on its own account; or
- for or through any other person; and
- those which he permits or suffers to be done or not done by any other person.

5.5 The effect of all obligations affecting (Party-A) under this Agreement is cumulative and no obligation shall be limited or modified by any other of those obligations unless there is in this Agreement an express limitation or modification.

### Choice of Law; Jurisdiction

6. This Agreement, the legal relations between the parties and any related order shall be governed and interpreted, construed, and enforced in accordance with the laws of the United Kingdom. The parties agree hereby on exclusive jurisdiction of London Court of International Arbitration (London, UK) over all disputes aroused from and connected with this Agreement.

### Notices

7. Any consent, agreement, approval or notice required or permitted and/or payment or deposit to be given or made under this Agreement by one of the parties hereto to other party shall be in writing and in English and shall be delivered in person or by DHL (or other recognized international courier service requiring signature upon receipt). Such

3



Confidential

SL0033758

notice shall be deemed effective upon receipt. For purposes of notice and/or payment or deposit, the addresses and banking details of the parties shall be as follows:

(PARTY-A):

Trust Company Complex, Ajeltake Island, Majuro, Marshall Islands MH96960
Banking Particulars: Trasta komercbanka (Trust Commercial Bank) Mesnieku
iela 9, Riga LV 1050, Latvia
SWIFT: KBRBLV2X
Acc. №: LV95 KBRB 1111 2171 2400 1

(PARTY-B):

Tortola, Road Town, P.O. Box 3175, British Virgin Islands
Banking Particulars: Gazprombank (Switzerland) LTD,
Zollikerstrasse 183, PO Box 1721, Ch-8032 Zurich, Switzerland
SWIFT: RKBZCHZZ
EUR Acc. #: CH32 0866 0016 7804 0081 4

General Provisions

8.1. No alteration, cancellation, variation of or addition hereto shall be of any force or effect unless reduced to writing and signed by both parties to this agreement or their duly authorized representatives.

8.2. No extension of time or indulgence granted by any party to the other(s) shall be deemed in any way to affect, prejudice or derogate from the rights of such party in any respect under this agreement, nor shall it in any way be regarded as a waiver of rights under, or a novation of this agreement.

8.3. Whether or not the transactions contemplated hereby are consummated, all costs and expenses incurred in connection with this Agreement and the transactions contemplated hereby shall be borne and paid by the party incurring such costs and expenses.

8.4. Any failure on the part of any party hereto to comply with any of its obligations, agreements or conditions hereunder may only be waived in writing by the party to whom such compliance is owed. Any such waiver by any party will not be considered as a waiver of any subsequent failure to comply with any such obligation, agreement or condition or any other hereunder.



4

Confidential

SL0033759

8.5. If any part of this Agreement is deemed to be unenforceable, invalid or in contravention of applicable law, then such provision shall be of no effect, and the remainder of this Agreement shall remain in full force and effect, and the parties shall negotiate in good faith to replace such provision with a provision which effects to the extent possible the original intent of such provision.

8.6. Each party will be responsible for accounting to their own national tax authorities for any tax liability arising here from.

The parties have executed this Agreement in two (2) counterparts, one for each party, the day and year first above written.

For and on behalf of (Party-A):  
Attorney

For and on behalf of (Party-B):  
*Director*

_____  
Maria Levina

5

Confidential

SL0033760

Confidential

SL0033761