# EXHIBIT 34

Message

| | |
|---|---|
| **From:** | azheleznyak777 [azheleznyak777@gmail.com] |
| **Sent:** | Sept 17, 2015  14:24:17 |
| **To:** | Vitaly Nikolaevich Popov         [vitaliy.popov@avilon.ru]; Irina Nikolaevna Monakhova [irina.monakhova@avilon.ru]; Shamis Maxim [5391146@gmail.com]; Aleksandr Lazarevich Varshavsky [av@avilon.ru]; Kamo Kimovich Avagumyan  k@avilon.ru] Katya  PWC [ekaterina.malygina@ru.pwc.com] |
| **Subject:** | Absolute Assignment and transfer of loans dated 9th of September 2015.pdf |
| **Attachments:** | Absolute Assignment and transfer of loans dated 9th of September 2015.pdf; ATT00001.txt |



PLAINTIFF'S
EXHIBIT
5 6
12/20/16

## ABSOLUTE ASSIGNMENT AND TRANSFER OF LOANS

This Absolute Assignment and Transfer of Loans Agreement (the "Agreement") is effective 9th of September 2015,

BETWEEN:  OOO Avilon Plaza (the "Lender"), a company organized and existing under the laws of the Russian Federation, with its head office located at 43/2 Volgogradskiy ave, Moscow, Russia;

AND:  Avilon Holdings Limited, (the "Assignor") a company incorporated under the laws of Cyprus (reg no HE272512) with registered office at 3 Themistokli Dervi St. Nicosia, Cyprus

AND:  Valkera Investments Limited (the "Assignee"), a company organized and existing under the laws of Cyprus, with its head office located at Agias Paraskevis, 196, GREEN VALLEY 2, Flat/Office 205, 4044, Limassol, Cyprus

WHEREAS pursuant to the Loan Agreement No 2712/10 dd. 27/12/2010, the Lender has made certain Loans to the Debtor;

WHEREAS on September 9, 2015 the Lender and the Assignor entered into an agreement under which the Lender transferred and assigned to the Assignor the rights to collect the Loans from the Debtor;

WHEREAS the Assignor has ceded, transferred and assigned its right, title and interest in and to the Loans and the right to recover same to the Assignee, who has accepted and assumed same;

WHEREAS for the sum of the Consideration (as defined in Section 3.1 below) as good and valid consideration payable by the Assignee to the Assignor under this Agreement, the Assignor now wishes to cede, transfer and assign its right, title and interest in and to the Loans and the right to recover same to the Assignee, who wishes to accept and assume same;

WHEREAS the payment of the amount of the Loans by the Assignee to the Assignor shall be full and final release of the Debtor and the Assignee in connection with the Loans.

Confidential

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency and receipt of which are hereby acknowledged, the parties hereto have agreed as follows:

## 1   INTERPRETATION

### 1.1 Definitions

The capitalized words and expressions used in this Agreement, in its Schedules or in any document supplemental or ancillary hereto, unless there be something in the subject or the context inconsistent therewith, shall have the meanings ascribed to them in Schedule [SPECIFY], or if not defined therein shall have the meanings ascribed to them in the Credit Agreement or the Option Agreement (as the case may be).

"Agreement" means this Absolute Assignment and Transfer of Loans including all schedules attached hereto, all of which are incorporated herein by reference and form part hereof and all amendments and supplements hereto and the terms "herein", "hereof", "hereto", "hereunder", and like terms refer to this Agreement.

"Credit Agreement" means that certain credit agreement № 2712/10 dd 27.12.2010 for the principal amount of US$ 15,268,775.89 between the Debtor as borrower and the Lender as lender, as same may be amended, restated or supplemented from time to time.

"Debtor" means Ambika Investments Limited, a company incorporated under the laws of Cyprus under registration number HE179580.

"Loans" means a total amount of US$16,644,220.69 comprises of the sum of US$ 15,268,775.89 that was lent by the Lender, to the Debtor under the Credit Agreement plus interest in the sum of 1,375,444.80 (calculated on date of execution the present Agreement).

### 1.2 General Interpretation

Unless there be something in the subject or the context inconsistent therewith, words importing the singular only shall include the plural and vice versa, words importing the masculine gender shall include the feminine gender and vice versa, and all references to currency shall mean United State Dollars.

### 1.3 Division into Articles

The division of this Agreement into Articles, Sections, subsections, paragraphs and subparagraphs and the insertion of titles are for convenience of reference only and do not affect the meaning or the interpretation of this Agreement.

AVPE0002557

## 2   ASSIGNMENT OF LOANS

### 2.1 Assignment

In consideration of the acquisition by the Assignee of the Loans under the terms of this Agreement, the Assignor does effective as of and from the date hereof absolutely transfer, assign and make over unto the Assignee, hereto present and accepting the same, all of the Assignor's right, title and interest in the Loans accruing or growing due and outstanding as at date hereof to the Assignor and the Assignor effective as of and from the date hereof further assigns and transfers unto the Assignee all deeds, documents, writings, papers, books of account and other books relating to or being records of the Loans or by which the Loans are or may hereafter be secured, evidenced, acknowledged or made payable (the whole hereinafter referred to as the "Documents"). The Loans and the Documents shall be transferred from the Assignor to the Assignee with a good and valid title, free and clear of any encumbrances.

## 3   CONSIDERATION

### 3.1 Consideration

In consideration for the Assignment of the Loans in accordance with Section 2.1 above, the Assignee hereby undertake to pay the Assignor a sum of Seventeen Million US Dollars (US$17,000,000) (the "Consideration").

The Consideration shall be paid by the Assignee to the Assignor by 1 installment within 7 Business Days from the date hereof. The Consideration shall be paid by wire transfer on the following bank account:

AVILON HOLDINGS LIMITED
USD bank acc. 357016399138
USD IBAN CY06002001950000357016399138
with Bank of Cyprus IBU Nicosia 3
SWIFT BIC BCYPCY2N

### 3.2 Final Settlement

Subject to payment of the Consideration by the Assignee to the Assignor, neither the Lender nor the Assignor shall has any further rights or claims in connection with the Loans and both the Debtor and the Assignees shall be fully released from any obligation towards the Lender or the Assignor in connection with the Loans.

AVPE0002558

4   TAX

### 4.1 No Tax Liability

The Lender and the assignor hereby warrants to the Assignee that no tax liability of any kind, including withholding tax, may be imposed by the Russian tax authorities in connection with the assignment of the Loans by the Lender to the Assignor.

### 4.2 Indemnity

The Lender and Assignor (the "Indemnifying Parties") hereby undertake, jointly and severally, to indemnify and hold harmless the Assignee and the Debtor (the "Indemnified Parties") for any tax liability that may be imposed by the Russian tax authorities in connection with the assignment of the Loans by the Lender to the Assignor. The Indemnifying Parties undertake to pay to the Indemnified Party all the amounts that may be requested by the tax authorities of Russian Federation within 7 days from the date on which the Indemnified Parties (or any of them) will present to the Indemnifying Parties a written request that will be supported by appropriate documents showing the tax liability that was imposed on the applicable Indemnified Party by the tax authorities of the Russian Federation.

5   MISCELLANEOUS

### 5.1 Notices

Any demand, notice, request or other communication to be given in connection with this Agreement shall be given in writing and shall be given by personal delivery, by registered mail or by telex or telecopier addressed as follows:

####    4.1.1.  IF TO THE ASSIGNEE :

[FULL ADDRESS]
Attention: _____
Facsimile: _____

####    4.1.2.  IF TO THE ASSIGNOR:

Avilon Holdings Limited
3 Themistokli Dervi Street 1066 Nicosia Cyprus
Attention: Mr Michalakis Hadjimichael
Facsimile: _____

####    4.1.3   If to the Lender
OOO Avilon Plaza _____
43/2 Volgogradskiy ave, Moscow, Russia Attention:: Ms. Irina Monakhova
Facsimile: _____

AVPE0002559

or to such other address, individual or electronic communication number as may be designated by notice given by either party to the other. Any demand, notice, request or other communication given by personal delivery shall be conclusively deemed to have been given on the day of actual delivery thereof and, if given by registered mail, on the 3 Business Day following the deposit thereof in the mail and, if given by electronic communication, with confirmation of receipt, on the day of transmittal thereof if given during the normal business hours of the recipient and on the Business Day during which such normal business hours next occur if not given during such hours on any day. If the party giving any demand, notice or other communication knows or ought reasonably to know of any difficulties with the postal system which might affect the delivery of mail, any such demand, notice, request or other communication shall not be mailed but shall be given by personal delivery or by electronic communication.

## 5.2 Rights and Recourses Cumulative

The rights and remedies of the Assignor under this Agreement shall be cumulative and not exclusive of any rights or remedies which it would otherwise have and no failure or delay by the Assignor in exercising any right shall operate as a waiver thereof, nor shall any single or partial exercise of any power or right preclude its other or further exercise or the exercise of any other power or right.

## 5.3 Binding Contract

This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, executors, legal representatives, successors and permitted assigns.

## 5.4 Assignment of Contract

The rights and obligations of the Assignor hereunder are declared to be purely personal and, therefore, not to be assigned or transferred nor can the Assignor assign or transfer any of its rights and/or obligations, any such assignment being null and void insofar as the Assignee is concerned. The Assignee may at any time assign in whole or in part this Agreement and its rights, title and interest hereunder to one or more of its affiliates or associates without any requirement to obtain any consent of any other party hereto.

## 5.5 Entire Agreement

Together with the Credit Agreement and the Option Agreement, this Agreement contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior negotiations, agreements and understandings, if any.

## 5.6 Further Assurances

The Assignee on the one hand and the Assignor on the other hand will each execute and deliver such further documents and instruments and do such acts and things after the



AVPE0002560

execution hereof as may be reasonably required by the other to carry out the intent and meaning of this Agreement.

## 5.7 Counterparts

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all such separate counterparts shall together constitute but one and the same instrument.

## 5.8 Severability

Any provision of this Agreement, which is prohibited or unenforceable in any jurisdiction, shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof in that jurisdiction or affecting the validity or enforceability of such provision in any other jurisdiction.

## 5.9 Interpretation

Each Article and Section of this Agreement, and any part hereof, shall be interpreted separately and the nullity of any Article or Section or any part thereof shall render the remaining parts of the Agreement null.

## 5.10    Dispute Resolution

Any dispute, controversy, or claim arising out of, or in relation to, this Agreement, including the validity, invalidity, breach, or termination thereof, shall be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution in force on the date on which the Notice of Arbitration is submitted in accordance with these Rules. The number of arbitrators shall be one. The seat of the arbitration shall be Geneva, Switzerland. The arbitral proceedings shall be conducted in English.

## 5.11. Validity of the Agreement

The present Agreement comes into force from the date of its signing by both Parties. In case of nonfulfillment by Assignee its obligation to pay Consideration as mentioned on p. 3.1. and 3.2. here above, the present Agreement to be considered as terminated on the fifteenth day of delay of paying Consideration and neither Party shall have any claims in connection with such termination against other Parties.



IN WITNESS WHEREOF, the parties hereto have signed this Agreement on the date and in the place first hereinabove mentioned.

ASSIGNOR                                    ASSIGNEE

_____                    _____
Authorized Signature                        Authorized Signature

_____                    ALEXIA ANDREOU, DIRECTOR
Print Name and Title   Michalakis Hadjimichael    Print Name and Title
                       Director

LENDER

_____
Authorized Signature

_____
Print Name and Title

DEBTOR AFFIRMATION

Debtor hereby confirms its consent for the assignment stated above.

_____
Authorized Signature

PETROS LIVANIOS, DIRECTOR
Print Name and Title

Message

| | |
|---|---|
| **From:** | azheleznyak777 [azheleznyak777@gmail.com] |
| **Sent:** | 17/09/2015 14:24:17 |
| **To:** | Попов Виталий Николаевич [vitaliy.popov@avilon.ru]; Монахова Ирина Николаевна [irina.monakhova@avilon.ru]; Shamis Maxim [5391146@gmail.com]; Варшавский Александр Лазаревич [av@avilon.ru]; Авагумян Камо Кимович [ak@avilon.ru]; Катя PWC [ekaterina.malygina@ru.pwc.com] |
| **Subject:** | Absolute Assignment and transfer of loans dated 9th of September 2015.pdf |
| **Attachments:** | Absolute Assignment and transfer of loans dated 9th of September 2015.pdf; ATT00001.txt |

PLAINTIFF'S
EXHIBIT
56
12 | 20 | 16

PENGAD 800-631-6989

## ABSOLUTE ASSIGNMENT AND TRANSFER OF LOANS

This Absolute Assignment and Transfer of Loans Agreement (the "Agreement") is effective 9th of September 2015,

BETWEEN:        OOO Avilon Plaza (the "Lender"), a company organized and existing under the laws of the Russian Federation, with its head office located at 43/2 Volgogradskiy ave. Moscow, Russia;

AND:        Avilon Holdings Limited, (the "Assignor") a company incorporated under the laws of Cyprus (reg no HE272512) with registered office at 3 Themistokli Dervi St. Nicosia, Cyprus

AND:        Valkera Investments Limited (the "Assignee"), a company organized and existing under the laws of Cyprus, with its head office located at Agias Paraskevis, 196, GREEN VALLEY 2, Flat/Office 205, 4044, Limassol, Cyprus

WHEREAS pursuant to the Loan Agreement No 2712/10 dd. 27/12/2010, the Lender has made certain Loans to the Debtor;

WHEREAS on September 9, 2015 the Lender and the Assignor entered into an agreement under which the Lender transferred and assigned to the Assignor the rights to collect the Loans from the Debtor;

WHEREAS the Assignor has ceded, transferred and assigned its right, title and interest in and to the Loans and the right to recover same to the Assignee, who has accepted and assumed same;

WHEREAS for the sum of the Consideration (as defined in Section 3.1 below) as good and valid consideration payable by the Assignee to the Assignor under this Agreement, the Assignor now wishes to cede, transfer and assign its right, title and interest in and to the Loans and the right to recover same to the Assignee, who wishes to accept and assume same;

WHEREAS the payment of the amount of the Loans by the Assignee to the Assignor shall be full and final release of the Debtor and the Assignee in connection with the Loans.

Confidential

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency and receipt of which are hereby acknowledged, the parties hereto have agreed as follows:

## 1   INTERPRETATION

### 1.1 Definitions

The capitalized words and expressions used in this Agreement, in its Schedules or in any document supplemental or ancillary hereto, unless there be something in the subject or the context inconsistent therewith, shall have the meanings ascribed to them in Schedule [SPECIFY], or if not defined therein shall have the meanings ascribed to them in the Credit Agreement or the Option Agreement (as the case may be).

"Agreement" means this Absolute Assignment and Transfer of Loans including all schedules attached hereto, all of which are incorporated herein by reference and form part hereof and all amendments and supplements hereto and the terms "herein", "hereof", "hereto", "hereunder", and like terms refer to this Agreement.

"Credit Agreement" means that certain credit agreement № 2712/10 dd 27.12.2010 for the principal amount of US$ 15,268,775.89 between the Debtor as borrower and the Lender as lender, as same may be amended, restated or supplemented from time to time.

"Debtor" means Ambika Investments Limited, a company incorporated under the laws of Cyprus under registration number HE179580.

"Loans" means a total amount of US$16,644,220.69 comprises of the sum of US$ 15,268,775.89 that was lent by the Lender, to the Debtor under the Credit Agreement plus interest in the sum of 1,375,444.80 (calculated on date of execution the present Agreement).

### 1.2 General Interpretation

Unless there be something in the subject or the context inconsistent therewith, words importing the singular only shall include the plural and vice versa, words importing the masculine gender shall include the feminine gender and vice versa, and all references to currency shall mean United State Dollars.

### 1.3 Division into Articles

The division of this Agreement into Articles, Sections, subsections, paragraphs and subparagraphs and the insertion of titles are for convenience of reference only and do not affect the meaning or the interpretation of this Agreement.

AVPE0002557

## 2   ASSIGNMENT OF LOANS

### 2.1 Assignment

In consideration of the acquisition by the Assignee of the Loans under the terms of this Agreement, the Assignor does effective as of and from the date hereof absolutely transfer, assign and make over unto the Assignee, hereto present and accepting the same, all of the Assignor's right, title and interest in the Loans accruing or growing due and outstanding as at date hereof to the Assignor and the Assignor effective as of and from the date hereof further assigns and transfers unto the Assignee all deeds, documents, writings, papers, books of account and other books relating to or being records of the Loans or by which the Loans are or may hereafter be secured, evidenced, acknowledged or made payable (the whole hereinafter referred to as the "Documents"). The Loans and the Documents shall be transferred from the Assignor to the Assignee with a good and valid title, free and clear of any encumbrances.

## 3   CONSIDERATION

### 3.1 Consideration

In consideration for the Assignment of the Loans in accordance with Section 2.1 above, the Assignee hereby undertake to pay the Assignor a sum of Seventeen Million US Dollars (US$17,000,000) (the "Consideration").

The Consideration shall be paid by the Assignee to the Assignor by 1 installment within 7 Business Days from the date hereof. The Consideration shall be paid by wire transfer on the following bank account:

AVILON HOLDINGS LIMITED
USD bank acc. 357016399138
USD IBAN CY06002001950000357016399138
with Bank of Cyprus IBU Nicosia 3
SWIFT BIC BCYPCY2N

### 3.2 Final Settlement

Subject to payment of the Consideration by the Assignee to the Assignor, neither the Lender nor the Assignor shall has any further rights or claims in connection with the Loans and both the Debtor and the Assignees shall be fully released from any obligation towards the Lender or the Assignor in connection with the Loans.

4  TAX

4.1 No Tax Liability

The Lender and the assignor hereby warrants to the Assignee that no tax liability of any kind, including withholding tax, may be imposed by the Russian tax authorities in connection with the assignment of the Loans by the Lender to the Assignor.

4.2 Indemnity

The Lender and Assignor (the "Indemnifying Parties") hereby undertake, jointly and severally, to indemnify and hold harmless the Assignee and the Debtor (the "Indemnified Parties") for any tax liability that may be imposed by the Russian tax authorities in connection with the assignment of the Loans by the Lender to the Assignor. The Indemnifying Parties undertake to pay to the Indemnified Party all the amounts that may be requested by the tax authorities of Russian Federation within 7 days from the date on which the Indemnified Parties (or any of them) will present to the Indemnifying Parties a written request that will be supported by appropriate documents showing the tax liability that was imposed on the applicable Indemnified Party by the tax authorities of the Russian Federation.

5  MISCELLANEOUS

5.1 Notices

Any demand, notice, request or other communication to be given in connection with this Agreement shall be given in writing and shall be given by personal delivery, by registered mail or by telex or telecopier addressed as follows:

4.1.1.  IF TO THE ASSIGNEE :

[FULL ADDRESS]
Attention: _____
Facsimile: _____

4.1.2.  IF TO THE ASSIGNOR:

Avilon Holdings Limited
3 Themistokli Dervi Street 1066 Nicosia Cyprus
Attention: Mr Michalakis Hadjimichael
Facsimile: _____

4.1.3  If to the Lender
OOO Avilon Plaza _____
43/2 Volgogradskiy ave, Moscow, Russia Attention: Ms. Irina Monakhova
Facsimile: _____

or to such other address, individual or electronic communication number as may be designated by notice given by either party to the other. Any demand, notice, request or other communication given by personal delivery shall be conclusively deemed to have been given on the day of actual delivery thereof and, if given by registered mail, on the 3 Business Day following the deposit thereof in the mail and, if given by electronic communication, with confirmation of receipt, on the day of transmittal thereof if given during the normal business hours of the recipient and on the Business Day during which such normal business hours next occur if not given during such hours on any day. If the party giving any demand, notice or other communication knows or ought reasonably to know of any difficulties with the postal system which might affect the delivery of mail, any such demand, notice, request or other communication shall not be mailed but shall be given by personal delivery or by electronic communication.

### 5.2 Rights and Recourses Cumulative

The rights and remedies of the Assignor under this Agreement shall be cumulative and not exclusive of any rights or remedies which it would otherwise have and no failure or delay by the Assignor in exercising any right shall operate as a waiver thereof, nor shall any single or partial exercise of any power or right preclude its other or further exercise or the exercise of any other power or right.

### 5.3 Binding Contract

This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, executors, legal representatives, successors and permitted assigns

### 5.4 Assignment of Contract

The rights and obligations of the Assignor hereunder are declared to be purely personal and, therefore, not to be assigned or transferred nor can the Assignor assign or transfer any of its rights and/or obligations, any such assignment being null and void insofar as the Assignee is concerned. The Assignee may at any time assign in whole or in part this Agreement and its rights, title and interest hereunder to one or more of its affiliates or associates without any requirement to obtain any consent of any other party hereto.

### 5.5 Entire Agreement

Together with the Credit Agreement and the Option Agreement, this Agreement contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior negotiations, agreements and understandings, if any.

### 5.6 Further Assurances

The Assignee on the one hand and the Assignor on the other hand will each execute and deliver such further documents and instruments and do such acts and things after the

Confidential

execution hereof as may be reasonably required by the other to carry out the intent and meaning of this Agreement.

### 5.7 Counterparts

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all such separate counterparts shall together constitute but one and the same instrument.

### 5.8 Severability

Any provision of this Agreement, which is prohibited or unenforceable in any jurisdiction, shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof in that jurisdiction or affecting the validity or enforceability of such provision in any other jurisdiction.

### 5.9 Interpretation

Each Article and Section of this Agreement, and any part hereof, shall be interpreted separately and the nullity of any Article or Section or any part thereof shall render the remaining parts of the Agreement null.

### 5.10    Dispute Resolution

Any dispute, controversy, or claim arising out of, or in relation to, this Agreement, including the validity, invalidity, breach, or termination thereof, shall be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution in force on the date on which the Notice of Arbitration is submitted in accordance with these Rules. The number of arbitrators shall be one. The seat of the arbitration shall be Geneva, Switzerland. The arbitral proceedings shall be conducted in English.

### 5.11. Validity of the Agreement

The present Agreement comes into force from the date of its signing by both Parties. In case of nonfulfillment by Assignee its obligation to pay Consideration as mentioned on p. 3.1. and 3.2. here above, the present Agreement to be considered as terminated on the fifteenth day of delay of paying Consideration and neither Party shall have any claims in connection with such termination against other Parties.

Confidential

IN WITNESS WHEREOF, the parties hereto have signed this Agreement on the date and in the place first hereinabove mentioned.

ASSIGNOR

_____
Authorized Signature

_____
Print Name and Title     Michalakis Hadjimichael
                              Director

ASSIGNEE

_____
Authorized Signature

ALEXIA  ANDREOU , DIRECTOR
Print Name and Title

LENDER

_____
Authorized Signature

_____
Print Name and Title     Dino Monokhova

DEBTOR AFFIRMATION

Debtor hereby confirms its consent for the assignment stated above.

_____
Authorized Signature

PETROS  LIVANIOS , DIRECTOR
Print Name and Title

AVPE0002562



translations@geotext.com
www.geotext.com

STATE OF NEW YORK        )
                         )
                         )   ss
COUNTY OF NEW YORK       )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Russian into English of the attached document with Bates Nos. AVPE0002555–AVPE0002562.

Jeff Cureton, Senior Managing Editor
Geotext Translations, Inc.

Sworn to and subscribed before me

this 25ᵀᴴ day of January, 2017.

KRISTEN DUFFY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DU6121852
Qualified in Queens County
My Commission Expires January 31, 2017

New York
t: +1.212.631.7432

Washington, D.C.
t: +1.202.828.1267

Chicago
t: +1.312.242.3756

Houston
t: +1.713.353.3909

San Francisco
t: +1.415.576.9500

London
t: +44.20.7553.4100

Paris
t: +33.1.42.68.51.47

Stockholm
t: +46.8.463.11.87

Frankfurt
t: +49.69.7593.8434

Hong Kong
t: +852.2159.9143