# EXHIBIT 46

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                      :

SERGEY LEONTIEV,                                   :

                       Plaintiff,                    :       Case No. 1:16-cv-03595 (JSR)

                  - v. -                           :

ALEXANDER VARSHAVSKY,             :

                       Defendant.              :

------------------------------------------------------------- X

## DEFENDANT'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Alexander Varshavsky, by his attorneys, Debevoise & Plimpton LLP, hereby responds and objects to Plaintiff's Requests for Admission to Defendant dated December 14, 2016 (the "Requests").  Defendant designates these responses and objections as Confidential under the Protective Order entered by the Court on September 21, 2016.

### General Objections

All of the General Objections set forth herein apply to and are incorporated into each of the specific responses to the Requests set forth below and have the same force and effect as if fully set forth therein, whether or not expressly incorporated by reference in such specific responses.  Without waiving any of these General Objections to the extent they apply to each of the Requests, Defendant may specifically refer to certain General Objections in responding to certain Requests.

1. Defendant objects to the Requests to the extent they seek discovery of information neither relevant to the issues raised in this action nor reasonably calculated to lead to the discovery of evidence admissible in this action.

2. Defendant objects to the Requests to the extent they purport to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure ("FRCP") or the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules").  Defendant will respond to the Requests pursuant to the requirements of the FRCP and Local Rules.

3. Defendant objects to the Requests to the extent they call for information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privileges.  Any inadvertent disclosure of materials protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery is not intended as, and should not be construed to constitute, a waiver.

4. Defendant objects to the Requests to the extent they are unreasonably cumulative or duplicative.

5. Defendant objects to the Requests to the extent that they are vague, ambiguous or otherwise incomprehensible.

6. Defendant objects to the Requests to the extent that they seek information beyond the time period relevant to this action.

7. Defendant objects to the Requests to the extent that they seek information not in the possession, custody or control of Defendant.

8. Defendant's failure to object to any specific request on a particular ground or grounds shall not be construed as a waiver of the right to object on any additional ground(s).

Defendant reserves the right to amend and/or supplement his objections and responses consistent with further investigation and discovery.

9. In responding to the Requests, Defendant does not concede the relevance, materiality or admissibility of any information sought therein. Defendant's responses are without waiver or limitation of his right to object on these or any other grounds to the use of any information or documents provided or referred to in their responses, in any subsequent proceedings, including the trial of this or any other matter.

10. Defendant objects to Plaintiff's definition of "Alleged Loans" on the grounds that it is vague, ambiguous and confusing. Defendant will respond on the basis that "Alleged Loans" means the various loan agreements, promissory notes, and guarantees identified in Appendices A, B, and C to the Complaint.

## Specific Responses and Objections to Requests for Admission

**REQUEST NO. 1:**

Admit that Avilon did not assign You its rights under the loans identified in Appendix B to the Complaint.

**ANSWER:**

Defendant objects to Request No. 1 on the grounds that it is vague, ambiguous and confusing in its use of the term "assign," and responds on the basis that this term refers only to a formal legal assignment for consideration. Subject to and without waiving the foregoing general and specific objections, Defendant admits Request No. 1.

**REQUEST NO. 2:**

Admit that Igor Renich did not assign You his rights under the promissory notes identified in Appendix A to the Complaint

**ANSWER:**

Defendant objects to Request No. 2 on the grounds that it is vague, ambiguous and confusing in its use of the term "assign," and responds on the basis that this term refers only to a formal legal assignment for consideration. Subject to and without waiving the foregoing general and specific objections, Defendant admits Request No. 2.

**REQUEST NO. 3:**

Admit that Diana Karapetyan did not assign You her rights under the promissory notes identified in Appendix A to the Complaint.

**ANSWER:**

Defendant objects to Request No. 3 on the grounds that it is vague, ambiguous and confusing in its use of the term "assign," and responds on the basis that this term refers only to a formal legal assignment for consideration. Subject to and without waiving the foregoing general and specific objections, Defendant admits Request No. 3.

**REQUEST NO. 4:**

Admit that Karen Avagumyan did not assign You his rights under the promissory notes identified in Appendix A to the Complaint.

**ANSWER:**

Defendant objects to Request No. 4 on the grounds that it is vague, ambiguous and confusing in its use of the term "assign," and responds on the basis that this term refers only to a formal legal assignment for consideration. Subject to and without waiving the foregoing general and specific objections, Defendant admits Request No. 4.

**REQUEST NO. 5:**

Admit that Avilon did not believe it was transacting directly with Sergey Leontiev in his personal capacity when it entered into the loans identified in Appendix B to the Complaint.

**ANSWER:**

Defendant objects to Request No. 5 on the grounds that it is vague, ambiguous and confusing in its use of the phrase "transacting directly with." Subject to and without waiving the foregoing general and specific objections, Defendant denies Request No. 5.

**REQUEST NO. 6:**

Admit that Avilon did not believe it was transacting directly with Sergey Leontiev in his personal capacity when it obtained the guarantees identified in Appendix C to the Complaint.

**ANSWER:**

Defendant objects to Request No. 6 on the grounds that it is vague, ambiguous and confusing in its use of the phrase "transacting directly with." Subject to and without waiving the foregoing general and specific objections, Defendant denies Request No. 6.

**REQUEST NO. 7:**

Admit that Sergey Leontiev never made any misrepresentation to induce anyone to lend money in connection with the Alleged Loans.

**ANSWER:**

Subject to and without waiving the foregoing general objections, Defendant denies Request No.7.

**REQUEST NO. 8:**

Admit that no one made any misrepresentation to induce anyone to lend money in connection with the Alleged Loans.

**ANSWER:**

Subject to and without waiving the foregoing general objections, Defendant denies Request No. 8.

**REQUEST NO. 9:**

Admit that You did not file a creditor claim against Probusinessbank in its Russian insolvency proceedings.

**ANSWER:**

Subject to and without waiving the foregoing general objections, Defendant admits Request No. 9.

**REQUEST NO. 10:**

Admit that Avilon did not file a creditor claim against Probusinessbank in its Russian insolvency proceedings.

**ANSWER:**

Subject to and without waiving the foregoing general objections, Defendant admits Request No. 10.

**REQUEST NO. 11:**

Admit that Igor Renich did not file a creditor claim against Probusinessbank in its Russian insolvency proceedings.

**ANSWER:**

Defendant objects to Request No. 11 on the grounds that it seeks information not in Defendant's possession, custody or control. Subject to the foregoing general and specific objections, Defendant states that it has made a reasonable inquiry and the information known or readily obtained is insufficient to allow Defendant to admit or deny Request No. 11 at this time.

**REQUEST NO. 12:**

Admit that Diana Karapetyan did not file a creditor claim against Probusinessbank in its Russian insolvency proceedings.

**ANSWER:**

Defendant objects to Request No. 12 on the grounds that it seeks information not in Defendant's possession, custody or control. Subject to the foregoing general and specific objections, Defendant states that it has made a reasonable inquiry and the information known or readily obtained is insufficient to allow Defendant to admit or deny Request No. 12 at this time.

**REQUEST NO. 13:**

Admit that Karen Avagumyan did not file a creditor claim against Probusinessbank in its Russian insolvency proceedings.

**ANSWER:**

Subject to and without waiving the foregoing general objections, Defendant admits Request No. 13.

Dated: New York, New York
January 13, 2017

DEBEVOISE & PLIMPTON LLP

/s/ Sean Hecker
Sean Hecker
William H. Taft V
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 521-6386
shecker@debevoise.com
whtaft@debevoise.com

*Counsel to Defendant Alexander Varshavsky*

7

## **CERTIFICATION OF SERVICE**

I hereby certify that on January 13, 2017, a true and correct copy of the foregoing Defendant's Responses and Objections to Plaintiff's Requests for Admission to Defendant was served via electronic mail on counsel of record at the following addresses, pursuant to the parties' agreement to accept service via electronic mail in this action:

Robert Weigel, Esq.
RWeigel@gibsondunn.com

Marshall King, Esq.
MKing@gibsondunn.com

Alison Wollin
AWollin@gibsondunn.com

Ester Murdukhayeva
EMurdukhayeva@gibsondunn.com

*Counsel to Plaintiff Sergey Leontiev*

                                        /s/ Nicholas C. Tompkins
                                        Nicholas C. Tompkins