# EXHIBIT 68

**Vitaliy Nikolaevich Popov**

| | |
|---|---|
| From: | Vitaliy Nikolaevich Popov |
| Sent: | December 24, 2015, 11:04 |
| To: | Kevin Garden (ILC) |
| Cc: | Alexander Gluhovsky; Maxim Shamis |
| Subject: | RE: Avilon Automotive Group |
| Attachments: | Assignment agreement Avilon_Ambika 24122015.docx |

Dear mr. Garden,

Thanks for your letter. In order to address the issue by correct way and at the same time by prompt manner we propose the following. Taking into account that your client's side has already close some part of debt previously we believe that we can use the method had already agreed and used by parties. Please discuss with your client the assignment agreement regarding the debt before of Avilon Plaza which has been already signed and performed. So we propose to use the same way for arranging a prompt partly payment in amount of USD 11870000 as payment under agreement on partial assignment (as described in attached draft).

We'll return to you in respect to outstanding amount within next few days.
Kindly note this Draft Agreement is not deemed to be concluded until signed by all Parties, as well as all conditions, terms, representation and warranties are not deemed to be agreed by our side.
Thanks in advance, we stay at your disposal.

Best regards,
Vitaliy Popov
Head of legal department
AVILON AG
105318, Moscow, Volgogradskiy prospect, building 41/1
Tel.:    +7 495 730-4450 ext.: 7640
E-mail:  vitaliy.popov@avilon.ru
Http:    www.avilon.ru

From: Kevin Garden (ILC) [mailto:kg@legal-counsels.com]
Sent: Thursday, December 17, 2015 8:12 PM
To: Попов Виталий Николаевич
Cc: 'Alexander Gluhovsky'
Subject: Avilon Automotive Group

Mr. Popov·

Attached please find correspondence regarding Avilon Automotive Group.

Sincerely,

Kevin R. Garden, Esq.

*femida.us*

kg@legal-counsels.com
901 N. Pitt Street, Suite 325
Alexandria, VA 22314
ph: 1.703.739.9111

PLAINTIFF'S
EXHIBIT
107
PENGAD 800-631-6989
1/9/17

1

*skype: Kevin.Gorden5*
*www.femida.us*

==============================================
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.
==============================================

2

AVP0001008

AGREEMENT ON PARTIAL ASSIGNMENT

ДОГОВОР ЧАСТИЧНОЙ УСТУПКИ ПРАВ

Moscow                    December 23, 2015    г. Москва              23 декабря 2015 г.

Avilon Automotive Group AO (the "Assignor"), a company organized and existing under the laws of the Russian Federation, with its head office located at 109316, Moscow, Volgogradskiy avenue 43, bld.3 on the one part and the _____ Limited (the "Assignee"), a company organized and existing under the laws of _____, with its head office located at _____, on the other part have agreed as follows:

Акционерное общество Авилон Автомобильная Группа "Цедент", компания созданная и действующая в соответствии с законодательством Российской Федерации, юридический адрес которой 109316, г. Москва, Волгоградский пр-т., д 43, к.3 с одной стороны и _____ Лимитед "Цессионарий" компания созданная и действующая в соответствии с законодательством. _____ Юридический адрес _____, с другой стороны, заключили настоящий договор о нижеследующем:

## 1. SUBJECT OF THE AGREEMENT

1.1. The Assignor shall transfer and the Assignee shall accept the partial right of claim debt under loan agreement 0109/11 dd. 01/09/2011 concluded between the Assignor and Debtor - Ambika Investments Limited. The amount of transferred debt is 11.051.758,50 USD and the amount of calculated interest on December 23, 2015 is 818.241,50 USD.

1.2. The Parties agrees that total debt amount of Ambika Investments Limited before The Assignor under indicated contract is 29.644.669,10 USD, consisting of debt in amount of 27.601.155,17 USD and interest calculated on December 23, 2015 in the amount of

## 1. ПРЕДМЕТ ДОГОВОРА

1.1. Цедент уступает, а Цессионарий принимает частичное право требования задолженности по договору займа № 0109/11 от 01/09/2011, заключенному между Цедентом и Должником – Ambika Investments Limited. Размер уступаемых прав а сумме части основного долга – 11.051.758,50 USD и начисленные на 23 Декабря 2015 проценты на эту часть суммы долга – 818.241,50 USD.

1.2. Стороны признают, что общая сумма долга Ambika Investments Limited перед Цедентом по указанному договору составляет 29.644.669,10 USD, в том числе сумма основного долга 27.601.155,17 USD и сумма

1

AVP0001009

2,043,512,93 USD.

1.3. All not-transferred rights under present Agreement shall be kept by the Assignor.

процентов, начисленных по состоянию на 23.12.2015 составляет 2.043.512,93 USD.

1.3 Все права требования, не переданные по настоящему Договору, Цедент сохраняет за собой.

## 2. TRANSFER OF RIGHT (CLAIM)

2.1. Within five days from the moment of receiving the consideration for the transferred right in full the Assignor shall transfer to the Assignee copies of all available documents certifying the Assignor's right of claim against the Debtor.

2.2. The Assignor shall provide the Assignee with all available information need for the Assignee's exercise of rights hereunder.

2.3. The Assignee shall notify Debtor on the available address about assignment under the present agreement within 15 calendar days from the date of receiving the consideration in full and provide Assignor with confirmation copy of notice.

2.4. From the moment of full payment under the present agreement the Assignee shall become a new creditor of the Debtor hereunder in the amount of transferred rights.

## 2. ПЕРЕДАЧА ПРАВА (ТРЕБОВАНИЯ)

2.1. В пятидневный срок со дня получения полной оплаты за уступаемое право Цедент обязан передать Цессионарию копии всех имеющихся у него документов, удостоверяющих право требования Цедента к Должнику.

2.2. Цедент обязан сообщить Цессионарию все иные сведения, имеющие значение для осуществления Цессионарием своих прав по договору.

2.3. Цессионарий обязуется уведомить Должника по имеющемуся адресу об уступке своего права требования в течении 15 календарных дней с даты получения полной оплаты и представить копию соответствующего уведомления Цеденту.

2.4. С момента полной оплаты по настоящему договору Цессионарий становится новым кредитором Должника по договору в части уступленного права.

## 3. PAYMENT UNDER AGREEMENT

3.1. The assignment under the present agreement is for consideration.

3.2.     As a consideration for the transferred

## 3.ОПЛАТА ПО ДОГОВОРУ

3.1. Уступка права (требования) по настоящему договору является возмездной.

3.2     В качестве оплаты за

2

AVP0001010

right (claim) of the Assignor against the Debtor, the Assignee shall pay to the Assignor 11 870 000 (eleven million eight hundred seventy thousand) USD dollars.

3.3. The consideration shall be paid by the Assignee by way of bank transfer of funds from the Assignee's bank account to the Assignor's bank account within seven days from the date of signing the present agreement.

3.3. From the moment of payment of the sum specified in p. 3.2. of the present Agreement the Assignee's obligations hereunder shall be considered fulfilled.

3.4. In case of nonfulfillment by Assignee its obligation to pay Consideration as mentioned on p. 3.2 here above, the present Agreement to be considered as terminated on the next day of delay of paying Consideration.

уступаемое право (требование) Цедента к Должнику Цессионарий обязуется выплатить Цеденту денежные средства в размере 11.870.000 (одиннадцать миллионов восемьсот семьдесят тысяч) Долларов США.

3.3. Указанная сумма денежных средств будет выплачиваться Цессионарием посредством банковского перевода денежных средств с расчетного счета Цессионария на расчетный счет Цедента в течении семи дней с даты подписания настоящего договора.

3.4. Обязанности Цессионария по настоящему Договору считаются исполненными с момента оплаты суммы, указанной в п. 3.2. настоящего Договора.

3.5. В случае не выполнения Цессионарием своих обязательств по оплате, предусмотренных вышеуказанным п. 3.2 настоящий договор считается расторгнутым на следующий день соответствующей задержки в оплате.

4. RESPONSIBILITY OF THE PARTIES

4.1. For non-fulfillment or improper fulfillment of obligations hereunder the Parties shall bear responsibility in accordance with current laws.

4.2. The Assignor shall be responsible for accuracy of documents transferred in accordance with the present agreement and shall guarantee the availability and transfer of all rights transferred to the Assignee.

4.3. The Assignor shall be responsible for validity

4.ОТВЕТСТВЕННОСТЬ СТОРОН

4.1. За неисполнение или ненадлежащее исполнение своих обязательств по настоящему договору стороны несут ответственность в соответствии с действующим законодательством.

4.2. Цедент несет ответственность за достоверность передаваемых в соответствии с настоящим договором документов и гарантирует наличие и передачу всех

3

AVP0001011

of rights and obligations transferred hereunder.

4.4. The Assignor shall not be responsible for non-execution of obligations by Debtor under loan agreement 0109/11 dd. 01/09/2011.

4.5. The Parties are not responsible for partial or non-fulfillment of obligations hereunder if such non-fulfillment is caused by force-majeure circumstances, occurring after conclusion of the present agreement, as a result of extraordinary circumstances, which the parties can neither foresee, not prevent.

#### 5.    DISPUTE SETTLEMENT

5.1. Any disputes or differences arising between the Parties under the present agreement or in connection hereto shall be settled by negotiations between the parties.

5.2. In case of failure to settle disputes by negotiations, such disputes shall be referred to arbitration court on the territory of the Russian Federation on the basis of Russian law and in manner prescribed by laws of the Russian Federation.

#### 6.OTHER PROVISIONS

6.1. The present agreement comes into effect

уступленных Цессионарию прав.

4.3. Цедент отвечает за действительность передаваемых по настоящему договору прав и обязанностей.

4.4. Цедент не несет ответственности за неисполнение Должником своих обязательств по договору займа 0109/11 от 01/09/2011.

4.5.    Стороны    освобождаются    от ответственности  за  частичное  или  полное неисполнение  обязательств  по  настоящему договору,  если  это  неисполнение  явилось следствием   обстоятельств   непреодолимой силы, возникших после заключения настоящего договора    в    результате    обстоятельств чрезвычайного характера, которые стороны не могли предвидеть или предотвратить.

#### 5.РАЗРЕШЕНИЕ СПОРОВ

5.1.    Все    споры    или    разногласия, возникающие между сторонами по настоящему договору или в связи с ним, разрешаются путем переговоров между сторонами.

5.2. В случае невозможности разрешения разногласий путем переговоров они подлежат рассмотрению    в    арбитражном    суде    на территории    Российской    Федерации    на основании  права  Российской  Федерации  и  в порядке,   установленном   законодательством Российской Федерации.

#### 6. ИНЫЕ ПОЛОЖЕНИЯ

6.1. Настоящий договор вступает в силу с

4

AVP0001012

from the moment of its signing by the parties and shall be valid till complete fulfillment of their obligations hereunder.

6.2. The present agreement was made in two originals in English and Russian having equal legal force, one copy for each party. In case of any disputes between languages, Russian text shall prevail.

момента его подписания сторонами и действует до полного исполнения ими своих обязательств по настоящему договору.

6.2. Настоящий договор составлен в двух экземплярах, на русском и английском языках, имеющих одинаковую юридическую силу, по одному экземпляру для каждой из сторон. В случае расхождения смысла английского текста и русского, текст на русском языке считается превалирующим.

## 7. ADDRESS AND DETAILS OF THE PARTIES

### The Assignor:

AVILON AG AO
OGRN 1027700000151
109316, Moscow, Volgogradskiy avenue 43, bld.3
Tax Number 7705133757
Acc.# 40702840338000004305
Beneficiary's Bank: SBERBANK
Address: Moscow, Russia
SWIFT: SABRRUMM
Correspondent Bank: Deutsche Bank Trust Company
Americas, New York, NY
SWIFT: BKTRUS33
Account number: 04403077 or
Correspondent Bank: The Bank of New York Mellon,
New York, NY
SWIFT: IRVTUS3N
Account number: 8900057610

## 7. АДРЕСА И РЕКВИЗИТЫ СТОРОН

### Цедент:

АО Авилон АГ
ОГРН 1027700000151
109316, г. Москва, Волгоградский пр-т., д.43, к.3
ИНН 7705133757
Текущий р/с 40702840338000004305
в АО «Сбербанк»
Местонахождение: Россия, г. Москва,
Кор. банк: Deutsche Bank Trust Company
Americas, New York, NY
SWIFT: BKTRUS33
Номер кор. счета: 04403077 или
Кор. банк: The Bank of New York Mellon, New
York, NY
SWIFT: IRVTUS3N
Номер кор. счета: 8900057610

For and on behalf of Assignor/За и от имени Цедента
Финансовый директор /Finance director
Монахова И. Н./Monakhova I. N.

Seal/Печать

The Assignee:                    Цессионарий:

5

For and on behalf of Assignee/За и от имени Цессионария
Директор /Director

_____

Seal/Печать

6

AVP0001014

**Попов Виталий Николаевич**

| | |
|---|---|
| От: | Попов Виталий Николаевич |
| Отправлено: | 24 декабря 2015 г. 11:04 |
| Кому: | 'Kevin Garden (ILC)' |
| Копия: | 'Alexander Gluhovsky'; 'Maxim Shamis' |
| Тема: | RE: Avilon Automotive Group |
| Вложения: | Assignment agreement Avilon Ag_Ambika 24122015.docx |

Dear mr. Garden,

Thanks for your letter. In order to address the issue by correct way and at the same time by prompt manner we propose the following. Taking into account that your client's side has already close some part of debt previously we believe that we can use the method had already agreed and used by parties. Please discuss with your client the assignment agreement regarding the debt before of Avilon Plaza which has been already signed and performed. So we propose to use the same way for arranging a prompt partly payment in amount of USD 11870000 as payment under agreement on partial assignment (as described in attached draft).

We'll return to you in respect to outstanding amount within next few days.
Kindly note this Draft Agreement is not deemed to be concluded until signed by all Parties, as well as all conditions, terms, representation and warranties are not deemed to be agreed by our side.
Thanks in advance, we stay at your disposal.

Best regards,
Vitaly Popov
Head of legal department
AVILON AG
109316, Moscow, Volgogradskiy prospect, building 41/1
Tel.:   +7 495 730-4450 ext.: 7040
E-mail:   vitaliy.popov@avilon.ru
Http:   www.avilon.ru

**From:** Kevin Garden (ILC) [mailto:kg@legal-counsels.com]
**Sent:** Thursday, December 17, 2015 8:12 PM
**To:** Попов Виталий Николаевич
**Cc:** 'Alexander Gluhovsky'
**Subject:** Avilon Automotive Group

Mr. Popov-

Attached please find correspondence regarding Avilon Automotive Group.

Sincerely,

*Kevin R. Garden, Esq.*

*femida.us*

kg@legal-counsels.com
*901 N. Pitt Street, Suite 325*
*Alexandria, VA 22314*
*ph: 1.703.739.9111*

PLAINTIFF'S
EXHIBIT
107
1/9/17
PENGAD 800-631-6989

1

AVP0001007

*skype: Kevin.Garden5*
*www.femida.us*

=====================================
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.
=====================================

AVP0001008

| AGREEMENT ON PARTIAL ASSIGNMENT | ДОГОВОР ЧАСТИЧНОЙ УСТУПКИ ПРАВ |
|---|---|

| Moscow                    December 23, 2015 | г. Москва                    23 декабря 2015 г. |
|---|---|

Avilon Automotive Group AO (the "Assignor"), a company organized and existing under the laws of the Russian Federation, with its head office located at 109316, Moscow, Volgogradskiy avenue 43, bld.3 on the one part and the _____ Limited (the "Assignee"), a company organized and existing under the laws of _____, with its head office located at _____, on the other part have agreed as follows:

Акционерное общество Авилон Автомобильная Группа "Цедент", компания созданная и действующая в соответствии с законодательством Российской Федерации, юридический адрес которой 109316, г. Москва, Волгоградский пр-т., д.43, к.3 с одной стороны и _____ Лимитед "Цессионарий" компания созданная и действующая в соответствии с законодательством _____, Юридический адрес _____, с другой стороны, заключили настоящий договор о нижеследующем:

## 1.  SUBJECT OF THE AGREEMENT

1.1. The Assignor shall transfer and the Assignee shall accept the partial right of claim debt under loan agreement 0109/11 dd. 01/09/2011 concluded between the Assignor and Debtor - Ambika Investments Limited. The amount of transferred debt is 11.051.758,50 USD and the amount of calculated interest on December 23, 2015 is 818.241,50 USD.

1.2. The Parties agrees that total debt amount of Ambika Investments Limited before The Assignor under indicated contract is 29.644.669,10 USD, consisting of debt in amount of 27.601.156,17 USD and interest calculated on December 23, 2015 in the amount of

## 1.  ПРЕДМЕТ ДОГОВОРА

1.1. Цедент уступает, а Цессионарий принимает частичное право требования задолженности по договору займа № 0109/11 от 01/09/2011, заключенному между Цедентом и Должником – Ambika Investments Limited. Размер уступаемых прав в сумме части основного долга – 11.051.758,50 USD и начисленные на 23 Декабря 2015 проценты на эту часть суммы долга – 818.241,50 USD.

1.2. Стороны признают, что общая сумма долга Ambika Investments Limited перед Цедентом по указанному договору составляет 29.644.669,10 USD, в том числе сумма основного долга 27.601.156,17 USD и сумма

1

AVP0001009

2.043.512,93 USD.

1.3. All not-transferred rights under present Agreement shall be kept by the Assignor.

## 2. TRANSFER OF RIGHT (CLAIM)

2.1. Within five days from the moment of receiving the consideration for the transferred right in full the Assignor shall transfer to the Assignee copies of all available documents certifying the Assignor's right of claim against the Debtor.

2.2. The Assignor shall provide the Assignee with all available information need for the Assignee's exercise of rights hereunder.

2.3. The Assignee shall notify Debtor on the available address about assignment under the present agreement within 15 calendar days from the date of receiving the consideration in full and provide Assignor with confirmation copy of notice.

2.4. From the moment of full payment under the present agreement the Assignee shall become a new creditor of the Debtor hereunder in the amount of transferred rights.

## 3. PAYMENT UNDER AGREEMENT

3.1. The assignment under the present agreement is for consideration.

3.2. As a consideration for the transferred

процентов, начисленных по состоянию на 23.12.2015 составляет 2.043.512,93 USD.

1.3. Все права требования, не переданные по настоящему Договору, Цедент сохраняет за собой.

## 2. ПЕРЕДАЧА ПРАВА (ТРЕБОВАНИЯ)

2.1. В пятидневный срок со дня получения полной оплаты за уступаемое право Цедент обязан передать Цессионарию копии всех имеющихся у него документов, удостоверяющих право требования Цедента к Должнику.

2.2. Цедент обязан сообщить Цессионарию все иные сведения, имеющие значение для осуществления Цессионарием своих прав по договору.

2.3. Цессионарий обязуется уведомить Должника по имеющемуся адресу об уступке своего права требования в течении 15 календарных дней с даты получения полной оплаты и представить копию соответствующего уведомления Цеденту.

2.4. С момента полной оплаты по настоящему договору Цессионарий становится новым кредитором Должника по договору в части уступленного права.

## 3. ОПЛАТА ПО ДОГОВОРУ

3.1. Уступка права (требования) по настоящему договору является возмездной.

3.2. В качестве оплаты за

2

right (claim) of the Assignor against the Debtor, the Assignee shall pay to the Assignor 11 870 000 (eleven million eight hundred seventy thousand) USD dollars.

3.3. The consideration shall be paid by the Assignee by way of bank transfer of funds from the Assignee's bank account to the Assignor's bank account within seven days from the date of signing the present agreement.

3.3. From the moment of payment of the sum specified in p. 3.2. of the present Agreement the Assignee's obligations hereunder shall be considered fulfilled.

3.4. In case of nonfulfillment by Assignee its obligation to pay Consideration as mentioned on p. 3.2 here above, the present Agreement to be considered as terminated on the next day of delay of paying Consideration.

4.    RESPONSIBILITY OF THE PARTIES

4.1. For non-fulfillment or improper fulfillment of obligations hereunder the Parties shall bear responsibility in accordance with current laws.

4.2. The Assignor shall be responsible for accuracy of documents transferred in accordance with the present agreement and shall guarantee the availability and transfer of all rights transferred to the Assignee.

4.3. The Assignor shall be responsible for validity

уступаемое право (требование) Цедента к Должнику Цессионарий обязуется выплатить Цеденту денежные средства в размере 11.870.000 (одиннадцать миллионов восемьсот семьдесят тысяч) Долларов США.

3.3. Указанная сумма денежных средств будет выплачиваться Цессионарием посредством банковского перевода денежных средств с расчетного счета Цессионария на расчетный счет Цедента в течении семи дней с даты подписания настоящего договора.

3.4. Обязанности Цессионария по настоящему Договору считаются исполненными с момента оплаты суммы, указанной в п. 3.2. настоящего Договора.

3.5. В случае не выполнения Цессионарием своих обязательств по оплате, предусмотренных вышеуказанным п. 3.2 настоящий договор считается расторгнутым на следующий день соответствующей задержки в оплате.

4.ОТВЕТСТВЕННОСТЬ СТОРОН

4.1. За неисполнение или ненадлежащее исполнение своих обязательств по настоящему договору стороны несут ответственность в соответствии с действующим законодательством.

4.2. Цедент несет ответственность за достоверность передаваемых в соответствии с настоящим договором документов и гарантирует наличие и передачу всех

3

AVP0001011

of rights and obligations transferred hereunder.

4.4. The Assignor shall not be responsible for non-execution of obligations by Debtor under loan agreement 0109/11 dd. 01/09/2011.

4.5. The Parties are not responsible for partial or non-fulfillment of obligations hereunder if such non-fulfillment is caused by force-majeure circumstances, occurring after conclusion of the present agreement, as a result of extraordinary circumstances, which the parties can neither foresee, not prevent.

## 5.   DISPUTE SETTLEMENT

5.1. Any disputes or differences arising between the Parties under the present agreement or in connection hereto shall be settled by negotiations between the parties.

5.2. In case of failure to settle disputes by negotiations, such disputes shall be referred to arbitration court on the territory of the Russian Federation on the basis of Russian law and in manner prescribed by laws of the Russian Federation.

## 6.OTHER PROVISIONS

6.1. The present agreement comes into effect

уступленных Цессионарию прав.

4.3. Цедент отвечает за действительность передаваемых по настоящему договору прав и обязанностей.

4.4. Цедент не несет ответственности за неисполнение Должником своих обязательств по договору займа 0109/11 от 01/09/2011.

4.5. Стороны освобождаются от ответственности за частичное или полное неисполнение обязательств по настоящему договору, если это неисполнение явилось следствием обстоятельств непреодолимой силы, возникших после заключения настоящего договора в результате обстоятельств чрезвычайного характера, которые стороны не могли предвидеть или предотвратить.

## 5.РАЗРЕШЕНИЕ СПОРОВ

5.1. Все споры или разногласия, возникающие между сторонами по настоящему договору или в связи с ним, разрешаются путем переговоров между сторонами.

5.2. В случае невозможности разрешения разногласий путем переговоров они подлежат рассмотрению в арбитражном суде на территории Российской Федерации на основании права Российской Федерации и в порядке, установленном законодательством Российской Федерации.

## 6. ИНЫЕ ПОЛОЖЕНИЯ

6.1. Настоящий договор вступает в силу с

4

AVP0001012

from the moment of its signing by the parties and shall be valid till complete fulfillment of their obligations hereunder.

6.2. The present agreement was made in two originals in English and Russian having equal legal force, one copy for each party. In case of any disputes between languages, Russian text shall prevail.

момента его подписания сторонами и действует до полного исполнения ими своих обязательств по настоящему договору.

6.2. Настоящий договор составлен в двух экземплярах, на русском и английском языках, имеющих одинаковую юридическую силу, по одному экземпляру для каждой из сторон. В случае расхождения смысла английского текста и русского, текст на русском языке считается превалирующим.

## 7. ADDRESS AND DETAILS OF THE PARTIES

**The Assignor:**

AVILON AG AO
OGRN 1027700000151
109316, Moscow, Volgogradskiy avenue 43, bld.3
Tax Number 7705133757
Acc.# 40702840338000004305
Beneficiary's Bank: SBERBANK
Address: Moscow, Russia
SWIFT: SABRRUMM
Correspondent Bank: Deutsche Bank Trust Company Americas, New York, NY
SWIFT: BKTRUS33
Account number: 04403077  or
Correspondent Bank: The Bank of New York Mellon, New York, NY
SWIFT: IRVTUS3N
Account number: 8900057610

## 7. АДРЕСА И РЕКВИЗИТЫ СТОРОН

**Цедент:**

АО Авилон АГ
ОГРН 1027700000151
109316, г. Москва, Волгоградский пр-т., д.43, к.3
ИНН 7705133757
Текущий р/с 40702840338000004305
в АО «Сбербанк»
Местонахождение: Россия, г. Москва,
Кор. банк: Deutsche Bank Trust Company Americas, New York, NY
SWIFT: BKTRUS33
Номер кор. счета: 04403077  или
Кор. банк: The Bank of New York Mellon, New York, NY
SWIFT: IRVTUS3N
Номер кор. счета: 8900057610

For and on behalf of Assignor/За и от имени Цедента
Финансовый директор /Finance director
Монахова И. Н./Monakhova I. N.

Seal/Печать

**The Assignee:**

**Цессионарий:**

5

AVP0001013

For and on behalf of Assignee/За и от имени Цессионария

Директор /Director

_____

Seal/Печать

6

AVP0001014



translations@geotext.com
www.geotext.com

STATE OF NEW YORK          )
                           )          ss
                           )
COUNTY OF NEW YORK         )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Russian into English of the attached pages with Bates Nos. 6-216

AVPE0001007–AVPE0001008

_____

Lynda Green, Senior Managing Editor
Geotext Translations, Inc.

Sworn to and subscribed before me

this __26__ day of __January__, 20__17__ .

_____

JEFFREY AARON CURETON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CU6169789
Qualified in New York County
My Commission Expires September 23, 2019

New York
t: +1.212.631.7432

London
t: +44.20.7553.4100

Washington, D.C.
t: +1.202.828.1267

Paris
t: +33.1.42.68.51.47

Chicago
t: +1.312.242.3756

Stockholm
t: +46.8.463.11.87

Houston
t: +1.713.353.3909

Frankfurt
t: +49.69.7593.8434

San Francisco
t: +1.415.576.9500

Hong Kong
t: +852.2159.9143