# EXHIBIT 28

DATED                          19th November 2015

PARTIES

1.   SERGEY LEONTIEV

2.   SOUTHPAC TRUST INTERNATIONAL INC.

---

## LEGION TRUST AGREEMENT

---



CERTIFIED TRUE AND
CORRECT COPY

V. Gul
24)05 726

Southpac Trust Limited
Cook Islands

# CONTENTS

SCHEDULES

**PART ONE – GENERAL** ............................................................................. 1

| 1.0 | Trust Name | 1 |
| 2.0 | Discretionary Irrevocable Trust | 1 |
| 3.0 | Date of Execution | 1 |
| 4.0 | Definitions and Interpretation | 1 |
| 5.0 | Declaration of Trust | 5 |

**PART 2 – DISPOSITIVE PROVISIONS** ..................................................... 6

| 6.0 | Dispositive Powers | 6 |
| 7.0 | Accumulations and Income | 7 |
| 8.0 | Application of Benefit(s) | 8 |
| 9.0 | Settlor's Power of Appointment | 8 |
| 10.0 | Trustee's Power of Appointment | 9 |
| 11.0 | Expiry of the Discretionary Period | 9 |
| 12.0 | Methods of Distribution | 10 |

**PART THREE – ADMINISTRATIVE PROVISIONS** ................................. 10

| 13.0 | Administrative Powers of the Trustee | 10 |
| 14.0 | Compulsion | 11 |
| 15.0 | Amendment | 12 |
| 16.0 | Accounts | 13 |
| 17.0 | Majority Decisions of Trustees | 13 |
| 18.0 | Minutes | 14 |
| 19.0 | Delegation | 14 |
| 20.0 | Advisor | 15 |
| 21.0 | Governing Law | 15 |

**PART FOUR – THE TRUSTEE** .................................................................. 16

| 22.0 | Remuneration of the Trustee and Personal Benefit | 16 |
| 23.0 | Conflicts of Interest | 17 |
| 24.0 | Retirement of Trustee | 17 |
| 25.0 | Removal and Appointment of Trustee | 18 |
| 26.0 | Liabilities and duties of the Trustee | 20 |
| 27.0 | Indemnity | 22 |

**PART FIVE – PROTECTOR** ........................................................................ 23

| 28.0 | Appointment of Protector | 23 |
| 29.0 | Protector consent | 24 |

**PART SIX – BENEFICIARY PROVISIONS** ............................................... 25

| 30.0 | Spendthrift Clause | 25 |
| 31.0 | Disclaimer of Interest | 26 |
| 32.0 | Disclosure | 26 |
| 33.0 | Community Property | 27 |
| 34.0 | Nominated Person | 27 |

**PART SEVEN – CUSTODIAN TRUSTEE PROVISIONS** ......................... 28

| 35.0 | Custodian Trustee | 28 |
| 36.0 | Termination of Custodian Trusteeship | 30 |

## SCHEDULES

First Schedule -   Trustee Powers                    34
Second Schedule -  Beneficiaries                     43
Third Schedule -   Protector                         44

THIS TRUST AGREEMENT is made on                                      2015.

BETWEEN SERGEY LEONTIEV of 5-1-5, Vesnnaya Street, Moscow, Russian
Federation (referred to as "the Settlor")

AND          SOUTHPAC TRUST INTERNATIONAL INC. a company duly
             incorporated in the Cook Islands (herein referred to as "the Trustee"
             which expression shall include such other person or persons as may be
             the Trustee or Trustees from time to time).

WHEREAS the Settlor wishes to make provision for the Beneficiaries and for such
purpose to establish a discretionary trust in the manner set out in this Agreement.

NOW THIS AGREEMENT WITNESSES as follows:

PART ONE – GENERAL

1.0     Trust Name

1.1     The Trust hereby created shall be known as the LEGION TRUST.

2.0     Discretionary Irrevocable Trust

2.1     The Trust shall be a discretionary irrevocable trust on the terms set out in
        this Agreement.

3.0     Date of Execution

3.1     For the purposes of sections 7 and 14 of the Act this Trust shall be treated as
        having been executed by all parties at a place within the Cook Islands and
        the Trustee appointed at the time of execution by the Settlor.

4.0     Definitions and Interpretation

4.1     In this Agreement the following expressions shall where the context admits,
        have the following meanings:

        "the Act" means the International Trusts Act 1984 and its amendments and
        references thereto include references to the corresponding references of any
        subsequent consolidation or re-enactment of that Act.

        "Beneficiaries" means the persons whose names appear in the Second
        Schedule, together with any persons added to the Second Schedule in

1

accordance with Clause 15.4; PROVIDED that no person who is an Excluded Beneficiary shall be capable of being a Beneficiary.

"Discretionary Period" means the period beginning with the date of this Agreement and ending on the first to happen of the following events:-

(a)     the expiration of 100 years from the date of this Agreement; or

(b)     the day before the end of a period of 21 years after the death of the last Beneficiary living at the date of this Agreement.

(c)     subject always to the provisions of Clause 15, such earlier date as the Trustee shall, with the consent of the Protector, declare in writing to be the date on which the Discretionary Period shall end (not being a date earlier than the date of such declaration).

"Event of Duress" means:

(a)     the receipt or attempted service of any communication by a court administrative tribunal or similar governmental or quasi-governmental agency in any jurisdiction, other than the jurisdiction of the Governing Law, under which any person seeks relief or remedy for himself or any person by means of:

    (i)     the assertion of a claim adverse to the Trustee over any property held in the Trust Fund;

    (ii)    the request for an order or instruction to the Trustee or custodian of any property in the Trust Fund in contravention to the provisions of this Agreement including the provisions allowing the Trustee to exercise any discretion; or

    (iii)   any request for information concerning the origin, receipt, management, administration, investment, distribution, or encumbrance of property held in the Trust Fund with a view to the assertion of a claim against or the establishment of a receivership or other like arrangement over the property of the Trust Fund that is in any way materially adverse to the exercise of the powers of management, administration, investment and distribution of the Trustee under the provisions of this Agreement;

(b)     the mandatory replacement of the Trustee or the placing of limitations on the powers of the Trustee other than in accordance with the terms of this Agreement;

2

(c)    the threat of or actual suspension or abrogation in whole or in part of this Trust, or any contract with a party involved in the Trust;

(d)    the threat of or the actual compulsion of the Trustee to sell, transfer or otherwise dispose of Trust Fund assets in a manner inconsistent with the terms and provisions of this Agreement.

"Event of Jeopardy" means the threat of or actual:

(a)    war, invasion, military occupation, or revolution;

(b)    confiscation, nationalisation, or expropriation of assets, or compulsory conversion of the Trust Fund assets into the currency of the jurisdiction, by any government body, either with or without compensation;

(c)    termination of exchange control or tax laws favorable to the Trust Fund or the implementation of exchange control or tax laws unfavorable to the Trust Fund;

(d)    mandatory liquidation or dissolution of the Trustee;

(e)    devaluation or inconvertibility of the currency in which Trust Fund assets are held;

(f)    serious governmental threat as determined by the Trustee to the ownership or free transfer of private property by citizens of the jurisdiction.

"Excluded Beneficiary" means any of the following list of excluded persons, and is to be interpreted in its broadest sense:

(a)    any court, administrative or judicial body or tribunal, including any government or quasi-government body or tribunal;

(b)    any creditor or claimant including any judgment creditor of any Settlor, of the Trustee, or of any Beneficiary under the Trust; and

(c)    any Beneficiary who is designated as such in accordance with Clause 15.4 or 31.1; and

(d)    any Beneficiary who is or becomes domiciled or ordinarily resident in the Cook Islands in terms of section 2B of the Act, during the period of such domiciliation or residence.

(e)     any Person who is at the date of any such proposed exercise of a power or discretion or the termination of any trust hereunder a U.S. citizen under United States law or is a Resident Alien as defined in Section 7701(b) of the U.S. Internal Revenue Code of 1986, or any successor legislation (collectively, a "U.S. Person").

(f)     Any Beneficiary of the Trust shall automatically become an "Excluded Beneficiary" upon becoming a U.S Person.

"issue" means lawful blood descendants in the first, second, and any other degree of the ancestor designated, and shall mean and refer to a person's legitimate natural born children, legitimated and legally adopted children and includes "Child" which has a corresponding meaning.

"person" includes an individual, natural person, any corporate body (wherever incorporated), any partnership or unincorporated entity (wherever created), company, limited liability company, trust, association, entity, statutory body or office, instrumentality of government, other public authority, any court or tribunal or like body.

"Protector" means the person named in the Third Schedule, or such other person who from time to time holds such position in accordance with Clause 28 .

"the Trust Fund" means:-

(a)     the sum of USD10.00 received from the Settlor, the receipt of which the Trustee acknowledges.  On termination of the Trust such sum if remaining as part of the corpus of the Trust may be applied to the administrative expenses of terminating the Trust;

(b)     any assets added at any time by way of further settlement pursuant to Clause 5.2; and

(c)     all capital accretions, investments, reinvestments, income (accrued or unaccrued), accumulations of income, proceeds or other property from time to time representing or derived from the assets referred to in (a) and (b) above.

4.2     The singular includes the plural and vice versa. The masculine includes the neuter and vice versa, and each includes the feminine.

4.3     Where the terms of this Agreement require any notice to be given then, unless otherwise provided, such notice shall be deemed to have been received

4

10 days after the date of its posting by registered airmail or courier, or if sent by electronic means including facsimile and e-mail, immediately upon confirmation of the satisfactory dispatch of the notice having been received by the sender.

4.4   This Agreement may be signed in any number of counterparts. Any single counterpart or a set of counterparts signed in either case by all the parties hereto shall constitute a full and original Agreement for all purposes. A facsimile copy of a signed counterpart shall be deemed to be equivalent to a signed original.

4.5   Should any provision of this Agreement be determined to be void or unenforceable pursuant to applicable law, the remaining provisions of this Agreement shall remain in full force and effect, and shall be read and construed as if the void or unenforceable provision had been deleted.

4.6   Any reference in this Agreement to a Part, Clause, Schedule or defined term shall be a reference to a Part, Clause, Schedule or defined term in this Agreement unless otherwise specified.

4.7   Notwithstanding any term of this Agreement to the contrary, in the event of a conflict between the terms of any Schedule to this Agreement, and the main body of this Agreement, the terms of the Schedule shall prevail.

4.8   Where more than one Settlor is named in this Agreement, any exercise of powers by the Settlors shall be exercised jointly. References to the Settlor in this Agreement shall mean the person or persons named in this Agreement and shall not, unless the context otherwise requires, mean any person who settles property on this Trust.

4.9   This Agreement shall be construed as and shall take effect as a deed.

5.0   **Declaration of Trust**

5.1   The Trustee hereby declares that the Trustee will hold the Trust Fund on, with and subject to the trusts, powers and provisions set out in this Agreement.

5.2   The Settlor and any other person shall have the right at any time to add to the Trust Fund, by will, inter vivos gift, or otherwise, other money or property, whether tangible or intangible, real or personal, or otherwise, provided such is acceptable to the Trustee. Such additional money or property, on its receipt and acceptance by the Trustee shall become a part of the Trust Fund as referenced in Clause 4.

5.3     The Trustee shall have the corresponding power to receive property by gift inter vivos or by Will or under the provisions of any other trust or trusts or otherwise and from any person or persons as additions to the Trust Fund and to hold the same upon the trusts herein set forth and to administer such additions under the provisions hereof.

## PART 2 - DISPOSITIVE PROVISIONS

6.0     Dispositive Powers

6.1     The Trustee shall during the Discretionary Period have the following powers of distributing or disposing of the capital and income of the Trust Fund, which the Trustee may exercise from time to time in the Trustee's absolute and uncontrolled discretion save as specified in this Agreement:

(a)     the Trustee may with the consent of the Protector pay, transfer, deal or apply the whole or any part of the income to or in any manner which is in the Trustee's opinion for the benefit of all or any one or more of the Beneficiaries;

(b)     the Trustee may with the consent of the Protector pay, transfer, apply or deal with the whole or any part of the capital to or in any manner which is in the Trustee's opinion for the benefit of all or any one or more of the Beneficiaries;

(c)     in the exercise of the power in subparagraphs (a) and (b) above, the Trustee may pay or transfer the whole or any part or parts of the Trust Fund to the trustee for the time being of any other trust wheresoever established or existing, and whether governed by the Governing Law of this Settlement or not, so long as the Trustee shall be satisfied that such payment or transfer is or could be for the benefit of the Beneficiaries or some or one of them, notwithstanding that other persons (not being any Excluded Beneficiary) may be capable of benefiting under such other trust, and so that after such transfer the money, investments and property so transferred shall cease to be regarded as held on the terms of this Agreement and cease to be regarded as the Trust Fund or part of the Trust Fund of this Agreement, as the case may be, for all the purposes of this Agreement, provided however that this power of transfer may not be exercised if the effect is or may be to postpone vesting of the whole or any part of the income or capital (under that other settlement) to a date after the expiration of the Discretionary Period.

6

(d)    in the exercise of the power in subparagraphs (a) and (b), the Trustee may at any time or times appropriate and allot to any Beneficiary the use of any real or personal property forming part of the Trust Fund on such terms as the Trustee thinks fit, including permitting any person to occupy or reside in or upon or have the custody and use of any real or immovable property for the time being forming part of the Trust Fund rent free or otherwise and generally upon such terms and conditions as the Trustee in the Trustee's absolute discretion thinks fit;

(e)    in the exercise of the power in subparagraphs (a) and (b), the Trustee may lend all or part of the Trust Fund, at interest or without, or on such terms as to payment of interest, and with or without security, or to guarantee the liability or obligations of any Beneficiary and to give security in support of any such guarantee, or to borrow, raise or secure moneys on or against the Trust Fund for the purpose of on-lending or distributing to or for the benefit of a beneficiary on such terms and subject to such conditions as the Trustee thinks fit, all without reference to any commercial or investment considerations, to or for the benefit of one or more of the Beneficiaries, to the exclusion of the others, as the Trustee may, in the Trustee's absolute discretion, thinks fit.

6.2    In exercising its discretion under Clause 6.1 above the Trustee may pay more to, appropriate, or apply more for one or more Beneficiaries than others and may pay or apply benefits for one or more of them to the exclusion of others, and without being obliged to consider the interests (prospective or otherwise) of the others or other.

6.3    Every discretion vested in the Trustee shall be absolute and uncontrolled; every power vested in the Trustee shall be exercisable in the Trustee's sole, absolute and uncontrolled discretion; and the Trustee shall have such discretion in deciding whether or not to exercise any such power.

6.4    Notwithstanding Clauses 6.1 and 11.1 but subject to Clause 9.2, in the event that any specific dispository provisions are recorded in any Schedule annexed to this Agreement, either occurring on the death of a Settlor, the expiration of the Discretionary Period, or at some other time, the terms of that Schedule shall apply.

7.0    Accumulations and Income

7.1    The Trustee shall during the Discretionary Period accumulate any part of the income which is not dealt with under Clause 6.1 by investing it and adding

7

the accumulations to the capital of the Trust Fund.

7.2     The Trustee shall have the power to determine whether any part of the Trust Fund is to be considered as income or capital and what expenses ought to be paid out of income and capital respectively and also to apportion blended funds AND every such determination or apportionment shall be final and binding on all persons beneficially interested in the Trust Fund and income thereof.

8.0     Application of Benefit(s)

8.1     Any payment or application of benefits pursuant to this Part may, at the discretion of the Trustee, be charged against the Trust Fund as a whole rather than against the ultimate distribution (if any) payable or applicable to a Beneficiary to whom or for whose benefit payment is made.

9.0     Settlor's Power of Appointment

9.1     Subject to Clause 14, during the lifetime of the Settlor, the Trustee shall distribute the Trust Fund or any part thereof to such one or more Beneficiaries, on such terms and conditions, either outright or in trust, as the Settlor may from time to time appoint by a signed written instrument delivered to the Trustee, with such instrument specifically referring to and exercising this power of appointment.

9.2     Subject to Clause 14 and notwithstanding Clause 6.4, on the death of the Settlor (or the last surviving Settlor if there be more than one), the Trustee shall distribute the Trust Fund or any part thereof to such one or more Beneficiaries, on such terms and conditions, either outright or in trust, as the Settlor may appoint by a will or codicil admitted to probate (or its equivalent) by a court of competent jurisdiction, provided such will or codicil specifically refers to an exercise of this power of appointment, and further provided that such will or codicil is delivered to the Trustee not later than six months after the Settlor's death.   The Trustee shall not be bound by this power of appointment until it has received actual notice of the exercise of the power appointment by receiving a certified copy of the said will or codicil.

9.3     Notwithstanding anything to the contrary contained in this Agreement, such powers of appointment shall be non-general in nature, and may not be exercised to any extent or in any manner in favour of the Settlor, the Settlor's estate, the Settlor's creditors, or the creditors of the Settlor's estate.

8

10.0   Trustee's Power of Appointment

10.1   By a signed declaration in writing revocable during the Discretionary Period
or irrevocable, the Trustee may with the consent of the Protector create or
appoint such new or other trusts, powers and provisions governing the Trust
Fund or any part or parts of it, and the subsequent income arising from that
which is so appointed, for the benefit of the Beneficiaries or any one or more
of them exclusive of the other or others, at such age or time or respective ages
or times, in such shares and proportions, and subject to and together with
such powers of appointment (for the benefit of the Beneficiaries or any one or
more of them) as may be vested in any person or persons, together with such
trusts or powers exercisable by such persons, and generally in such manner,
as the Trustee may think fit for the benefit of such Beneficiaries or any one or
more of them provided however that this power of transfer may not be
exercised if the effect is or may be to postpone vesting of the whole or any
part of the income or capital (under that other settlement) to a date after the
expiration of the Discretionary Period.

10.2   For the purpose of giving effect to any such declaration in writing, the
Trustee shall with the consent of the Protector have the power and authority
to revoke all or any of the Trustee's powers and provisions with respect to the
Trust Fund or the part or parts of it to which such appointment relates.  In
the event of any such appointment, the Trustee shall from that time hold the
Trust Fund or the part or parts of the Trust Fund to which such appointment
relates, on and subject to the powers and provisions so appointed in
substitution for any of the trustee's powers and provisions so revoked, and in
priority to the other trust's powers and provisions herein declared and
contained.

10.8   In any appointment under this power the Trustee may delegate to any person
or persons all or any of the powers and discretions by this Agreement or by
law vested in the Trustee.

11.0   Expiry of the Discretionary Period

11.1   Subject to Clause 8.4, at the expiration of the Discretionary Period, the
Trustee shall stand possessed of the remaining assets of the Trust Fund for
the benefit of all or any one or more of the Beneficiaries then living in such
shares (if any), and upon such trusts or otherwise (without infringing any
applicable rule of perpetuities) as the Trustee may, with the consent of the
Protector, determine, and, in default of such determination prior to such
expiration, then equally. If at such expiration there are no Beneficiaries other
than Excluded Beneficiaries living or in existence, any undistributed capital
and income shall be transferred to such charity or charities, and if more than

8

one in such shares, as the Trustee shall determine.

11.2 Notwithstanding anything to the contrary contained or implied in this Trust Agreement, if any share of the Trust Fund shall not have vested according to law within the Discretionary Period, then on the day before the end of such period, such share shall nevertheless vest in the person or persons then entitled to such shares as determined by Clause 11.1.

12.0 **Methods of Distribution**

12.1 In addition to any other method or manner of distribution herein referenced, the Trustee may make any payment or distribution provided for in this Agreement:

    (a)    directly to the recipient Beneficiary or indirectly to any person nominated by a Beneficiary;

    (b)    without bond to the recipient beneficiary's guardian or conservator, for expenditure only on the Beneficiary's behalf;

    (c)    to any person deemed suitable by the Trustee, for expenditure only on the recipient Beneficiary's behalf;

    (d)    by direct payment of the recipient Beneficiary's expenses; or

    (e)    if the recipient Beneficiary is not of full age, in any form allowed by law for gifts to minors.

12.2 Notwithstanding anything to the contrary in this Trust, if during the Discretionary Period, or upon expiration of the Discretionary Period, all or any part of the Trust Fund shall vest in absolute ownership in any person under 18 years of age (hereinafter called a "minor"), the Trustee is authorised, in the Trustee's absolute discretion, to name a custodian for such minor and to make any such distribution, in whole or in part, to such custodian to be held for and paid over to such minor on terms to be determined by the Trustee.

## PART THREE - ADMINISTRATIVE PROVISIONS

13.0 **Administrative Powers of the Trustee**

13.1 In the management and administration of the Trust Fund for the benefit of the Beneficiaries the Trustee:

(a) shall have the widest powers of investing, holding, acquiring, disposing of and dealing with the assets comprised in the Trust Fund and of carrying out any transaction whatever as if the Trustee was the equitable and beneficial owner of the Trust Fund, and, without limitation, shall have the specific powers expressly set out in the First Schedule;

(b) shall be permitted to undertake any manner of investment in any kind of property which a natural person has the power to invest in to the same effect as if such powers were expressly conferred by this Agreement and specified in extenso; and

(c) may exercise or omit to exercise all or any of such powers in their absolute and uncontrolled discretion as if the Trustee was the absolute beneficial owner of the Trust Fund;

PROVIDED THAT where a specific power is listed in this Agreement and in particular the First Schedule as requiring the Protector's consent, then the Trustee shall be required to seek the Protector's consent prior to exercising that power.

13.2 When anything is dependent upon the value of any property, or the existence of any fact, concerning the Trust Fund, or the establishment of or a disposition to, this Trust, the Trustee may, in the Trustee's sole and complete discretion, determine conclusively such value or such fact.

14.0 Compulsion

14.1 Notwithstanding any other provision of this Agreement, in the event that any right power or discretion vested in or reserved to any person is in the bona fide opinion of the Trustee holding office immediately prior to the exercise or purported exercise of such right, power or discretion:

(a) exercised or omitted to be exercised by that person under duress or influence of an outside force, or by compulsion;

(b) not in the Trustee's opinion voluntary in nature;

(c) exercised by any legal process or like authority;

(d) instigated by any directive, order, ruling or like decree of any court, tribunal or administrative body, or by bankruptcy-in-trustee, official assignee, or any other similar appointee or person; or

11

(e)    otherwise involuntary in nature;

and such exercise or failure thereof is not in the opinion of the Trustee for the benefit of the beneficiaries immediately prior to such exercise or failure to exercise, then such exercise or failure to exercise shall be deemed to be invalid and of no effect.

14.2    In addition, and without limiting the generality of Clause 14.1, where any such person to which Clause 14.1 applies:

    (a)    refuses to consent to the exercise of a duty or power by the Trustee the Trustee shall disregard the withholding of consent and may exercise the duty or power accordingly without requiring any consent;

    (b)    directs the addition or deletion of any Beneficiary hereto, or otherwise directs the Trustee in relation to any matter concerning the management or administration of the trust, the Trustee shall disregard such direction;

    (c)    purports to exercise his powers to remove or appoint any Trustee, or to exercise any power of appointment or rights of veto, such exercise shall be invalid and the Trustee holding office immediately prior to such exercise, shall disregard such exercise.

14.3    On the occurrence of any event described in Clauses 14.1 and 14.2 above, the Trustee shall be required to record full details thereof in the Trustee's Minute Book.

## 15.0  Amendment

15.1    The Trustee may with the consent of the Protector at any time or times during the Discretionary Period by writing make any alterations, deletions, amendments or additions to the provisions of this Agreement of whatever nature or manner, which the Trustee considers in the Trustee's sole and absolute discretion to be for the benefit of all or any one or more of the Beneficiaries, or which the Trustee considers will clarify any ambiguity in this Agreement or the interpretation of any provision of this Agreement (and for the avoidance of doubt, may change or amend the duration of the Discretionary Period, provided that in no case shall the Discretionary Period exceed the period as may be permitted from time to time by the then applicable governing law) AND provided that no such alteration and amendment may be made to alter the provisions of (a) & (f) in respect of "Excluded Beneficiary".

15.2    The Trustee may with the consent of the Protector at any time or times during the Discretionary Period by writing revocably or irrevocably extinguish or restrict the future exercise of any of the powers conferred on the Trustee by this Agreement or by law, including the exercise of any of the powers contained in this Clause 15.

15.3    The parties hereto recognise that the law of the place of residence or domicile of the Settlor or either of them may treat all or any part of the assets of the Trust Fund, as assets of the estate of the Settlor for the purposes of estate taxes or death taxes. The Trustee is therefore empowered from time to time with the Protector's consent to make such amendments to this Agreement as are in the Trustee's opinion, desirable to give effect to the estate plan of the Settlor.

15.4    Subject to the provisions of Clause 14, the Trustee shall upon the request of the Settlor (or, if more than one Settlor, the survivor of them) and thereafter, upon the request of the Protector, exercise the Trustee's powers pursuant to this Clause 15 to add to or delete from the Second Schedule, the name of any person or to designate any person as an Excluded Beneficiary provided that no such alteration and amendment may be made to alter the provisions of (e) & (f) in respect of "Excluded Beneficiary".

### 16.0    Accounts

16.1    The Trustee shall keep, or cause to be kept proper accounts of the Trust Fund, which shall be approved by the Trustee within 6 months of the end of each financial year, provided that where the Trust Fund is held under the separate management and administration of different trustees, each Trustee shall only be responsible for accounts in respect of assets administered or administered by that Trustee.

### 17.0    Majority Decisions of Trustees

17.1    Where more than two Trustees are in office, the rights, powers, authorities and discretions granted by this Trust to the Trustees may be exercised by a simple majority of the Trustees then in office. Such majority may act without the concurrence or prior knowledge of the other Trustee(s) and any such exercise shall be as valid and effective as if all the Trustees had concurred therein. If only two trustees are appointed, the Trustees must act unanimously unless at such time one of the Trustees is resident in the same country as the Settlor (the "Resident Trustee"), in which case the powers, duties, functions and discretions of the Trustees may be delegated with the agreement of both Trustees. The delegation shall remain in effect for so long as the Resident Trustee holds office as a Trustee but may be sooner revoked by the non-resident Trustee acting alone in that Trustee's discretion.

13

17.2   At all times the Trustee(s) who so acts or shall exercise the various rights shall keep proper records of those actions and shall immediately inform the other Trustee(s) of any such acts or exercises.

17.3   Without limiting Clause 26.1(b), a Trustee who has no knowledge of any action by any other Trustee(s) or any dissenting or abstaining Trustee who has actual knowledge of any action shall be absolutely absolved from personal liability by that Trustee registering its dissent or abstention with the records of the Trust, but that Trustee shall thereafter act with the other Trustee(s) in any way necessary or appropriate to effectuate the decision of the majority.

18.0   Minutes

18.1   Any determination or resolution of the Trustee under any of the provisions of this Agreement shall be recorded in a written Minute and such Minute shall be signed by the Trustee or if a Trustee is a corporation by a director or person(s) nominated for the purpose by the director(s) thereof and kept with the accounts and records of the Trust.

18.2   Where more than one Trustee is in office a resolution in writing signed or assented to by letter or by facsimile by all the Trustees as are required under Clause 18.1 to act shall be as valid and effective as if it had been passed at a meeting. Any such resolution may consist of several documents in like form, each signed or purporting to have been dispatched by one or more Trustees.

18.3   The absence of any minute or written resolution shall not in itself affect the validity or effect of any action or decision of the Trustee.

19.0   Delegation

19.1   Subject to Clause 19.2, the Trustee may delegate to any person at any time and or any period in any manner and upon any terms all or any of the trusts, powers, duties, functions and discretions imposed or conferred upon the Trustee by this Agreement or by law, except that a trustee may not delegate, other than to a co-trustee, any powers, duties functions or discretions involving the distribution or non-distribution of all or part of the Trust Fund to a Beneficiary.   For the purposes of this Clause "distribution" includes, without limitation, a distribution by way of payment, use, advancement, transfer or assignment.

19.2   Where a specific power of delegation is recorded in the First Schedule as requiring the Protector's consent, then the Trustee shall be required to seek

14

the Protector's consent prior to exercising such power.

19.3   Without limiting Clause 26.1, a trustee, who in good faith makes or continues such delegation or appointment, shall not be liable for any loss to the trust arising from or as a consequence of a delegation or appointment under this clause.

### 20.0   Advisor

20.1   In accordance with section 19G of the Act, the Trustee may appoint any person (including a settlor or beneficiary) or group of persons (in this clause referred to as an "advisor") to be appointed as an advisor to advise the Trustee in respect of all or some of the matters relating to the Trust Fund.

20.2   Where an advisor is appointed, the Trust Fund and management of the Trust, and the exercise of all powers and discretions exercisable by the Trustee, shall remain vested in the Trustee as fully and effectually as if no advisor was appointed, except that:

    (a)   the Trustee may consult the advisor, and the advisor may advise the Trustee, in any matter relating to the Trust Fund for which the advisor was appointed;

    (b)   the advisor shall not be liable as or considered a trustee of the Trust in acting as an advisor;

    (c)   where any advice or direction is tendered or given by the advisor, or the majority of advisors if there are more than one, the Trustee may follow the same and act accordingly, without being under any obligation to do so, and the Trustee shall not be liable for anything done or omitted by the Trustee by reason of the Trustees following that advice or direction;

    (d)   remuneration or commission may be paid to the advisor, at such rate as determined by the Trustee.

20.3   No person dealing with the Trustee shall be concerned to inquire as to the concurrence or otherwise of the advisor, or be affected by notice of the fact that the advisor may not have concurred.

### 21.0   Governing Law

21.1   This Agreement is executed, delivered and accepted by the Trustee in the Cook Islands and except as otherwise provided herein, shall be administered under the law of the Cook Islands which law shall be the governing law of

15

this Agreement, governing the construction, effect, validity, management and administration of this Agreement and the trusts created herein. The parties hereby submit to the non-exclusive jurisdiction of the High Court of the Cook Islands and its superior courts in respect of all disputes which may arise out of this Agreement.

21.2   The Trustee may, with the consent of the Protector, or without the consent of the Protector when an Event of Duress or an Event of Jeopardy has occurred, by resolution and for the benefit or security of the Trust Fund, direct all or any part of the assets of the Trust Fund to be moved from one jurisdiction to another or others, and change the situs of administration of this Trust from one jurisdiction to another or others.

21.3   The Trustee may, with the consent of the Protector, or without the consent of the Protector when an Event of Duress or an Event of Jeopardy has occurred, but at all times for the benefit or security of the Trust Fund, by resolution declare that this Trust shall, from the date of such resolution, take effect, either partly or wholly, in accordance with the law of some other jurisdiction or jurisdictions in accordance with section 13G(4) of the Act, and thereupon the governing law of this Trust shall be the law of that other jurisdiction or jurisdictions in respect of the aspects of the Trust expressed to be governed by the laws of that jurisdiction or jurisdictions.

21.4   Where the governing law of this trust is to be changed from that of one jurisdiction to that of another jurisdiction, the Trustee may:

(a)   vary the terms of this Agreement to provide for a lesser period in which the Trust Fund shall vest in any Beneficiary so as not to infringe the law of that other jurisdiction;

(b)   make such consequential changes to the provisions of this Agreement as the Trustee shall consider necessary or desirable to give full force and effect to such changes of governing law.

## PART FOUR – THE TRUSTEE

22.0   Remuneration of the Trustee and Personal Benefit

22.1   The Trustee shall be entitled to prompt reimbursement of its proper expenses and to remuneration, fees, charges, commissions as trustee (free of any probate, succession or other death duties wheresoever payable), as a first charge on the Trust Fund, in accordance with the Trustee's normal scale of professional charges (if applicable) from time to time.

22.2  The Trustee shall not be liable to account for any remuneration or other profit received by the Trustee in consequence of acting as Trustee.

22.5  Any Trustee who is also a Beneficiary shall be entitled to benefit from the Trust and to retain such benefit absolutely notwithstanding his position as Trustee.

22.4  If the Protector is of the opinion that any commission, fee, charge or expense levied under this clause is excessive the Protector may make application for its review, and for these limited purposes the Trustees unconditionally and irrevocably agrees that the Protector shall be deemed to be the "person on whose behalf the work was performed" and waive all objection to locus standi.

23.0  Conflicts of Interest

23.1  Any professional or corporate Trustee may transact on behalf of this Trust any business which it would normally carry on in the ordinary course of its business, on the same terms as would, for the time being, be made in the ordinary course of business, and without accounting for any profit thereby made and in particular and without prejudice to the generality of the foregoing, such Trustee may retain on current account or deposit account or advance at interest all monies necessary or convenient to be retained or advanced in connection with this Trust, and may retain for itself any commission or remuneration paid or allowed by stockbrokers, insurance companies, banks or other institutions without being liable to account for any profit thereby made.

23.2  The Trustee may transact business on behalf of this Trust or any Beneficiary with any bank, financial institution, corporation or partnership in which the Trustee is office holder, shareholder, partner or is otherwise financially interested, or with any person or firm holding shares or being otherwise financially interested in the Trustee, without being liable to account for any profit accruing to the Trustee or to that person or party as a result of such business.

23.3  The Trustee may hold office in any corporation, the shares or securities in which comprise or form part of the Trust Fund, and shall not be liable to account to the Trust for emoluments received as such office holder.

24.0  Retirement of Trustee

24.1  Any Trustee may retire at any time, provided the Trustee gives prior written notice to the Protector, or in the event that there is no person holding appointment as the Protector, then (if there is more than one Trustee in

17

office) to one or more of the remaining trustees selected by the Trustee.

24.2   Notwithstanding any provision of this Agreement to the contrary, if upon the resignation of a Trustee taking effect, there is not at least one Trustee to act as continuing Trustee, so that the validity and continued existence of the Trust is likely to be endangered by the resignation, then such resignation shall not be effective until the resigning Trustee has appointed a Trustee in its stead, to hold the position of Trustee pending the appointment of another Trustee by the person having the power so to do.

24.3   In the event that the Trustee shall, in the Trustee's sole and absolute discretion, resolve to make a full and final distribution of the entire Trust Fund, then:-

   (a)   the Trust created by this Agreement shall terminate on the date of the Transfer of the last asset of the Trust from the Trustee to the party entitled to receive such distribution; and

   (b)   the Trustee shall be discharged as Trustee without requiring any further action, with effect from the date referred to in paragraph (a).

25.0   Removal and Appointment of Trustee

25.1   The Protector, or if there is no Protector, the Trustees (by unanimous resolution of all those remaining at the time if there is more than one Trustee in office), may from time to time by notice in writing remove any Trustee.

25.2   The Protector, or if there is no Protector, the Trustees, may from time to time by notice in writing appoint any person or persons to be a successor Trustee, an additional Trustee, or additional Trustees.

25.3   Where a Trustee is dead, or retires or is removed from office as trustee, or refuses or, in the opinion of any remaining Trustee, is unfit or disqualified to act as trustee, or commits an act of bankruptcy, or, if it is a corporation, becomes insolvent or subject to a winding-up order, then that Trustee shall be removed as a Trustee, and:

   (a)   the Protector; or

   (b)   if there is no Protector or if the Protector is unable or unwilling to act, the continuing Trustee or Trustees; or

   (c)   if there is no such person, the outgoing Trustee or the liquidator or personal representative of the outgoing Trustee;

18

may by writing appoint one or more other persons (whether or not being the persons exercising the power) to be a Trustee or Trustees in the place of such Trustee.

25.4 The Trustees shall always consist of at least or one corporation, but a sole surviving individual trustee may exercise the powers conferred on the continuing Trustees by Clauses 25.1, 25.2 and 25.3 above (but not other powers).

25.5 A person may be appointed a Trustee hereof wherever domiciled residing or having its place of business.

25.6 Notwithstanding that a Trustee has resigned or been removed, that Trustee's powers shall continue to the extent that it may be necessary for the proper vesting of the Trust Fund in the continuing or successor Trustees. Subject to Clause 27, an outgoing Trustee shall be immediately divested of title to the trust property which shall automatically vest in the continuing or new Trustee, who is or jointly as the case may be, thereupon irrevocably and automatically granted a power of attorney by the outgoing Trustee to effect the transfer of such property from the outgoing Trustee to the continuing or new Trustee as the case may be.

25.7 A Trustee acting in good faith without actual knowledge of his removal shall be indemnified hereunder as a Trustee notwithstanding such removal, and no third party dealing with any Trustee in good faith, shall be bound to enquire as to whether any notice of the removal of that Trustee has been given as aforesaid.

25.8 Subject to Clause 27 and notwithstanding Clause 25.6, the Trustee (and if more than one, each of them) irrevocably further grants the Protector its power of attorney for the purpose of executing any document transferring title of any asset belonging to the Trust Fund to the new Trustee upon resignation or removal as a Trustee. Subject to Clause 27, such power may be exercised by the Protector without prior notice to the Trustee.

25.9 On there being any change in Trustee, a memorandum shall be endorsed on or permanently affixed to this Settlement recording the name of the Trustee for the time being.   The memorandum shall be signed by the Trustee so named.   Anyone dealing with the Trust Fund or this Agreement shall be entitled to rely upon such memorandum as sufficient evidence that the Trustee named in the memorandum is the duly constituted Trustee for the time being.   In the case of there being more than one memorandum, anyone dealing with the Trust Fund or this Settlement shall be entitled to rely upon the memorandum which is most recent in time.

19

25.10 On the happening of an Event of Jeopardy, a Trustee domiciled in a country where the Event of Jeopardy has not occurred shall have the power to remove the Trustee or Trustees from office who reside or are domiciled in the country where the Event of Jeopardy has occurred. No power, authority, benefit or discretion granted to a Trustee so removed shall survive the removal. A Trustee removed from office under this clause shall be divested of title to any assets belonging to the Trust Fund affective immediately on the removal, with such assets being vested in the remaining trustee. Removal pursuant to this power shall be effective immediately the notice of the Trustee's or Trustees' removal is received by that Trustee or Trustees, or by the Protector. In such an event a Trustee exercising this power (which may only be exercised by the remaining Trustee or by unanimous action if there shall be more than one such Trustee) shall have the sole power and authority to designate the successor or successors to the Trustee or Trustees so removed, or to otherwise determine in their sole and absolute discretion that there shall, for the time being or for any time, not be a successor or successors in office to a Trustee or Trustees so removed.

25.11 On the happening of an Event of Duress, a Trustee not domiciled in the country where the Settlor is domiciled shall have the power to remove the Trustee or Trustees from office who reside or are domiciled in the country where the Settlor is domiciled. No powers, authorities, benefits or discretions granted to a Trustee so removed shall survive the removal. A Trustee removed from office under this clause shall be divested of title to any assets belonging to the Trust Fund affective immediately on the removal, with such assets being vested in the remaining Trustee. Removal pursuant to this power shall be affective immediately the notice of the Trustee's or Trustees' removal is received by that Trustee or Trustees, or by the Protector. In such an event a Trustee exercising this power (which may only be exercised by the remaining Trustee or by their unanimous action if there shall be more than one such Trustee) shall have the sole power and authority to designate the successor or successors to the Trustee or Trustees so removed, or to otherwise determine in its or their sole and absolute discretion that there shall, for the time being or for any time, not be a successor or successors in office to the Trustee or Trustees so removed. The determination of the Trustee exercising this power as to whether or not an Event of Duress has occurred shall be conclusive and binding on the Beneficiaries of this Trust.

26.0   Liabilities and duties of the Trustee

26.1   Notwithstanding section 19A of the Act, the Trustee shall not be liable for any loss or liability to the Trust Fund or its income, however caused, unless it results from actual fraud or wilful dishonesty by the Trustee, and in

particular without limiting the generality of this provision:

(a) the Trustee shall not be liable for any loss or liability howsoever occurring resulting from any act or omission (whether wilfully fraudulent, or dishonest, negligent, in breach of trust or otherwise) of any solicitor, attorney, agent, banker, accountant, auditor, stockbroker, investment advisor, adviser or other agent or power of attorney employed or appointed in good faith by the Trustee, irrespective of whether such person is subsequently found to be unfit or unsuitable for the task appointed to him;

(b) in the event that there is more than one Trustee, a co-Trustee shall not be liable for any losses or liabilities howsoever occurring resulting from any act or omission whether wilfully fraudulent, dishonest, negligent, in breach of trust or otherwise of any other co-Trustee;

(c) a successor or additional Trustee shall not be liable or responsible for any act or default of any predecessor Trustee or for any loss or expense resulting from or occasioned by anything done or neglected to be done in the administration of the Trust Fund prior to becoming a Trustee, nor shall any successor or additional Trustee be required to inquire into or take notice of the prior administration of the Trust Fund;

(d) the Trustee shall not be liable for any act or omission to act done with the Protector's consent, or on the advice, or with the concurrence, of any advisor appointed to the Trust under Clause 20.

26.2   The Trustee shall not be under any duty to enquire as to the means or needs of any Beneficiary, whether such Beneficiary is a minor or a person under some disability or otherwise. In the event the Trustee shall have knowledge of such special circumstances, the Trustee shall not be under any duty to take this into account when exercising or not exercising powers under this settlement.

26.3   The Trustee shall not be under any duty to diversify the investments of the Trust Fund.

26.4   Subject to clause 4.3 of the First Schedule, in respect of any company (which term shall for the purpose of this clause include any type of corporate body or partnership entity, including any company, limited liability company, trust, association, limited partnership or any other incorporated or unincorporated body or entity) in which the Trustee holds shares, notes, stock or debentures, irrespective of the position under the applicable law, the Trustee must treat itself and be regarded as having no power to inquire into or intervene in the affairs of any such company, and shall have no duty to become a director or

21

officer of any such company, nor to seek information about the affairs of such company (whatever the character of the business of such company and even though the business of such company may be of a speculative character), unless it comes to the Trustee's actual knowledge that the affairs of the company are being run dishonestly or by a person suffering from mental incapacity, so that the Trustee is entitled and bound to assume that the affairs of the company are being run honestly and competently and by a person of full capacity until the contrary comes to the Trustee's actual knowledge.

27.0   Indemnity

27.1   The Trustee and any person who has ceased to be a Trustee shall be indemnified out of the assets of the Trust Fund (and shall be entitled to a lien on the Trust Fund for such indemnity) other than in relation to circumstances in which a Trustee or former Trustee is not protected by Clause 26.1 above for;

   a)   any liability, including costs and expenses, incurred in the exercise or purported exercise of their duties and powers as trustee;

   b)   any costs and expenses incurred, and remuneration or professional fees and charges payable as trustee, in defending or bringing any proceedings in any way related to the Trust, whether civil or criminal, including any proceedings brought against the Trustee personally or for breach of trust (other than in respect of any action for which the trustee is held liable for actual fraud or wilful dishonesty);

   c)   any claims, losses, death duties, taxes or other impositions arising in connection with the Trust Fund or any part thereof;

   d)   any loss or liability arising from establishing and administering the Trust, accepting trusteeship of the Trust, or accepting any assets into the Trust, including without limitation, all reimbursement of costs and expenses, and remuneration as trustee at the agreed rates for all attendances; or

   e)   in respect of any loss or liability which the Trustee may sustain or incur by reason of their so carrying on any business or businesses on behalf of or for the benefit of the Trust.

27.2   An outgoing Trustee shall forthwith upon his resignation or removal be entitled to receive an indemnity and release in a form satisfactory to the outgoing Trustee from continuing or new Trustees and where required by the

22

outgoing Trustee, from any or all Beneficiaries, together with security therefor where the Trustee has exposure to taxes or like charges, together with payment of all remuneration and fees owing to the outgoing Trustee in accordance with Clause 22 including those relating to the termination of the outgoing Trustee's appointment.

27.3   The Trustee shall have a lien on all documents of the Trust in its possession and shall not be required to give possession of these nor to take any other action until satisfaction is made of its entitlement under Clause 22 and this Clause 27.

27.4   Where the assets of the Trust Fund are insufficient to provide complete indemnification for the Trustee or former Trustee or where for any other reason the Trustee or former Trustee is not fully indemnified in accordance with Clauses 27.1, or 27.2 then the Settlor (and if more than one, jointly and severally) hereby agrees to personally indemnify the Trustee or former Trustee on the terms described in Clauses 27.1 and 27.2.

27.5   Where a claim against a Trustee or former Trustee arises from circumstances where any asset included in the Trust Fund is found not to have been properly transferred into the Trust Fund, or if properly transferred such transfer is subsequently avoided and the Trustee has already exercised any of the powers set out in this Agreement in relation to that property in favour of any Beneficiary, then the Trustee or former Trustee may require such Beneficiary to indemnify him to the extent of the value of the benefit received by such Beneficiary in accordance with the terms of Clause 27.1 in addition to or in substitution for any other rights of indemnification contained herein.

## PART FIVE - PROTECTOR

### 28.0   Appointment of Protector

28.1   The Protector shall initially hold the office of protector of this Trust for the purposes of section 20 of the Act.

28.2   Subject to Clause 28.7, during their joint or individual lifetimes, the Settlor or the survivor of them shall have the exclusive power to appoint or remove any person (including the Settlor or either of them) as Protector of this Trust. Any appointment may be expressed as being conditional or limited in duration by any term or event. Unless the appointment of any Protector expresses that it is limited by the death of the Settlor or either of them, such appointment shall survive and extend beyond such event. On the death of the Settlor, or the survivor of the Settlors if there be more than one, the Beneficiaries who are sui juris at the relevant time shall have the power, by

23

unanimous resolution, to appoint or remove any person as Protector of this Trust.

28.3   Any appointment or removal notice shall be in writing, and shall be effective upon receipt thereof by the Trustee.

28.4   If, at any time, there is for a period of one month no Protector whatsoever, the Trustee shall, from the expiration of that period and unless and until a Protector is appointed under Clause 28.2, have power to appoint a person other than one of the Trustee to be the Protector, without being under any obligation to do so. Any appointment so made under this power shall have effect in all respects as if it had been duly made under Clause 28.2.

28.5   If and whenever, and so long as there is no Protector capable of acting, a memorandum to that effect shall be endorsed on or permanently attached to this Agreement and all the provisions of this Agreement (other than this Clause 28) shall be read and have effect as though references to the Protector or the consent of the Protector were omitted.

28.6   As long as the Protector shall be a relative of the Settlor or not remunerated the Protector shall not be held liable as a fiduciary in relation to any act or omission by him in performing his obligations in respect of the Trust.

28.7   When a Protector dies, or retires or is removed from office as Protector, or refuses or is adjudged by a court of competent jurisdiction to be unfit or disqualified to act as Protector, or commits an act of bankruptcy, or, if it is a corporation, becomes insolvent or subject to a winding-up order, then that Protector shall be deemed to be removed as Protector.

28.8   Remuneration or commission may be paid to the Protector, at such rate as determined by the Trustee.

29.0   Protector consent

29.1   Any provision of this Agreement which requires the consent of the Protector shall require the Protector's prior written consent on each occasion unless a general form of consent to future actions has been expressly granted.

29.2   The Trustee shall apply to the Protector for any such consent by giving the Protector not less than 5 days written notice of the Trustee's desire to carry out any transaction for which consent is required.

29.3   The Protector may in his written consent waive the full notice period required by Clause 29.2 above in his absolute discretion.

29.4 The Protector may give or withhold his consent in any case in the Protector's absolute discretion.

29.5 Subject to Clause 14, failure by the Protector to give any decision or to communicate shall be deemed for all purposes and shall be treated by the Trustee as a refusal to consent.

29.6 The Protector may, from time to time, by written notice to the Trustee (a memorandum of which shall be endorsed on or permanently attached to this Agreement) declare (either generally or in relation to any particular act or acts, and either permanently or for such period as shall be specified in the notice) that any act or acts in this Agreement declared to be subject to the Protector's consent, shall not be so subject, and the said notice shall be effective according to its terms.

29.7 No person dealing with the Trustee shall be concerned to enquire as to the concurrence or otherwise of the Protector, or be affected by notice of the fact that the Protector may not have concurred.

29.8 Notwithstanding the above, the Protector shall have the power to ratify any prior action or inaction of the Trustee in which case the Protector's consent shall be deemed to have been given on the date of such action or inaction.

29.9 Where any provision of this Agreement does not expressly require the consent of the Protector then no such requirement for consent shall be implied.

## PART SIX - BENEFICIARY PROVISIONS

30.0 **Spendthrift Clause**

30.1 In keeping with the wholly discretionary nature of this Trust and all separate Trusts created hereunder, no Beneficiary, except as regards any irrevocable vesting in his favour, shall have any ascertainable proportionate, actuarial or otherwise fixed or definable right to or interest in all or any portion of the Trust Fund and in no case shall any Beneficiary have any right to alienate, transfer, assign, encumber or hypothecate his expected interest therein, either present or future, nor shall any interest of any Beneficiary be subject to claims of his creditors, or liable to attachment, execution or other process of law.

30.2 No benefit devolving on any Beneficiary under this Agreement shall form or

25

constitute the portion of any communal or joint estate of such Beneficiary but such benefit shall be and remain the sole, separate and exclusive property of such Beneficiary and should such Beneficiary be married or marry in a community of property jurisdiction then any benefit so devolving shall be expressly excluded from the community property and such benefit shall also be free from the interference, control or marital power of any spouse of such Beneficiary. For the purposes of this clause the word "benefit" shall include moveable and immovable property and the provisions of this clause shall apply moreover not only to the benefits actually devolving on any such Beneficiary but also to the property for the time being representing the same and the income thereof.

30.5    On the Trustee exercising the Trustee's powers in favour of any Beneficiary, unless otherwise excluded by the Trustee by instrument in writing, and in accordance with section 15F of the Act, any estate or interest in any property given to such Beneficiary shall not during the life of that Beneficiary (or for such shorter period as may be specified in any instrument) be alienated, or pass by bankruptcy, insolvency, or liquidation, or be liable to be seized, sold, attached or taken in execution by process of law.

31.0    Disclaimer of Interest

31.1    Any Beneficiary may, by giving notice in writing to the Trustee –

(a) disclaim any benefit available to him;

(b) cease to be a Beneficiary;

(c) declare that he shall be an Excluded Beneficiary.

31.2    In each case, such notice may be limited to a period specified therein and shall have effect from the date of receipt by the Trustee.

32.0    Disclosure

32.1    Notwithstanding any rule of law or equity to the contrary, but subject always to the provisions of the Act, the Trustee shall not divulge any information concerning any aspect of this Trust, including (without limiting the generality of this provision) its existence, the existence of any beneficial interest, or any decision of the Trustee, to any person, including any Beneficiary, provided that the Trustee shall supply such information as is requested to the Settlor or either of them, the Protector, or any person authorised by either of them: Provided that such Trustee shall have the discretion to provide information concerning any aspect of the Trust to any

26

Beneficiary, whether existing or contingent if, in the Trustee's opinion, it is in the interests of the Trust to do so.

32.2   Notwithstanding Clause 32.1, information may be divulged concerning the Trust to the extent reasonably required in the circumstances by a trustee or an officer or employee of a trustee:

   (a)   to any person for the purpose of carrying on the business of the Trust, or in carrying out the trustee's obligations herein;

   (b)   if and to the extent that a court in the Cook Islands so directs; or

   (c)   to a legal practitioner for the purpose of:

      (i)   obtaining legal advice for the benefit of that trustee or the Trust; or

      (ii)  defending or commencing any litigation relating to the establishment, constitution, business undertakings and affairs of the Trust.

## 33.0   Community Property

33.1   The provisions of section 13J of the Act deeming community property transferred to this Trust to retain its identity as community property for certain purposes, shall only apply to community property transferred to this Trust if an intention to that effect is specifically expressed:

   (a)   in the Minute of the Trustee resolution approving the transfer of the community property to the Trust, or

   (b)   in the instrument of transfer transferring the community property to the Trust.

## 34.0   Nominated Person

34.1   The Protector, or if there is no Protector the Trustee, may from time to time appoint or remove any person, including any trustee or protector, as a nominated person (in this section referred to as a "Nominated Person") pursuant to section 21 of the Act to represent all or any Beneficiaries who are minors, or Beneficiaries yet to be ascertained, or Beneficiaries not having legal capacity, or Beneficiaries who, after the best reasonable endeavours of the Trustee, are unable to be contacted (which Beneficiaries are in this clause

27

referred to as a "represented beneficiary"). Any appointment may be expressed as being conditional or limited in duration by any term or event.

34.2 A Nominated Person may, on behalf of a represented beneficiary, consent to or ratify any act or omission on the part of the Trustee. Every consent or ratification provided shall be deemed to be the consent or ratification of the represented beneficiary and shall be construed as the consent or ratification of the represented beneficiary to that act or omission.

34.3 A Nominated Person shall not be held liable as a fiduciary in relation to any act or omission by him in performing his obligations in respect of the Trust.

34.4 A Nominated Person may resign as such on giving not less than five days written notice to the Trustee.

34.5 When a Nominated Person dies, or retires or is removed from office as nominated person, or refuses or is adjudged by a court of competent jurisdiction to be unfit or disqualified to act as a nominated person, or commits an act of bankruptcy, or, if it is a corporation, becomes insolvent or subject to a winding-up order, then that Nominated Person shall be deemed to be removed as a Nominated Person.

34.6 The Protector is hereby appointed to be the Nominated Person until resignation or removal in accordance with this Agreement.

## PART SEVEN - CUSTODIAN TRUSTEE PROVISIONS

35.0 Custodian Trustee

35.1 The Protector, or if there is no Protector, the Trustee, shall have the power to appoint any person (including a Trustee), to be a custodian trustee (the "Custodian Trustee") pursuant to section 19F of the Act by signed declaration in writing.

35.2 On such appointment being made and accepted, the provisions set out in this Part Seven shall apply, notwithstanding any other provision of this Agreement to the contrary.

35.3 Subject to Clause 35.6, title to all assets comprising the Trust Fund shall be transferred forthwith to and held by the Custodian Trustee as if the Custodian Trustee was the sole Trustee.

35.4 The appointment of the remaining trustee (other than the Custodian trustee) shall be varied to the extent that such trustee shall be re-designated as

managing trustee (the "Managing Trustee"), and that Trustee's powers and duties shall be varied in accordance with the terms of this Part Seven.

35.5 Subject only to the provisions of Clause 14, the management of the Trust Fund and the exercise of all other powers, rights, duties and discretions exercisable by the Trustee in accordance with the terms of this Agreement, or implied by law, shall be vested in the Managing Trustee to the exclusion of the Custodian Trustee as fully and effectually as if the Managing Trustee were the sole Trustee.  All decisions of the Managing Trustee shall be minuted and copied to the Custodian Trustee for its information.

35.6 The sole function of the Custodian Trustee shall be to get in and hold the Trust Fund in its name, and to invest the Trust Fund, and dispose of its assets as the Managing Trustee in writing shall direct. In performing this function, the Custodian Trustee shall have all the rights, powers and discretions conferred on the Managing Trustee and Trustees' generally under this Agreement and the Act as are required to allow it to perform its functions.  In the interests of certainty, but not by way of limitation of the above, the Custodian Trustee:

(a) shall have the power to delegate the performance of any part of its function to any person;

(b) may permit assets to be held by or in the name of the Managing Trustee to facilitate the Managing Trustee's management and administration of the Trust Fund or as otherwise directed by the Managing Trustee;

(c) shall have the exclusions of liability and rights to indemnity as are set out in Clauses 26 and 27 of this Agreement;

(d) shall not be liable to any person, including any beneficiary, for acting on any direction of the Managing Trustee;

(e) shall not be liable for any act or default on the part of the Managing Trustee;

(f) shall have the same rights to remuneration as conferred on the Trustee pursuant to Clause 22 of this Agreement;

(g) may resign, be removed and be replaced in the same manner as a Trustee, as provided in this Agreement; and

28

(h)    shall have the power to remove the Managing Trustee from office on the same basis as set out in Clauses 25.10 and 25.11 for the removal of Trustees.

35.7  For the purposes of this Part Seven, a direction given by the Managing Trustee must be given by them unanimously where there are two, or may be given by a majority where there are more than two.

35.8  The Custodian Trustee is to concur in and perform all acts necessary to enable the Managing Trustees to exercise the Managing Trustee's powers of management or any other power or discretion vested in the Managing Trustee. If the Custodian Trustee is of the opinion that any direction of the Managing Trustee conflicts with the terms of this Agreement or the law or is otherwise objectionable, the Custodian Trustee may, without being under any obligation to so do, refer the direction back to the Managing Trustee with notice of such objection. The decision and direction of the Managing Trustee in response to such notice shall be final and the Custodian Trustee shall act in accordance therewith. The Custodian Trustee is entitled to assume that any direction of the Managing Trustee has been made in accordance with the law, and with the terms of this Agreement.

35.9  All actions or proceedings concerning the Trust Fund shall be brought or defended in the name of the Custodian Trustee at the written direction of the Managing Trustee, and the Custodian Trustee shall not be liable for the costs thereof apart from as are available under the Trust Fund.

35.10  No person dealing with the Custodian Trustee shall be concerned to inquire as to the concurrence or otherwise of the Managing Trustee, or be affected by notice of the fact that the Managing Trustee has not concurred.

36.0  Termination of Custodian Trusteeship

36.1  On the appointment of the Custodian Trustee ceasing to exist, whether by resignation, removal or as otherwise herein provided, unless there is a simultaneous appointment of a successor Custodian Trustee:

(a)   all restrictions imposed on the powers of the Managing Trustee by virtue of the appointment of the Custodian Trustee shall be removed, and the provisions of this Part Seven shall have no further application from that date except insofar as required to effect the transfer of the Trust Fund to the Trustee, and without prejudice to the application of this Part Seven to any acts or omissions arising while this Part Seven applied;

(b)   the Managing Trustee (together with the Custodian trustee if re-

appointed as such under Clause 25.2) shall thereupon become the Trustee;

(c)    title to the assets comprising the Trust Fund shall be transferred to the Trustee by the Custodian Trustee;

(d)    the Trustee may at any time or times thereafter by Agreement make such consequential changes in or additions to or deletions from the powers and provisions of this Agreement as the Trustee shall consider is necessary or advisable to give full force and effect to such succession.

36.2    A Managing Trustee may resign, be removed and be replaced in the same manner as a Trustee, as provided in this Agreement.

36.3    Notwithstanding section 19F of the Act, on the appointment of the Managing Trustee ceasing to exist, whether by resignation, removal or as otherwise herein provided, then unless there is a simultaneous appointment of a successor Managing Trustee:

(a)    all restrictions imposed on the powers of the Custodian Trustee by virtue of the appointment of the Managing Trustee shall be removed, and the provisions of this Part Seven shall have no further application from that date except insofar as required to effect the transfer the Trust Fund to the Trustee, and without prejudice to the application of this Part Seven to any acts or omissions arising while this Part Seven applied;

(b)    the Custodian Trustee shall thereupon become the Trustee;

(c)    the Trustee may at any time or times thereafter by Agreement make such consequential changes in or additions to or deletions from the powers and provisions of this Agreement as the Trustee considers is necessary or advisable to give full force and effect to such succession;

(d)    title to any assets comprising the Trust Fund held in the name of the Managing Trustee shall be transferred to the Trustee by the Managing Trustee.

AS WITNESS WHEREOF the parties hereto have set their respective hands and seals the day and year first before written.

SIGNED by the said          )

31

SERGEY LEONTIEV )
as Settlor, on the )
day of                    2015 )
in the presence of )

................................................(Witness's signature)

EFD PRINTBUL PLUS (Witness's occupation)

40442 VERRUGYOS (Witness's address)
MOSCOW 109051


SIGNED by the said )
)
as Protector, on the )
day of                    2015 )
in the presence of: )

................................................(Witness's signature)

................................................(Witness's occupation)

................................................(Witness's address)


THE COMMON SEAL of )
SOUTHPAC TRUST )
INTERNATIONAL INC. )
as trustee was hereunto )
affixed on the )
day of 1st November )
2015 in the presence of )

CORPORATE DIRECTORS LIMITED
Director, by its authorised signatory

_____

SEPAC LIMITED , Resident Secretary
by its authorised signatory

_____

32

**SERGEY LEONTIEV**
as Settlor, on the
day of                          2015
in the presence of:

............................................(Witness's signature)

CFD Printeau Plus (Witness's occupation)

40442 Veorngness (Witness's address)
Morow  109051

SIGNED by the said

as Protector, on the
day of                          2015
in the presence of:

............................................(Witness's signature)

Manager of "Probusiard 6 - 6A 4 (Witness's occupation)

Felonesgouse 3/2 (Witness's address)
1220 Vionia, Austra

THE COMMON SEAL of
SOUTHPAC TRUST
INTERNATIONAL INC.
as trustee was hereunto
affixed on the
day of
2015 in the presence of:

**CORPORATE DIRECTORS LIMITED**
Director, by its authorised signatory

_____

**SEPAC LIMITED** , Resident Secretary
by its authorised signatory

_____

## FIRST SCHEDULE

### POWERS OF THE TRUSTEE

1.0   Investment.

1.1   The power with the consent of the Protector to apply or invest the Trust Fund in the purchase of or at interest upon the security of such stocks, trusts, funds, shares, securities, options, policies of insurance or assurance on the life of any person or other investments of property, whether real or personal, movable or immovable, of whatever nature and wherever in the world situate and whether involving liability or not and whether producing income or not or upon such personal credit with or without security as the Trustee in the Trustee's absolute discretion shall think fit with power from time to time to vary such investments for others of a like nature, and with power to hold cash funds uninvested and other non-income producing property to the intent that the Trustee shall have the same full and unrestricted powers of investing the Trust Fund in all respects as if the Trustee were absolute owner beneficially entitled with all the powers of a natural person, even though such investments or property may be or become highly speculative or not of a type which are ordinarily legal or suitable trust investments.

1.2   In addition to all other relevant powers vested in trustees by law or statute or conferred by this Agreement, the Trustee shall, with the consent of the Protector, have the following express powers, and may exercise all or any of the same from time to time in such manner and to such extent as the Trustee shall in the Trustee's absolute discretion think fit, namely:

    (a)   to invest the whole of the Trust fund in the shares, interests or securities of only one company, partnership, unit trust, investment trust or other fund or corporate entity, without any obligation or duty to diversify such investments;

    (b)   to delegate management of the Trust Fund (including the selection of investments) and employ any person, whether or not professionally qualified, as investment manager or advisor, on such terms as may be determined by the trustee, including terms excluding or limiting the liability of the investment manager or advisor for negligent performance of duties;

1.3   Without limiting the generality of Clause 1.1 of this Schedule the Trustee is hereby specifically empowered to with the consent of the Protector make and retain all or any of the following investments in any part of the world,

namely:

(a) in any shares (whether preference deferred or ordinary and whether fully paid partly paid or contributory, and whether listed or unlisted on any stock exchange) and in any debentures, deposits, debenture stock, stock, bonds, mortgages, notes or promissory notes, or other interest of any nature whatsoever, whether listed or unlisted, secured or unsecured, and in options in respect of such investments, and whether by purchase of or subscription for or other taking up or acquisition of or in, any company, society, joint venture, trust, partnership or other corporate or unincorporated body or person carrying on business;

(b) in or upon the stock, bonds, mortgages, deposits, or other securities or investments, with or without security, of any government or government agency;

(c) in any investment trust, mutual fund, unit trust, hedge fund, limited partnership, or any other type of trading or investment fund, company, scheme, trust, partnership or other vehicle howsoever described;

(d) in or upon the bonds, debentures or other securities or investments of any local authority (including regional, city and district councils), or any area health, hospital, harbour, electricity or other supply authority (whether similar or dissimilar to the foregoing) or any body in substitution of such authority;

(e) on deposit on current or term deposit account, or bill of exchange or promissory note or otherwise on loan, or in or upon the stock, bonds, mortgages, deposits, or other securities or investments, with or without security, with or to any bank, company, corporation or person in the world;

(f) on mortgage (whether first second or subsequent including contributory mortgage and jointly with others) or in purchase of any freehold or leasehold property live and dead stock chattels or other personal property or interest therein at such price and on such terms and subject to such conditions as they think fit;

(g) on purchase of any interest in any estate or trust consisting largely of assets which the Trustee can purchase acquire or invest in;

(h) in lending money to such person or persons and upon such terms as to security or otherwise as the Trustee in the Trustee's absolute discretion thinks fit;

34

(i)   in purchase or other acquisition of a policy or policies of insurance of any nature whatsoever and whether having a surrender value or not upon the life or lives of any person or persons and in payment of the premium or premiums payable in respect of any such policy or policies;

(j)   in derivatives or synthetics or any other form of financial instrument, whether traded across the counter or on an exchange, whether leveraged, or by way of short sales, puts, calls straddles or sales against the box, on margin or otherwise, however speculative. For the purposes of this paragraph, "Derivatives" means any agreements which establish rights and obligations to some underlying security, instrument, investment, currency, trade, product, index, right or service including, without limitation, agreements commonly known as swaps, forward rate agreements, futures contracts, options, foreign exchange contracts, hedge contracts, and repo agreements;

(k)   in any other investment approved as an authorised investment by the Trustee;

(l)   in any option or right to take up or dispose of any other investments set out in this clause; and

(m)   in any contract or other commitment to underwrite or sub-underwrite any project, contract or transaction of any type including the public or private issue of shares debentures, notes, and other rights and obligations.

## 2.0   General

2.1   With the consent of the Protector, the power generally in any part of the world to;

(a)   Sell; sell, lease or exchange and to grant options to purchase, lease or exchange and otherwise dispose of and deal with the whole or any part of the Trust Fund (including any interest therein and any part or share thereof), either at public auction or private sale, for such consideration and upon such terms or conditions as the Trustee may think fit and whether for the purpose of reinvestment, distribution, division or otherwise, and with power to allow the whole or any part of the consideration to remain secured against the property sold.

(b)   Postpone; postpone the sale of any property whatsoever (whether a trustee investment or not) for so long as they think fit without being liable for any loss thereby resulting to the Trust Fund or income

36

thereof AND IT IS DECLARED that subject to writing off any usual depreciation against income the whole of the net income received by the Trustee may be distributed as income and on the sale or falling in of any property no part of the proceeds of such sale or falling in shall be applied as past income.

(c)    Lease; lease or to take on lease any freehold or leasehold property or interest therein with or without chattels for such period at such rent on such terms and subject to such conditions as they think fit and to accept or effect such surrenders of leases and tenancies as they think fit.

(d)    Carry on Business; carry on any business (whether in partnership or otherwise) in which the Trust Fund and/or income thereof may at any time hereafter be concerned or interested or for which the assets or any of the assets of the Trust Fund and/or income thereof may be adapted for such time or times as the Trustee shall think fit with power in the case of any partnership business to become a partner therein and with further power to use and apply any part of the Trust Fund and/or income thereof as capital in such business and with further power to employ or join in employing in such business and remunerate all such managers agents servants clerks workman and others (including the Trustee) as the Trustee shall from time to time think fit AND IT IS HEREBY DIRECTED that if in any year any losses shall be sustained by the Trustee in carrying on any such business then and in every such year such losses shall (but subject always however in the case of a partnership business to the terms and conditions contained in any agreement or articles affecting the same) be borne by the capital of the Trust Fund except to the extent that the Trustee may at any time or times in the Trustee's absolute discretion otherwise decide and such losses shall not (subject always and except as aforesaid) be recouped to such capital out of profits made by the Trustee in any subsequent year or years in carrying on such business.

(e)    Borrow; borrow raise or secure moneys on mortgage bank overdraft charge or otherwise howsoever for such reasons from such persons upon such security by way of mortgage charge or otherwise on such terms and subject to such conditions as the Trustee shall think fit.

(f)    Deal in Stock and Chattels; buy sell bail trade in and deal in any live or dead stock or chattels as the Trustee may deem expedient for all or any of the purposes of these presents and to make such arrangements with agents or others for the transit of any live or dead produce or chattels by land sea or air and upon such terms and conditions as the Trustee shall think fit.

36

(g)   Employ: subject to the limitations set out in Clause 19.1, employ and pay at the expense of the income or capital of the Trust Fund any person, whether as agent or some other capacity, in any part of the world, whether attorneys, solicitors, bankers, accountants, stockbrokers, investment managers, or other agents, and whether or not being a Trustee, to transact any business or do any act requiring to be transacted or done in the execution of the trusts hereof, including acts which the Trustee could have done personally.

(h)   Guarantee: guarantee or provide an indemnity or surety in respect of the liability or obligations of any person and to give security in support of any such guarantee, indemnity or surety.

(i)   Open Bank Accounts: open an account or accounts of any type, including without limitation, any current, deposit, fiduciary, savings, investment, or custodian account, at any time or times anywhere in the world in any name or names and either on their own behalf or jointly with another or others at any banks or other financial institution and to overdraw any such account with or without giving security.

(j)   Establish Sinking Fund: exercise the powers conferred by section 15 (a) of the Trustee Act 1956 of setting up a depreciation or replacement fund.

(k)   Deal in Options and Shares: purchase acquire take hold exercise sell transfer or dispose of options in respect of shares, notes, stock, debentures or other securities on such terms and subject to such conditions as the Trustee in the Trustee's absolute discretion shall think fit.

(l)   Insure: insure against loss or damage by fire earthquake or otherwise any building or other insurable property to any amount not exceeding the full insurable value thereof or the full replacement value thereof as the Trustee may in the Trustee's absolute discretion from time to time think fit and also to insure against any risk liability or loss and to pay the premiums for any insurance aforesaid out of such moneys whether income or capital as the Trustee shall think fit and to do all or any of the foregoing without the consent of any of the persons beneficially interested in the Trust Fund.

(m)   Contract: enter into contracts of any nature whatsoever for the purpose of protecting, maintaining or enhancing the value of all or any assets acquired or held by the Trustee or which the Trustee shall have

37

the right to acquire or hold.

(n)    Grant Annuities: grant an annuity to any person and to cancel or redeem the same on such terms as the Trustee shall think fit.

(o)    Grant Occupancies: permit any person to occupy or reside in or upon or have the custody and use of any real or immovable property for the time being forming part of the Trust Fund rent free or otherwise and generally upon such terms and conditions as the Trustee in the Trustee's absolute discretion think fit.

(p)    Deposit with Nominees: deposit and maintain any or all of the securities and other property of the Trust Fund, anywhere in the world, with one or more nominees, custodians, depositories or other persons.

(q)    Hold Other Currencies: hold in any part of the World all or any part of the Trust Fund and in any currency or currencies whatsoever for any period or periods and without any liability for loss due to devaluation foreign exchange or governmental restriction or otherwise.

(r)    Title to property: subject to section 13 of the Act, to cause the ownership or title of all or part of the Trust Fund to be recorded or registered in the name of the Trust, in bearer form, in the name of or under the control of some or one only of the Trustee, or in the name of some other person as nominee, on such terms as the Trustee may resolve.

(s)    Maintain and Repair: maintain, manage, repair and, with the consent of the Protector, improve and develop, any real or personal property which or an interest in which for the time being forms part of the Trust Fund and/or income thereof in such manner as the Trustee shall think fit and for that purpose to pay and apply such of the capital and income of the Trust Fund as the Trustee shall think fit;

2.2    The power generally to:

(a)    Retain: retain any property in the actual state and condition in which the same shall be received by the Trustee so long as the Trustee shall think proper in the Trustee's absolute discretion;

(b)    Power to take Counsel's Opinion: take the opinion of legal counsel locally and where necessary or appropriate elsewhere concerning any matter arising under this Trust and in all matters to act in accordance with the opinion of such counsel.

(c) Power to Take or Defend Proceedings:

(i) institute, prosecute and defend any suits or actions or other proceedings affecting the Trustee or the Trust Fund or any portfolio;

(ii) compromise or any matter of difference;

(iii) submit any such matters to arbitration or compromise;

(iv) compound any debts owing to the Trustee as Trustee or any other claims;

(v) adjust any disputes in relation to debts or claims against them as Trustee upon such evidence that shall to the Trustee seem sufficient and in whole or in part at public auction or private sale or otherwise and upon such terms and for such terms as the Trustee may deem advisable;

(vi) make partition with any co-owners or joint owners having with the Trust any concurrent interest in any properties comprised in the Trust Fund and to make such partition either by sale or by set-off or by agreement or otherwise (including where deemed desirable, provision for equality of exchange).

(d) Costs and Expenses: make provision for and pay out of the Trust Fund all expenses, costs, taxes and other liabilities properly payable, including all trustee fees and expenses, bank commissions, trading or brokerage fees, and other costs and expenses incurred by the trustees in the course of managing and administering the Trust Fund.;

3.0 Life Insurance Policy premiums and Taxes

3.1 The Trustee is authorised to pay from the Trust Fund at the request of the Settlor any premium on any life insurance policy covering the life of the Settlor or either of them and;

3.2 The Trustee may in the Trustee's absolute discretion pay out of the capital or income of the Trust Fund any taxes of any kind (including any inheritance, death, estate, gift, income or other tax, duty or fiscal imposition whatever) which become payable anywhere in the world in respect of any part of the Trust Fund or its income (whether or not enforceable) either by the Trustee, or by any other person who has transferred assets to the Trust or by any Beneficiary, notwithstanding that the payment of taxes may be prejudicial to

33

one or more of the Beneficiaries.

4.0 Powers in relation to Companies and Partnerships.

4.1 The Trustee shall have power alone or jointly with any other person to promote or to form or incorporate any "company" or "companies" (which terms shall for the purpose of this Clause 4 include any type of corporate body or partnership entity, including any company, limited liability company, trust, association, limited partnership or any other incorporated or unincorporated body or entity) in any country state or territory in the world under the law of such country state or territory at the expense of the Trust Fund with limited or unlimited liability upon such terms and for such purpose as the Trustee may in the Trustee's absolute discretion think fit.

4.2 The Trustee shall have power alone or jointly with any other person to acquire, by subscription, purchase or otherwise, shares, stock, interest, notes debentures or other securities of any description (whether partly or fully paid or with any liability attaching thereto) in or of any company wherever incorporated registered or resident upon such terms and for such purpose as the Trustee may in its absolute discretion think fit.

4.3 In respect of any such company the Trustee shall have the power:

    (a) to act as director or directors of such company, or as an officer of or auditor, accountant, solicitor, or other adviser to, and to receive and retain without being liable to account for the same to the Trust Fund any fees or other remuneration for so acting;

    (b) generally to act in respect of any such company in such manner as the Trustee in the Trustee's absolute discretion shall deem to be in the interest of the Trust Fund;

    (c) to pay, gift, lend or transfer to any such company the whole or any part of the Trust Fund, either as nominee, agent or otherwise, and the consideration therefor, if any, may consist wholly or partly of shares stock interests or other securities of any description (whether partly or fully paid or with any liability attaching thereto) or any bond bill note or other debt instrument or obligation of any description in or of such company or companies or any other company or companies;

    (d) to exercise or refrain from exercising all or any of the voting or other rights of whatsoever nature (including rights of subscription conversion or exchange) conferred by or arising by virtue of the ownership of such shares stock interest or other securities in such manner as the Trustee shall in the Trustee's absolute discretion think

40

fit.

(e)    to give any undertakings indemnities or guarantees to third parties in connection with such company's business and to assign pledge charge or mortgage the whole or any part of the Trust Fund or any property which forms part of the Trust Fund by way of securities for any borrowing by any such company.

(f)    to promote or join with others in promoting and to approve concur or agree to carry into effect any scheme proposal or offer for or leading to or being a step in the reconstruction of any such company or the sale of all or any part of the business or assets of any such company or the acquisition by another company of the securities of any such company or control thereof or the amalgamation of any such company with another company or the release modification or variation of any rights privileges or liabilities attached to the securities or shares of other interest in any such company with power to accept any securities shares or other interest of any description of the reconstruction or purchasing of new company in lieu of or in exchange for all or any of the original securities shares or other interest and with power to retain any property so accepted as aforesaid for any period for which the original property could have been retained.

(g)    to give any undertaking warranty indemnity or guarantee that the Trustees think it proper to give in connection with any sale or other disposition or dealing permitted under the powers conferred on the Trustee by the foregoing sub-Clause (f).

(h)    to cause or permit any such company to retain the whole or any part of its income undistributed notwithstanding that the effect of such retention may be to benefit those interested in capital at the expense of those interested in income.

## SECOND   SCHEDULE

### The Beneficiaries

The "Beneficiaries" means:

(a)    the Settlor's mother Nella Avsentievna Leontieva;

Upon the death of the Settlor's mother, the beneficiary shall be:

(b)    the Settlor's father Leonid Antonovich Leontiev;

Upon the death of the Settlor's father, the beneficiary shall be;

(c)    the Settlor's wife Svetlana Komissarova

## THIRD  SCHEDULE

### The Protector

Leonid Antonevich Leontiev