# EXHIBIT 40

Решение Акционера №___
Закрытого Акционерного Общества
«Финансовая группа «Лайф»
(далее по тексту именуемое «Общество»)

Город Москва
Двадцатого февраля две тысячи пятнадцатого года

В Обществе все голосующие акции принадлежат единственному Акционеру – Обществу с ограниченной ответственностью «АЛИВИКТ», решение вопросов, отнесенное к компетенции Собрания акционеров, принимаются Единственным акционером единолично и оформляются письменно.
Место принятия решения: город Москва.
Общее количество голосов, которыми обладают акционеры-владельцы голосующих акций общества – 100 (сто) голосов;
Число голосов, которыми обладают лица, включенные в список лиц, имеющие право на участие в общем собрании по всем вопросам повестки дня составляет 100 (сто) голосов, что составляет сто процентов размещенных обществом акций;
Количество голосов, которыми обладают акционеры, принимающие участие в собрании: 100 (сто) голосов.
Список лиц, акционеров, принимающих участие в общем собрании и количество принадлежащих им акций:
- Общество с ограниченной ответственностью «АЛИВИКТ» - 100 (сто) акций – 100% Уставного капитала.
Собрание считается правомочным.
Собрание открыто.
По каждому вопросу повестки дня кворум имеется.

## ЕДИНОЛИЧНО ПРИНЯТО РЕШЕНИЕ:

1. Добровольно ликвидировать Закрытое акционерное общество «Финансовая компания «Лайф».
2. Утвердить следующий порядок и сроки добровольной ликвидации Закрытого акционерного общества «Финансовая компания «Лайф».
2.1. В течение 3-х (трех) рабочих дней, с даты принятия решения о добровольной ликвидации Общества, уведомить МИ ФНС №46 по г. Москве о принятом решении в порядке, предусмотренном законодательством о государственной регистрации юридических лиц.
2.2. В течение 3-х (трех) рабочих дней, с даты принятия решения о добровольной ликвидации Общества, уведомить МИ ФНС № 46 по г. Москве о назначении Ликвидатора Общества в порядке, предусмотренном законодательством о государственной регистрации юридических лиц.
2.3. В течение 3-х (трех) рабочих дней, с даты принятия решения о добровольной ликвидации, в соответствии с п.3 ч.3 ст.28 ФЗ «О страховых взносах в Пенсионный фонд Российской Федерации, Фонд социального Российской Федерации, письменно уведомить о принятом решение о ликвидации территориальные органы контроля за уплатой страховых взносов (Пенсионный Фонд, Фонд социального страхования РФ), а также Инспекцию ФНС России №43 по г. Москве.
2.4. Уведомление регистрирующего органа, территориальных органов контроля за уплатой страховых взносов (Пенсионном Фонде РФ, Фонде социального страхования РФ), а также Инспекцию ФНС России №43 по г. Москве поручить Ликвидатору с правом подписи и подачи всех необходимых для этих целей документов.
2.5. В течение 5 (пяти) рабочих дней, с момента внесения записи в Единый государственный реестр юридических лиц и получения Листа записи в ЕГРЮЛ о добровольной регистрации, и назначении Ликвидатора, Ликвидатор публикует сообщение о ликвидации Общества, порядке и сроке заявления требований кредиторами Общества в печатном издании, предназначенном для публикации данных о государственной регистрации юридических лиц (журнал «Вестник государственной регистрации»).
2.6. В течение 5 (пяти) рабочих дней, с момента внесения записи в Единый государственный реестр юридических лиц и получения Листа записи в ЕГРЮЛ о добровольной регистрации, и назначении Ликвидатора, Ликвидатор уведомляет все кредитные организации, в которых у Общества открыты расчетные, валютные и иные счета, о начале процедуры ликвидации Общества.
2.7. Ликвидатор принимает меры к выявлению кредиторов Общества и получению дебиторской задолженности, а также письменно уведомляет всех известных ему кредиторов о ликвидации Общества.
2.8. В течение 15 (пятнадцати) дней, с даты окончания срока предъявления требований кредиторов Общества, Ликвидатора составляет промежуточный ликвидационный баланс, содержащий сведения о

Confidential

SL0038683

составе имущества Общества, перечне предъявленных кредиторами требований, а также о результате их рассмотрения.

2.9. В течение 3-х (трех) дней, после утверждения единственным акционером Общества промежуточного ликвидационного баланса, в порядке, предусмотренном законодательством о государственной регистрации юридических лиц, внести запись в Единый государственный реестр юридических лиц.

2.10. Со дня утверждения промежуточного ликвидационного баланса Общества Ликвидатор производит выплату денежных сумм кредиторам Общества в порядке очередности, установленной ст.64 Гражданского кодекса Российской Федерации, в соответствии с промежуточным ликвидационным балансом.

Выплата денежных сумм кредиторам третьей и четвертой очереди согласно ст.64 Гражданского кодекса Российской Федерации производится по истечении одного месяца со дня промежуточного ликвидационного баланса.

2.11. В течение 15 (пятнадцати) дней, после окончания расчетов с кредиторами (при их наличии), Ликвидатор составляет ликвидационный баланс, который утверждается единственным акционером Общества.

2.12. После утверждения ликвидационного баланса Ликвидатор представляет в регистрирующий орган необходимые документы для государственной регистрацией Закрытого акционерного общества «Финансовая компания «Лайф» в порядке, предусмотренном законодательством о государственной регистрации юридических лиц.

3. Назначить Ликвидатором Закрытого акционерного общества «Финансовая компания «Лайф» Салтыкова Алексея Геннадьевича. С момента назначения Ликвидатора к нему переходят все полномочия по управлению делами Общества.

4. Поручить Ликвидатору Общества Салтыкову Алексею Геннадьевичу обратиться с уведомлением о начале процедуры ликвидации и назначении Ликвидатора Закрытого акционерного общества «Финансовая компания «Лайф» в Единый государственный реестр юридических лиц в соответствии с действующим законодательством Российской Федерации.

5. Настоящие решение вступает в силу с момента его подписания.

6. Вопросы, не предусмотренные настоящим Решением, регулируются действующим законодательством Российской Федерации и Уставом Общества.

Подпись Акционера:
Генеральный директор
ООО «АЛИВИКТ»                                                                                          Крылова М.М.

Confidential                                                                                                                              SL0038684

**Shareholder's Resolution No. *1*
of Financial Group "Life"
Closed Joint Stock Company
(hereinafter referred to as the Company)**

**City of Moscow
Twentieth of February, two thousand fifteen**

All of the voting shares in the Company are held by the sole Shareholder, ALIVIKT Limited Liability Company. Matters within the competence of the Meeting of Shareholders shall be resolved by the Sole Shareholder alone in writing.
Decisions shall be made in the city of Moscow.
The total number of votes held by shareholders who are holders of the company's voting shares is one hundred (100) votes.
The number of votes held by persons included on the list of persons eligible to participate in the general meeting on all items on the agenda is one hundred (100) votes, which comprises one hundred percent of the company's outstanding shares.
Number of votes held by the shareholders participating in the meeting: one hundred (100) votes.
List of persons/shareholders participating in the general meeting and number of shares held by them:
- ALIVIKT Limited Liability Company: one hundred (100) shares, 100% of the Charter Capital.
**The meeting shall be deemed duly constituted.**
**The meeting is open.**
**There is quorum for each item on the agenda.**

**IT WAS SOLELY RESOLVED:**
1. To voluntarily liquidate Financial Company "Life" Closed Joint Stock Company;
2. To approve the following procedure and timeframe for voluntary liquidation of Financial Company "Life" Closed Joint Stock Company;
2.1 Within three (3) business days of the date of the resolution on voluntary liquidation of the Company, to notify Interdistrict Inspectorate No. 46 for the City of Moscow of the Federal Tax Service of the resolution adopted according to the procedure prescribed by the laws on the state registration of legal entities;
2.2 Within three (3) business days of the date of the resolution on voluntary liquidation of the Company, to notify Interdistrict Inspectorate No. 46 for the City of Moscow of the Federal Tax Service of the appointment of the Company's Liquidator according to the procedure prescribed by the laws on the state registration of legal entities;
2.3 Within three (3) business days of the date of the resolution on voluntary liquidation, in accordance with Article 28(3)(3) of the Federal Law "On Insurance Contributions to the Russian Federation's Pension Fund [and] the Russian Federation's Social [Insurance] Fund" to notify the regional authorities overseeing the payment of insurance contributions (the Pension Fund, the RF Social Insurance Fund) and Inspectorate No. 43 for the City of Moscow of the Federal Tax Service in writing of the adopted resolution on liquidation;
2.4 To instruct the Liquidator to notify the registering authority, the regional authorities overseeing the payment of insurance contributions (the RF Pension Fund, the RF Social Insurance Fund) and Inspectorate No. 43 for the City of Moscow of the Federal Tax Service, with the right to sign and file all of the documents required for these purposes;
2.5 Within five (5) business days of entry of the record in the Unified State Register of Legal Entities and receipt of the Record Sheet from the Unified State Register of Legal Entities on voluntary registration and appointment of the Liquidator, the Liquidator shall publish a notice of the Company's liquidation and the procedure and timeframe for the Company's creditors to bring claims in the print publication intended for the publication of data on state registration of legal entities (the journal *Vestnik* [Bulletin] *of State Registration*);
2.6 Within five (5) business days of entry of the record in the Unified State Register of Legal Entities and receipt of the Record Sheet from the Unified State Register of Legal Entities on voluntary registration and appointment of the Liquidator, the Liquidator shall notify all credit institutions at which the Company has settlement, currency and other accounts of the commencement of the Company's liquidation;
2.7 The Liquidator shall take steps to identify the Company's creditors and collect accounts receivable, and shall also notify all creditors known to him in writing of the Company's liquidation;
2.8 Within fifteen (15) days of the end date of the period for bringing creditor claims against the Company, the Liquidator shall draw up an interim liquidation balance sheet containing information about

the makeup of the Company's property, the list of claims brought by creditors, and the result of their consideration;
2.9 Within three (3) days of the Company's sole shareholder approving the interim liquidation balance sheet, to enter a record in the Unified State Register of Legal Entities according to the procedure prescribed by the laws on the state registration of legal entities;
2.10 Starting from the day the Company's interim liquidation balance sheet is approved, the Liquidator shall make payment of monies to the Company's creditors in the order of priority set forth in Article 64 of the Russian Federation Civil Code, in accordance with the interim liquidation balance sheet.
   Monies shall be paid to creditors of the third and fourth orders of priority according to Article 64 of the Russian Federation Civil Code at the end of one month from the date of the interim liquidation balance sheet;
2.11 Within fifteen (15) days of completing settlements with creditors (if any), the Liquidator shall draw up a liquidation balance sheet which shall be approved by the Company's sole shareholder;
2.12 Upon confirmation of the liquidation balance sheet, the Liquidator shall submit to the registering authority the necessary documents for state registration of Financial Company "Life" Closed Joint Stock Company according to the procedure prescribed by the laws on the state registration of legal entities;
3. To appoint Alexey Gennadievich Saltykov as the Liquidator of Financial Company "Life" Closed Joint Stock Company. All authority to manage the Company's affairs shall pass to the Liquidator as of the time of his appointment;
4. To instruct the Company's Liquidator Alexey Gennadievich Saltykov to file a notice of commencement of liquidation and appointment of the Liquidator of Financial Company "Life" Closed Joint Stock Company with the Unified State Register of Legal Entities in accordance with the effective laws of the Russian Federation;
5. This resolution enters into force as of its signing;
6. Matters not addressed in this Resolution shall be governed by the effective laws of the Russian Federation and the Company's Charter.

**Shareholder's signature:**     [signature]     **M.M. Krylova**
**General Director of**
**ALIVIKT LLC**

[seal:] ALIVIKT Limited Liability Company, state registration No. 1408019, MOSCOW, Registered in the register of seals, No. [illegible]



translations@geotext.com
www.geotext.com

STATE OF NEW YORK    )
                     )
                     )   ss
COUNTY OF NEW YORK   )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Russian into English of the attached document with Bates Nos. SL0038683 – SL0038684.

Katherine Przybus, Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me this 22nd day of January, 2017.

DUSTIN PAUL RICHARD
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RI6319157
Qualified in Bronx County
My Commission Expires February 09, 2019

New York           Washington, D.C.      Chicago            Houston            San Francisco
t: +1.212.631.7432 t: +1.202.828.1267   t: +1.312.242.3756 t: +1.713.353.3909 t: +1.415.576.9500
London             Paris                Stockholm          Frankfurt          Hong Kong
t: +44.20.7553.4100 t: +33.1.42.68.51.47 t: +46.8.463.11.87 t: +49.69.7593.8434 t: +852.2159.9143