# EXHIBIT 8

Annex № 9

ORDER
Of refusal to initiate criminal proceedings

Moscow                                                                                                 December 1st, 2015

Senior investigator for especially important cases of the third investigative division of the department for investigation of especially important cases regarding crimes against government authorities and in the area of economics of the Main investigative department of Investigative Committee of the Russian Federation colonel of justice Novikov S.A., having studied materials for procedural audit according to the procedure set out in art. 144 of the Penal and procedural code of the Russian Federation, registered in registration journal of reports of crimes of the Main investigative department of Investigative Committee of the Russian Federation № 201pr-184/15 dated 02.11.2015,

ESTABLISHED:

On 28.10.2015 deputy chairman of Investigative committee of the Russian Federation assigned Main investigative department of Investigative Committee of the Russian Federation to perform procedural audit in the order set out by art. 144-145 of Penal and procedural code of the Russian Federation regarding circumstances set out in the appeal of the Chairman of the Bank of Russia № 01-33-3/8573 dated 01.10.2015 addressed to the Chairman of Investigative Committee of the Russian Federation regarding potential availability in the actions of owners and managers of financial group "Life" of the signs of crimes, set out in art. 159, art. 160, art. 196, art. 201 of the Penal Code of RF, which contain illegal dissipation, including transfer outside the territory of the Russian Federation, of liquid assets of OAO AKB "Probusinessbank" (hereafter referred as the Bank) which resulted in the decrease of the amount of own capital below minimum value of charter capital, excess of the amount of liabilities over assets value, revocation of banking license, exercise of their powers for their advantage and benefit regardless of legal interest of creditors and depositors of the Bank.

Mentioned appeal of the Chairman of the Bank of Russia was registered in the Registration journal of reports of crimes of the Main investigative department of Investigative Committee of the Russian Federation № 201pr-184/15 dated 02.11.2015 and the same day acting as Head of the Main investigative department of Investigative committee of the Russian Federation assigned me to perform procedural audit.

The timeframe of procedural audit was several prolonged as per defined by the law legal procedure and the last time on 11.11.2015 by the deputy head of division for investigation of especially important cases regarding crimes against government authorities and in the area of economics – head of the 3rd investigative division of the Main investigative department of Investigative Committee of the Russian Federation for 20 days and altogether up to 30 days, namely up to 01.12.2015.

Appeal of the Chairman of the Central Bank of the Russian federation did not contain any attached documentary materials, which confirmed justification (reasonableness) of conclusions mentioned in the appeal regarding presence in the actions of owners and managers of the Bank of criminal offences.

When performing procedural audit the following institutions were requested to provide documentary materials confirming justification of conclusions set out in the appeal of the Chairman of the Bank of Russia concerning presence of criminal offences in the actions of owners and managers of the Bank: FSB of Russia, Ministry for internal affairs of Russia, General Prosecutor's Office of the RF, Federal Tax Service of Russia, Divisions of Federal Tax Service of Russia in Moscow, Sverdlovsk region, Ivanovo region, Kaluga region, Samara region, Saratov region, Novosibirsk region, state corporation "Deposit insurance agency" (hereafter referred as the Agency) as well as materials of search and surveillance proving illegal activities of shareholders and managers of the Bank, information regarding availability in investigative

divisions of the Ministry for internal affairs of Russia of open criminal cases against owners and managers of the Bank; information and documentary materials of the audit performed by employees of the Agency and Bank of Russia in respect to the Bank, of evaluation of total fair value of property and assets of the Bank as of 12.08.2015, of evaluation of the amount of liabilities of the Bank to the creditors; information about performance of any financial operations including those at the territory of foreign countries by affiliated with the Bank legal entities as well as by founders and managers of these legal entities and in their financial interrelation; information about financial position and intergroup economic relations of banking group "Life".

At the moment there were received replies to our requests from divisions of Federal tax service of Russia in Sverdlovsk region, Ivanovo region, Samara region, Saratov region, Rosfinmonitoring (Federal financial monitoring service).

At the moment replies and documentary materials were not provided by FSB of Russia, General Prosecutor's Office of the Russian Federation, Bank of Russia, Moscow division of Federal tax service of Russia, Agency as well as they did not submit information regarding reasons of failure to fulfill the requests.

Moreover, according to part 2 art. 20 of the Penal and procedural code of the Russian Federation criminal cases of private and public charges including crimes set out art. 159, art. 160, art. 196, art. 201 of the Penal Code of RF are initiated only as per the claim of the complainant or its legal representative, if they were committed by individual entrepreneur due to the performance of his entrepreneurial activities and (or) management of the property (assets) which belong to him, which were used for his entrepreneurial activities or if these crimes were committed members of management bodies of commercial entity due to the exercise of their powers of management of commercial entity due to the performance by commercial entity of entrepreneurial activities or any other economic activities except for the cases when the crime harmed the interests of government or municipal unitary enterprise, state corporation, state company, commercial entity with participation of state or municipal entity in charter (contributed) capital (mutual investment fund) or if the target of crime was state or municipal property.

Bank is a commercial entity and potential crimes were committed by management or other employees of the Bank due to exercise of their powers of management of commercial entity (Bank) or due to the performance by commercial entity of entrepreneurial or any other economic activities.

Bank is an open joint stock company without any participation of state or municipal unitary enterprises, it is a commercial entity, charter capital of which does not contain stock of state or municipal entity, the target of the crime was not state or municipal property.

On 12.08.2015 as per the order of the Bank of Russia dated 12.08.2015 № OD-2071 banking license of the Bank was revoked.

On 28.10.2015 as per the decision of the Arbitrary court of Moscow with regard to the case № A40-154909/15 Bank was recognized to be insolvent (bankrupt), in regard to the Bank there were started bankruptcy proceedings, powers of the head of the Bank were terminated and Agency was appointed as bankruptcy manager of the Bank.

Bank of Russia, represented by the Chairman of the Bank of Russia in respect to the Bank is not management body of the Bank and does not exercise powers of management of the Bank and in view of this criminal case against owners and managers of the bank cannot be initiated as per the appeal of the Chairman of the bank of Russia on the grounds set out in part 3 art. 20 of the Penal and procedural code of the Russian Federation.

Thus, criminal case regarding circumstances of potential commitment of crimes, set out in art. 159, art. 160, art. 196, art. 201 of the Penal Code of RF, by managers and employees of the bank, can be initiated under claim of the Agency, however claims of committed crimes according to the procedure defined in art. 141 of the Penal and procedural code of the Russian Federation were not provided by representatives of the Agency within the course of performed audit.

Confidential

However, the timeframe of performance of the audit expires on 01.12.2015, although on the basis of available for investigation documentary materials and surveillance information it seems to be impossible to make a conclusion regarding availability of sufficient information indicative of signs of crimes, which could be the basis for initiation of a criminal case according to the signs of crime, set out in art. 159, art. 160, art. 196, art. 201 of the Penal Code of RF.

According to part 4 art. 7 of the Penal and procedural code of the Russian Federation orders of investigator should be legitimate, justified and substantiated.

Thus according to the results of performed procedural audit, evaluating all together available at the moment in disposal of investigation information and documentary materials as well as absence of a claim regarding crimes according to the procedure set out in art. 141 of penal and procedural code of the Russian Federation from representatives of the Agency, there comes a conclusion regarding absence of events of a crime, set out in art. 159, art. 160, art. 196, art. 201 of the Penal Code of RF and initiation of criminal proceedings should be refused on the grounds set out in cl. 1 part 1 art. 24 of the Penal and procedural code of the Russian Federation.

On the basis of abovementioned and pursuant to cl.1 part 1 art. 24. Art. 38, cl. 2 part 1 art. 144, 145 and art. 148 of the Penal and procedural code of the Russian Federation

RESOLVED:

1. To refuse initiation of criminal proceedings as per circumstances defined in the appeal of the Chairman of the Bank of Russia № 01-33-3/8573 dated 01.10.2015 in respect to the owners and managers of financial group "Life" on the basis of cl. 1 part 1 art. 24 of the Penal and procedural code of the Russian Federation due to the absence of events of crimes, set out in art. 159, art. 160, art. 196, art. 201 of the Penal Code of RF.
2. To provide the order and materials of procedural audit o the deputy head of division for investigation of especially important cases regarding crimes against government authorities and in the area of economics – head of the 3rd investigative division of the Main investigative department of Investigative committee of the Russian Federation to analyze the legitimacy and justification of made decision.
3. To inform complainant – Chairman of the Bank of Russia – of made decisions, having explained that it can be appealed against as per the procedure set out in art. 124, 125 and chapter 16 of Penal and procedural code of the Russian Federation.
4. To submit copy of the order to the deputy General Prosecutor of the Russian Federation.

Senior investigator for especially important cases
Main investigative department
Colonel of justice                                                                                          S.A. Novikov