UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                 :

SERGEY LEONTIEV,                           :

              Plaintiff,            :

                                               :    Case No. 1:16-cv-03595 (JSR)

              - v. -                    :

ALEXANDER VARSHAVSKY,     :

              Defendant.          :
-------------------------------------------------------------- X

# DEFENDANT'S MEMORANDUM TO THE CLERK OF THE COURT IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR COSTS

                                  DEBEVOISE & PLIMPTON LLP
                                  Sean Hecker
                                  Colby Smith
                                  William H. Taft V
                                  919 Third Avenue
                                  New York, New York 10022
                                  Tel:  (212) 909-6000
                                  Fax: (212) 909-6836
                                  shecker@debevoise.com
                                  csmith@debevoise.com
                                  whtaft@debevoise.com

                                  *Counsel to Defendant Alexander Varshavsky*

Dated:  March 27, 2017

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

I.  No Costs Should be Awarded ................................................................................. 3

II.  Certain of Defendants' Costs Are Not Taxable ...................................................... 5

   A. Deposition Costs .................................................................................................. 5

      1.  Plaintiff Cannot Tax Costs For Depositions That Were Not "Used by the Court" .......... 5

      2.  Plaintiff Cannot Tax the Cost of More Than an Original and One Copy of a Deposition Transcript........................................................................................... 7

   B. Interpreter Fees ..................................................................................................... 9

CONCLUSION .............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**CASES**

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
   482 U.S. 437 (1987)..................................................................................................................4

*Dattner v. Conagra Foods, Inc.*,
   458 F.3d 98 (2d Cir. 2006)........................................................................................................4

*Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.*,
   No. 09 Civ. 2570 (HB), 2009 WL 5173787 (S.D.N.Y. Dec. 30, 2009) ...........................6, 7, 8

*Farrar v. Hobby*, 506 U.S. 103 (1992) .......................................................................................4, 5

*Harris v. Twentieth Century-Fox Film Corp.*,
   139 F.2d 571 (2d Cir. 1943)......................................................................................................6

*In re Omeprazole Patent Litig.*,
   No. 00 CIV. 4541 BSJ, 2012 WL 5427849 (S.D.N.Y. Nov. 7, 2012)...................................7, 8

*India.com, Inc. v. Dalal*,
   No. 02 CIV 0111 DLC, 2010 WL 2758567 (S.D.N.Y. July 13, 2010) .....................................8

*JA Apparel Corp. v. Abboud*,
   No. 07 CIV. 7787 (THK), 2010 WL 1488009 (S.D.N.Y. Apr. 13, 2010).................................5

*Mobasher v. Bronx Cmty. College of the City Univ. of N.Y.*,
   01 Civ. 8636 (WCC), 2008 U.S. Dist. LEXIS 57470 (S.D.N.Y. July 28, 2008)...................7, 8

*Shervington v. Vill. of Piermont*,
   No. 09 CIV. 4273, 2012 WL 2574744 (S.D.N.Y. July 3, 2012) ...............................................5

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
   489 U.S. 782 (1989)..................................................................................................................4

*Whitfield v. Scully*,
   241 F.3d 264 (2d Cir. 2001)......................................................................................................6

**STATUTES**

28 U.S.C. § 1920..............................................................................................................................6

**RULES**

Fed. R. Civ. P. 54.......................................................................................................................3, 4

Local Civ. R. 54.1 ..............................................................................................................5, 7, 8, 9

ii

TO THE CLERK OF COURT:

Defendant Alexander Varshavsky respectfully requests that Plaintiff Sergey Leontiev's Application for Costs be denied in full. Plaintiff's suit failed to achieve any meaningful relief. His sole claim for damages was dismissed on the pleadings. His only other claim, for declaratory relief, was entered "on consent" at summary judgment after it was substantially narrowed from the broad declaration sought in Plaintiff's complaint. Defendant consented to that declaration because it effected absolutely no change to the status quo. Although technically entered as a grant of Plaintiff's motion for summary judgment, it was, at most, a Pyrrhic victory that does not qualify for "prevailing party" status or warrant an award of costs.

Certain specific elements of Plaintiff's Application for Costs also should be disallowed because recovery of those elements is not permitted in this District.

## BACKGROUND

Plaintiff brought this suit and alleged two claims. In one claim, Plaintiff sought $25 million in damages for "intentional infliction of emotional distress" arising from Defendant's efforts to obtain repayment from Plaintiff of monies lent by non-parties to entities controlled and looted by Plaintiff. *See* Compl. ¶¶ 46–52, Prayer for Relief (Dkt. No. 1). Judge Rakoff dismissed this count on the pleadings, holding that it did not "remotely meet" the legal standard for the claim. *See* Sept. 1, 2016 Mem. Order, at 11 (Dkt. No. 31).

In the other claim, Plaintiff sought a declaratory judgment that he was not personally liable under any legal theory for the monies loaned by non-parties and an injunction preventing Defendant and "anyone acting in concert or participation with"

Defendant from seeking repayment from Plaintiff. *See* Compl. ¶¶ 41–45, Prayer for Relief (Dkt. No. 1). The claim was a transparent attempt to enjoin the non-party lenders and litigate their rights, as Defendant had never contended that the monies were owed to him personally. Defendant's counsel even offered Plaintiff's counsel, early in the case, to resolve the second claim with a declaration that Plaintiff did not owe Defendant on the loans in their personal capacities. *See* Decl. Hecker Opp. Appl. Costs ("Hecker Decl."), Ex. A (Mar. 1, 2017 Oral Arg. Tr. at 6). Plaintiff's counsel refused and further declined to identify whom Plaintiff was attempting to bind with his requested declaration. *See id.* Yet later, in open court on Plaintiff's unsuccessful motion for judgment on the pleadings, his counsel expressly narrowed the requested relief to "a declaration that [Plaintiff] owes nothing to [Defendant] personally." Sept. 21, 2016 Oral Arg. Tr. at 5-6, 12 (Dkt. No. 42).

In moving for summary judgment on his second claim, Plaintiff nevertheless reverted to the broader declaratory relief sought in his Complaint. *See* Pl.'s Mem. Supp. Mot. Summ. J. at 21, 25 (Dkt. No. 51). In response, Defendant explained that he had never claimed that the loaned funds were owed to him personally and that he would agree to a declaration from the Court to that effect. *See* Def.'s Mem. Opp. Mot. Summ. J. at 2, 12, 25 (Dkt. No. 56). Defendant urged the Court to enter that narrow declaration rather than entertaining Plaintiff's attempt to adjudicate the claims of the non-party lenders, who were not before the Court. *See id.* at 1, 12–14. In case the Court nonetheless did reach that issue, Defendant further explained why summary judgment on Plaintiff's liability on the loans generally should be denied. *See id.* at 14–25. In his reply, Plaintiff

continued to press argument on his liability on the loans generally. *See* Pl.'s Reply Mem. Supp. Mot. Summ. J. at 4–10 (Dkt. No. 65).

Oral argument on Plaintiff's motion for summary judgment did not last long. At the start, Judge Rakoff noted that Plaintiff had withdrawn "in open court" his request that declaratory relief extend to "anyone acting in concert or participation with" Defendant, and that Defendant consented to entry of a declaration that Plaintiff did not owe a debt to Defendant personally. *See* Hecker Decl., Ex. A (Mar. 1, 2017 Oral Arg. Tr. at 2). Given that this was "all that remains of the relief sought by the plaintiff," Judge Rakoff asked Plaintiff's counsel, "why are we here?" *Id.* Plaintiff's counsel nonetheless attempted to argue that the Court should declare Plaintiff not liable to anyone for the monies loaned by non-parties, before Judge Rakoff advised that this was "not a good use" of the Court's time. *Id.* at 5. The Court then entered a final judgment on consent of the parties, declaring solely that Plaintiff "owes no debt or obligation" to Defendant "in the defendant's personal capacity" with respect to the loans at issue. Final J. (Dkt. No. 70).

## ARGUMENT

### I. No Costs Should be Awarded

Plaintiff obtained no meaningful relief from this suit. His first claim, for emotional distress, was dismissed on the pleadings. And his second claim, for declaratory relief, was narrowed and entered on consent, and it declared what had never been in dispute and had, in fact, been offered to Plaintiff's counsel early in the litigation.

The Federal Rules permit an award of certain costs to the "prevailing party," *see* Fed. R. Civ. P. 54(d), but in no meaningful sense did Plaintiff prevail in this litigation. Although the Supreme Court has given the term "prevailing party" a "generous

formulation," *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989), to qualify a plaintiff must still obtain a "judicially sanctioned change in the legal relationship of the parties." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (applying standard to costs under Rule 54). No such change in the legal relationship of the parties was effected here.

The Supreme Court has made clear that a grant of declaratory relief that makes no change to the status quo does not support prevailing party status. As an example of such insufficient relief, the Supreme Court has noted the invalidation of a requirement for school approval for meetings held during non-school hours, where there was no evidence that permission for such a meeting was ever refused. *See Garland*, 489 U.S. at 792. This would not render the plaintiffs "prevailing parties" because, "[d]espite winning a declaratory judgment, the plaintiffs could not alter the defendant['s] … behavior toward them for their benefit." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992) (discussing *Garland*'s example). Here, similarly, there is no evidence that Defendant ever asserted that he was personally owed the loaned monies. Defendant can continue to pursue repayment of the loaned monies on behalf of the creditors in a representational capacity rather than personally, which is all he ever did.

Even if Plaintiff could fairly be said to have "prevailed" on his second claim, the Court has discretion to nonetheless limit or deny costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) (stating that Rule 54(d) "grants a federal court discretion to refuse to tax costs in favor of the prevailing party"). Given Plaintiff's complete loss on his first claim and the narrowing of his second, the litigation's outcome was, at most, mixed, and the Court should, in its discretion, order each party to bear their

4

own costs. *E.g.*, *Shervington v. Vill. of Piermont*, No. 09 CIV. 4273, 2012 WL 2574744, at *3 (S.D.N.Y. July 3, 2012) (denying costs where, among other things, party's victory at summary judgment "was only a partial one"); *JA Apparel Corp. v. Abboud*, No. 07 CIV. 7787 (THK), 2010 WL 1488009, at *4 (S.D.N.Y. Apr. 13, 2010) (ordering each party to bear its costs were the judgment was "mixed," with each party prevailing on certain issues, and collecting cases affirming decisions of other district courts doing the same). Plaintiff should not be permitted to bring suit seeking $25 million in damages and a broad declaration, obtain no monetary relief whatsoever and a narrow declaration on an issue not in dispute and yet recover costs (which were incurred predominantly as a result of the overreaching declaratory relief Plaintiff sought but failed to attain). In these circumstances, no award of costs is warranted. *Cf. Farrar*, 506 U.S. at 120 (O'Connor, J., concurring) (noting that courts routinely deny costs to a "Pyrrhic victor").

## II.     Certain of Defendants' Costs Are Not Taxable

Even if the Clerk allows taxation of costs, Plaintiffs' request for the costs of depositions ($23,699.28) and interpreters ($8,690) should be disallowed. And even if the depositions at issue are deemed taxable, $8,942.18 of the amount sought should be disallowed because it represents nonessential deposition expenses that are not taxable.

### A.     Deposition Costs

#### 1.     Plaintiff Cannot Tax Costs For Depositions That Were Not "Used by the Court"

In the absence of a trial—and there was none here—this Court's Rules permit recovery of the costs of an original deposition transcript, plus one copy, only if the deposition was "used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." Local Civ. R. 54.1(c)(2). Although a court can

5

determine that it "used" any deposition transcript filed in support of a summary judgment motion when ruling on that motion, it is not obligated to do so; the court has broad discretion to "assess the extent to which it 'used'" a deposition transcript. *Whitfield v. Scully*, 241 F.3d 264, 271–72 (2d Cir. 2001); *cf. Harris v. Twentieth Century-Fox Film Corp.*, 139 F.2d 571, 572–73 (2d Cir. 1943) (affirming district court's exercise of discretion in refusing to tax certain depositions not cited in its opinion granting summary judgment). And whereas some courts in this District have, in their discretion, gone beyond the Local Rules' limitation and permitted taxation of depositions not used at trial or on a dispositive motion if they were "reasonably necessary to the litigation at the time they were taken," *Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.*, No. 09 Civ. 2570 (HB), 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009) (citing 28 U.S.C. § 1920(2), which allows taxation of transcripts that were "necessarily obtained for use in the case"), Plaintiff states no reason that the plain application of the Court's Rules should not govern in this case.

Here, none of the deposition transcripts claimed by Plaintiff were "used" by the Court in ruling on Plaintiff's motion for summary judgment, as that motion was resolved on consent, at oral argument, and without any substantive discussion. Indeed, the Court affirmatively stopped Plaintiff's counsel from arguing Plaintiff's liability on the loans generally at oral argument on the motion. *See* Hecker Decl., Ex. A (Mar. 1, 2017 Oral Arg. Tr. at 5). Thus, the $23,699.28 in deposition costs sought by Plaintiff should be disallowed.[1] This is particularly so for the $871.30 in costs sought for the deposition

---

[1] Decl. King Supp. Appl. Costs ("King Decl.") ¶ 7 (Dkt. No. 71-1).

6

transcript of Vadim Voronin,[2] which Plaintiff did not even file in support of his motion for summary judgment. *See* Decl. Weigel Supp. Mot. SJ (Dkt. No. 55); Decl. King Further Supp. Mot. SJ (Dkt. No. 69).

### 2. Plaintiff Cannot Tax the Cost of More Than an Original and One Copy of a Deposition Transcript

Local Civil Rule 54.1 provides that only the original transcript of a deposition, plus one copy, is taxable. Local Civ. R. 54.1(c)(2). Even if it is determined that Plaintiff can recover costs for the depositions listed in his Application for Costs, he is not permitted to recover the costs of miscellaneous expenses incurred in connection with deposition transcripts, such as professional attendance fees and expenses, rough draft fees, and delivery and handling fees. Because Plaintiff does not suggest any extraordinary circumstances that would justify recovery of $8,942.18 in such miscellaneous expenses,[3] this amount should be disallowed.

***Professional Attendance Fees and Expenses.*** Professional attendance or appearance fees and expenses are miscellaneous expenses and not taxable. *See In re Omeprazole Patent Litig.*, No. 00 CIV. 4541 BSJ, 2012 WL 5427849, at *4 (S.D.N.Y. Nov. 7, 2012) ("[C]ourts in this District have determined that court reporter appearance fees … are not taxable."); *Farberware*, 2009 WL 5173787, at *5–6 (disallowing appearance fees at depositions as a "miscellaneous" expense not taxable even when the cost of an original transcript and one copy is properly taxed); *Mobasher v. Bronx Cmty. College of the City Univ. of N.Y.*, 01 Civ. 8636 (WCC), 2008 U.S. Dist. LEXIS 57470, at

---

[2]   King Decl., Ex. D at 13. This total excludes the amount categorized as "Realtime Services," per Plaintiff's representation that he is not seeking recovery of that cost. *See id.* ¶ 7 n.1.

[3]   This constitutes $570 in "Professional Attendance" fees; $3,600 in "Expenses"; $4,258.25 in "Rough Draft" costs; and $513.93 in "Delivery and Handling" costs. *See generally* King Decl., Ex. D.

7

*10–11 (S.D.N.Y. July 28, 2008) (rejecting recovery of "Appearance Fee[s]"). Plaintiff's request for $570 in "Professional Attendance" fees and $3,600 in "Expenses" should thus be disallowed.[4]

***Rough Draft Fees.*** The purchase price of a rough disk "may not be taxed," even if the deposition transcript itself is taxable. *Farberware*, 2009 WL 5173787, at *5–6 (denying taxation of cost of rough disks). Plaintiff's request for $4,258.25 for "Rough Draft" fees should thus be disallowed.[5]

***Delivery and Handling Fees.*** Delivery and handling costs in connection with deposition transcripts are not recoverable. *Omeprazole Patent Litig.*, 2012 WL 5427849, at *4 (rejecting recovery of "delivery fees" for deposition transcripts); *India.com, Inc. v. Dalal*, No. 02 CIV 0111 DLC, 2010 WL 2758567, at *3 (S.D.N.Y. July 13, 2010) (same); *Mobasher*, 2008 U.S. Dist. LEXIS 57470, at *10-11 (denying delivery fees because "shipping fees are not provided for under Local Civil Rule 54.1"). Plaintiff's request for $513.93 in "Delivery and Handling" fees should thus be disallowed.[6]

---

[4] *See* King Decl. Ex. D at 2, 3, 8, 9, 10, 11 ($95 in "Professional Attendance" fees for each of six depositions: Kamo Avagumyan, Karen Avagumyan, Andrei Pavlovich, Vitaliy Popov, Yulia Semenova, and Alexander Shcheglyaev); *id.* at 3 ($2,400 in "Expenses" for Karen Avagumyan); *id.* at 9 ($1,200 in "Expenses" for Vitaliy Popov).

[5] *See* King Decl. Ex. D at 2 ($309.75 in "Rough Draft" fees for Kamo Avagumyan); *id.* at 3 ($175 in same for Karen Avagumyan); *id.* at 4 ($391.25 in same for Vadim Kolotnikov); *id.* at 5 ($187.50 in same for Charles W. Laurence); *id.* at 6 ($545 in same for Sergey Leontiev); *id.* at 7 ($262.50 in same for Irina Monakhova); *id.* at 8 ($260.75 in same for Andrei Pavlovich); *id.* at 9 ($362.25 in same for Vitaliy Popov); *id.* at 10 ($313.25 in same for Yulia Semenova); *id.* at 11 ($222.25 in same for Alexander Shcheglyaev); *id.* at 12 ($343.75 in same for Alexander Varshavsky); *id.* at 13 ($185 in same for Vadim Voronin); *id.* at 14 ($291.25 in same for Alexander Zheleznyak); *id.* at 15 ($408.75 in same for Irina Zubiy).

[6] *See* King Decl. Ex. D at 2 ($39.50 in "Delivery and Handling" fees for Kamo Avagumyan); *id.* at 3 ($41.65 in same for Karen Avagumyan); *id.* at 4 ($45.89 in same for Vadim Kolotnikov); *id.* at 5 ($29.50 in same for Charles W. Laurence); *id.* at 6 ($29.50 in same for Sergey Leontiev); *id.* at 7 ($51.89 in same for Irina Monakhova); *id.* at 8 ($39.50 in same for Andrei Pavlovich); *id.* at 9 ($39.50 in same for Vitaliy Popov); *id.* at 10 ($39.50 in same for Yulia Semenova); *id.* at 11 ($39.50 in same for Alexander Shcheglyaev); *id.* at 12 ($29.50 in same for Alexander Varshavsky); *id.* at 13 ($29.50 in

### B. Interpreter Fees

Under the Rules of this Court, interpreter fees are taxable only "if the fee of the witness involved is taxable." Local Civ. R. 54.1(c)(4). Here, Plaintiff seeks interpreter fees solely for deposition witnesses. The fee for a deposition witness, however, is taxable only "if the deposition taken was used or received in evidence at … trial." Local Civ. R. 54.1(c)(2). As there was no trial, on its face this Court's Rules do not permit taxation of the interpreter fees sought by Plaintiff. Plaintiff's request for $8,690 for interpretation services at depositions should thus be disallowed.[7]

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Application for Costs be denied in its entirety, or, in the alternative, denied to the extent of $8,690 for interpretation services that are not taxable and $23,699.28 in costs for depositions that are not taxable or, if the depositions are found to be taxable, $8,942.18 in miscellaneous deposition expenses that are not taxable.

Dated: New York, New York
       March 27, 2017               DEBEVOISE & PLIMPTON LLP

                                    /s/ Sean Hecker
                                    Sean Hecker
                                    Colby Smith
                                    William H. Taft V
                                    919 Third Avenue
                                    New York, New York 10022
                                    Tel:  (212) 909-6000
                                    Fax: (212) 909-6836
                                    shecker@debevoise.com
                                    csmith@debevoise.com

---

same for Vadim Voronin); *id.* at 14 ($29.50 in same for Alexander Zheleznyak); *id.* at 15 ($29.50 in same for Irina Zubiy).

[7]  *See* King Decl. ¶ 8, Ex. E.

whtaft@debevoise.com

*Counsel to Defendant Alexander Varshavsky*