# Exhibit A

```
                                                                        1
     H31VLEOA

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    SERGEY LEONTIEV,

4                   Plaintiff,

5               v.                         16 CV 3595 (JSR)

6    ALEXANDER VARSHAVSKY,

7                   Defendant.             ARGUMENT

8    ------------------------------x
                                           New York, N.Y.
9                                          March 1, 2017
                                           2:52 p.m.
10
     Before:
11
                         HON. JED S. RAKOFF,
12
                                           District Judge
13
                              APPEARANCES
14
     GIBSON DUNN
15        Attorneys for Plaintiff
     BY:  ROBERT L. WEIGEL
16        ALISON L. WOLLIN
          RACHEL BROOK
17        NETA LEVANON

18   DEBEVOISE & PLIMPTON
          Attorneys for Defendant
19   BY:  SEAN HECKER
          WILLIAM H. TAFT
20        COLBY A. SMITH

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                    2
     H31VLEOA
```

1              (Case called)

2              THE COURT:  Good afternoon.

3              So we're here on the plaintiff's motion for summary

4     judgment.

5              MR. WEIGEL:  Yes, your Honor.

6              THE COURT:  But I don't actually know why we're here,

7     and I'll tell you why I say that.  Keeping in mind, as of

8     course I am required, that this has been one hotly-litigated --

9     one might well say over-litigated -- case on the part of both

10    the esteemed law firms present here in court.

11             Mr. Leontiev initially sought a declaration that he

12    did not owe Mr. Varshavsky or, quote, anyone acting in concert

13    or participation with Mr. Varshavsky in connection with loans.

14    Mr. Leontiev later repeatedly withdrew the second part of that

15    claim on the record, in open court, and only asked for the

16    first declaration.

17             Mr. Varshavsky has now conceded that he cannot

18    personally enforce the loans because he is not a named lender,

19    a third-party beneficiary, or an assignee of the loans.  He,

20    therefore, as I read his papers, consents to the entry of the

21    declaration that Mr. Leontiev does not owe a debt to

22    Mr. Varshavsky in Mr. Varshavsky's personal capacity, which is

23    all that remains of the relief sought by the plaintiff.

24             So I ask counsel, why are we here?

25             MR. WEIGEL:  We are here, your Honor, because at the

```
                                                                      3
       H31VLEOA
```

1     beginning of the lawsuit, we filed a complaint.  And in that

2     complaint, in paragraph 4, we said Mr. Leontiev owes

3     Mr. Varshavsky nothing.  In two answers, the original answer

4     and the amended answer, that provision was denied.  When we

5     came in front of you on the motion for judgment on the

6     pleadings, Mr. Varshavsky -- well, your Honor --

7             THE COURT:  Am I right that the declaration you are

8     presently seeking is that Mr. Leontiev does not owe a debt to

9     Mr. Varshavsky in Mr. Varshavsky's personal capacity?

10            MR. WEIGEL:  Absolutely right, your Honor.

11            THE COURT:  That's the only relief that, as I read the

12    record, you are presently seeking.

13            MR. WEIGEL:  That is the relief we are seeking, your

14    Honor.

15            THE COURT:  They concede that they will give you that

16    declaration.  They do not object to that declaration.

17            MR. WEIGEL:  But they did that in a very tactical way,

18    your Honor.

19            THE COURT:  I don't give a darn.  I'm a simple,

20    barefoot judge.  You asked for relief, number one.  They say

21    they will give you relief, number one.

22            Why are we here?

23            MR. WEIGEL:  Well, we would like -- obviously we'd

24    like a judgment of this Court.

25            THE COURT:  I will give you that declaration.

                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

H31VLEOA                                                           4

1            MR. WEIGEL:  The other point, your Honor, though, is
2    that at any point in time Mr. Varshavsky controls Avalon.  He's
3    its president.  He could have caused an assignment to himself
4    at any point in time.
5            What they did here was they let this case go through
6    all the discovery, and then at the very last minute, they made
7    a call, should we assign the claim to Mr. Varshavsky or not.
8    They chose not to at that point in time.  But we didn't know
9    what that answer would be.  In fact, as of this morning they
10   could have assigned the claim to Mr. Varshavsky.  So there is
11   an issue about whether Mr. Leontiev is liable for the debts of
12   these other entities.
13           Your Honor said there were three things that they
14   needed to prove when we got to the summary judgment stage, when
15   the burden of proof shifted.  One was that there was a valid
16   debt; two, that he had a right to enforce it; and three, that
17   Mr. Leontiev was liable for that debt.
18           After spending an enormous amount of everybody's time
19   and energy, not only my client's money and the 15 depositions,
20   but tens of thousands of pages of documents that were produced,
21   they've now conceded what they should have conceded a long time
22   ago.
23           Your Honor, we'll take the judgment.  I mean we're
24   very happy that we've managed to prove what we set out to
25   prove.  But we don't think that they should be allowed to limit

H31VLEOA                                                                5

1    the Court, if the Court were to consider the other issues, and
2    decide on the alternative ground that they have failed to
3    establish, after all this discovery, that Mr. Leontiev is
4    liable for the debts of these three companies:  Ambika, Vennop,
5    and FG Life.
6             If I may, your Honor, we spent a great deal of time,
7    and having spent several hours of my life trying to read that
8    Press case from the English court which I would commend to you
9    if you ever have two and-a-half hours in the Dallas airport.
10   We've gone through it and they have utterly failed to establish
11   any of the elements to establish that the veil of Ambika should
12   be pierced.
13            There are two theories under English law, under the
14   Press case and under Judge Cote's decision in the Mike Tyson
15   bankruptcy, which elaborates on the English law.  There are two
16   theories.  One is that there was some sort of evasion that --
17            THE COURT:  Counsel, this is not a good use of my
18   time.  I understand that you felt, given the way they presented
19   their papers, that you should come to argue that point, but I
20   don't see that point as any longer relevant.
21            Let me hear from your adversary.
22            Thank you.
23            MR. WEIGEL:  Thank you, your Honor.
24            MR. HECKER:  I agree with the Court's analysis.
25            THE COURT:  But I think the point made by your

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

H31VLEOA

6

1    adversary, that this is something -- that you could have
2    reached this point weeks or months ago.
3             MR. HECKER:  Your Honor, I agree.  We tried to.
4             On July 29th, during our meet-and-confer, before a
5    call was made to chambers to get permission to file the motion
6    for judgment on the pleadings, I said in very plain English to
7    Mr. Weigel's partner Marshall King, that if all they were
8    seeking was a declaration or an order that their client didn't
9    owe our client personally on the loans, they could have it,
10   this case could be done.
11            He refused the offer.
12            I said, What is it you're trying to accomplish?  Who
13   are you trying to bind by getting a ruling here?
14            No response.
15            They moved forward with the motion for judgment on the
16   pleadings, and they have been the ones that have been
17   litigating this case.  They are the plaintiffs in this case; we
18   didn't ask for this lawsuit.  The actual lenders here have
19   brought suit in state court.  The case was just assigned to
20   Justice Barry Ostrager, I think, yesterday.
21            We are going to litigate this case.  We think that's
22   the proper forum.  We agree with the Court's analysis.  There
23   is no actual controversy between the parties.  I think this
24   Court would have discretion under the Declaratory Judgment Act
25   not to issue the requested declaration because there has never

```
                                                                 7
     H31VLEOA

1    been a claim that Mr. Varshavsky, who's owed this money --
2             THE COURT:  On your consent, I'm issuing it.
3             MR. HECKER:  On consent, that's fine.
4             THE COURT:  I don't understand, having consented to
5    it, why you are now bothering to argue that, in effect, that I
6    shouldn't, under the guise of saying I have discretion not to.
7             MR. HECKER:  We stand on our papers.
8             THE COURT:  Good.
9             MR. HECKER:  We are happy to have the order on
10   consent.
11            THE COURT:  Then it's probably time to sit down.
12            So first I will issue a declaration by no later than
13   tomorrow, but it takes effect immediately, that Mr. Leontiev
14   does not owe a debt to Mr. Varshavsky in Mr. Varshavsky's
15   personal capacity.
16            Second, I feel compelled, with reluctance, to say that
17   before this case, if you had asked this Court which were the
18   top five litigation firms in terms of not only quality of
19   representation, but also in terms of not wasting the Court's
20   time and not being overly litigious and not posturing, I
21   certainly would have included in that list Gibson Dunn and
22   Debevoise.  I feel compelled hereinafter to revise that
23   opinion.
24            Court is adjourned.
25                          *   *   *


                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```