AO 133   (Rev. 12/09) Bill of Costs

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/28/17

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

SERGEY LEONTIEV )
)
v. )   Case No.: 16-cv-03595 (JSR)
)
ALEXANDER VARSHAVSKY )
)

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____03/02/2017_____ against _____Alexander Varshavsky_____,
                                                                                  *Date*

the Clerk is requested to tax the following as costs:

Fees of the Clerk ....................................................................... $ _____400.00_____

Fees for service of summons and subpoena ....................................................

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case .... *See Receipts* $19,885.85 ~~23,099.28~~

Fees and disbursements for printing ..........................................................

Fees for witnesses *(itemize on page two)* ...................................................... _____0.00_____

Fees for exemplification and the costs of making copies of any materials where the copies are
necessarily obtained for use in the case. ......................................................

Docket fees under 28 U.S.C. 1923 ...........................................................

Costs as shown on Mandate of Court of Appeals ...............................................

Compensation of court-appointed experts .....................................................
*allowable witness fees taxable for Depositors, so this would be*
Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 *Allowable* _____8,690.00_____

Other costs *(please itemize)*
*Done on submission/objections filed and*
*taken into consideration*                                                    TOTAL  $ ~~22,789.28~~  $19,975.85

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the
services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties
in the following manner:

[✓] Electronic service            [ ] First class mail, postage prepaid

[ ] Other:

s/ Attorney: _____

Name of Attorney:  MARSHALL R. KING

For: _____SERGEY LEONTIEV_____                          Date: _____03/13/2017_____
                    *Name of Claiming Party*

## Taxation of Costs

Costs are taxed in the amount of $19,975.85 _____ and included in the judgment.

_____Ruby J. Krajick_____   By: _____   3/28/2017
      *Clerk of Court*              *Deputy Clerk*              *Date*

AO 133  (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

# EXHIBIT C

| | |
|---|---|
| **From:** | paygovadmin@mail.doc.twai.gov |
| **Sent:** | Friday, May 13, 2016 6:52 PM |
| **To:** | Barbera, Gino; Arias, Angel |
| **Subject:** | Pay.gov Payment Confirmation: NYSD CM ECF |

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact the NYSD ECFHelpdesk at (212) 805-0800.

Application Name: NYSD CM ECF
Pay.gov Tracking ID: 25RJVGER
Agency Tracking ID: 0208-12301084
Transaction Type: Sale
Transaction Date: May 13, 2016 6:52:17 PM

Account Holder Name: Gino Barbera
Transaction Amount: $400.00
Card Type: AmericanExpress
Card Number: ************1006

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

# EXHIBIT D

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569

# VERITEXT
## LEGAL SOLUTIONS

✓ ALLOWABLE
✗ NOT allowABLE

**Bill To:** Alison L. Wollin, Esq
Gibson Dunn
200 Park Avenue
47th Floor
New York, NY, 10166

| | |
|---|---|
| **Invoice #:** | NY2842358 |
| **Invoice Date:** | 12/29/2016 |
| **Balance Due:** | $2,258.20 |

| | | | |
|---|---|---|---|
| **Case:** | Leontiev v. Vashavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2494638 \| Job Date: 12/20/2016 \| Delivery: Normal | | |
| **Billing Atty:** | Alison L. Wollin, Esq | | |
| **Location:** | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A \| 00100 Helsinki | | |
| **Sched Atty:** | Alison L. Wollin, Esq \| Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount | |
|---|---|---|---|
| | Transcript Services | $950.55 | ✓ |
| | Professional Attendance | $95.00 | ✗ |
| | Exhibit Management | $66.90 | ✗ |
| Kamo Avagumyan | Realtime Services | $796.50 | ✗ |
| | Rough Draft | $309.75 | ✗ |
| | Expenses | $0.00 | |
| | Delivery and Handling | $39.50 | ✗ |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $2,258.20 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $2,258.20 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

$950.55
ALLOWABLE

**THIS INVOICE IS 63 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | NY2842358 |
| **Job #:** | 2494638 |
| **Invoice Date:** | 12/29/2016 |
| **Balance:** | $2,258.20 |

42700

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



**VERITEXT**
LEGAL SOLUTIONS

| Bill To: | Alison L. Wollin, Esq<br>Gibson Dunn<br>200 Park Avenue<br>47th Floor<br>New York, NY, 10166 | Invoice #: | NY2840579 |
|---|---|---|---|
| | | Invoice Date: | 12/28/2016 |
| | | Balance Due: | $3,793.65 |

| | | | |
|---|---|---|---|
| **Case:** | Leontiev v. Varshavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2492612 \| Job Date: 12/14/2016 \| Delivery: Normal | | |
| **Billing Atty:** | Alison L. Wollin, Esq | | |
| **Location:** | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A \| 00100 Helsinki | | |
| **Sched Atty:** | Alison L. Wollin, Esq \| Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $554.00 |
| | Professional Attendance | $95.00 |
| | Exhibit Management | $78.00 |
| Karen Avagumyan | Realtime Services | $450.00 |
| | Rough Draft | $175.00 |
| | Expenses | $2,400.00 |
| | Delivery and Handling | $41.65 |

| Notes: Travel and Non-Sitting Days | Invoice Total: | $3,793.65 |
|---|---|---|
| | Payment: | $0.00 |
| | Credit: | $0.00 |
| | Interest: | $0.00 |
| | Balance Due: | $3,793.65 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs,
including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services
please consult http://www.veritext.com/services/all-services/services-information

$ 554.00 *allowable*

**THIS INVOICE IS 64 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

To pay online, go to
**www.veritext.com**

42700   Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

Please remit payment to:
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| Invoice #: | NY2840579 |
|---|---|
| Job #: | 2492612 |
| Invoice Date: | 12/28/2016 |
| Balance: | $3,793.65 |

**Veritext Corp**
**New York Region**



330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569

| Bill To: | Robert L. Weigel, Esq | | |
|---|---|---|---|
| | Gibson Dunn | **Invoice #:** | NY2863391 |
| | 200 Park Avenue | **Invoice Date:** | 1/25/2017 |
| | 47th Floor | **Balance Due:** | $2,217.94 |
| | New York, NY, 10166 | | |

| | |
|---|---|
| **Case:** | Leontiev v. Vashavsky |
| **Job #:** | 2512946 \| Job Date: 1/12/2017 \| Delivery: Normal |
| **Billing Atty:** | Robert L. Weigel, Esq |
| **Location:** | Debevoise & Plimpton |
| | 919 Third Avenue \| Room 35F \| New York, NY 10022 |
| **Sched Atty:** | \| Debevoise & Plimpton LLP |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $971.75 |
| | Exhibit Management | $200.40 |
| Vadim  Kolotnikov CONF | Realtime Services | $444.85 |
| | Rough Draft | $358.75 |
| | Delivery and Handling | $45.89 |
| | Transcript Services | $123.50 |
| Vadim Kolotnikov AEO | Realtime Services | $40.30 |
| | Rough Draft | $32.50 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $2,217.94 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $2,217.94 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$1,095.25*
*Allowable*

**THIS INVOICE IS 36 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

**To pay online, go to**
**www.veritext.com**

42700

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| **Invoice #:** | NY2863391 |
|---|---|
| **Job #:** | 2512946 |
| **Invoice Date:** | 1/25/2017 |
| **Balance:** | $2,217.94 |

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



# VERITEXT
## LEGAL SOLUTIONS

| Bill To: | Alison L. Wollin, Esq | | |
|---|---|---|---|
| | Gibson Dunn | Invoice #: | NY2860002 |
| | 200 Park Avenue | Invoice Date: | 1/20/2017 |
| | 47th Floor | Balance Due: | $1,070.60 |
| | New York, NY, 10166 | | |

| | |
|---|---|
| **Case:** | Leontiev v. Varshavsky |
| **Job #:** | 2512944 \| Job Date: 1/11/2017 \| Delivery: Normal |
| **Billing Atty:** | Alison L. Wollin, Esq |
| **Location:** | Debevoise & Plimpton |
| | 919 Third Avenue \| 35th \| New York, NY 10022 |
| **Sched Atty:** | \| Debevoise & Plimpton LLP |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $526.50 |
| | Exhibit Management | $94.60 |
| Charles W. Laurence | Realtime Services | $232.50 |
| | Rough Draft | $187.50 |
| | Delivery and Handling | $29.50 |

| Notes: | | | |
|---|---|---|---|
| | **Invoice Total:** | $1,070.60 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $1,070.60 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$526.50*
*AllowABle*

**THIS INVOICE IS 41 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | NY2860002 |
| **Job #:** | 2512944 |
| **Invoice Date:** | 1/20/2017 |
| **Balance:** | $1,070.60 |

42700

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569

# VERITEXT
## LEGAL SOLUTIONS

| | | |
|---|---|---|
| **Bill To:** Robert L. Weigel, Esq<br>Gibson Dunn<br>200 Park Avenue<br>47th Floor<br>New York, NY, 10166 | **Invoice #:**<br>**Invoice Date:**<br>**Balance Due:** | NY2851486<br>1/10/2017<br>$2,935.30 |

| | |
|---|---|
| **Case:** | Leontiev v. Varshavsky |
| **Job #:** | 2511857 \| Job Date: 1/3/2017 \| Delivery: Normal |
| **Billing Atty:** | Robert L. Weigel, Esq |
| **Location:** | Debevoise & Plimpton |
| | 919 3rd Avenue \| New York, NY 10022 |
| **Sched Atty:** | \| Debevoise & Plimpton LLP |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $133.25 |
| S Leontiev - AEO | Realtime Services | $44.95 |
| | Rough Draft | $36.25 |
| | Transcript Services | $1,361.75 |
| | Exhibit Management | $190.00 |
| Sergey Leontiev | Realtime Services | $630.85 |
| | Rough Draft | $508.75 |
| | Delivery and Handling | $29.50 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $2,935.30 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $2,935.30 |

TERMS    Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$642.00*
*Allowing*

**THIS INVOICE IS 51 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

| To pay online, go to<br>**www.veritext.com** | **Please remit payment to:**<br>**Veritext**<br>**P.O. Box 71303**<br>**Chicago IL 60694-1303** | **Invoice #:** | **NY2851486** |
|---|---|---|---|
| | | **Job #:** | **2511857** |
| | | **Invoice Date:** | **1/10/2017** |
| | | **Balance:** | **$2,935.30** |

42700    Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Veritext Corp**
**New York Region**

# VERITEXT
## LEGAL SOLUTIONS

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569

| | | | |
|---|---|---|---|
| **Bill To:** | Marshall King, Esq<br>Gibson Dunn<br>200 Park Avenue<br>47th Floor<br>New York, NY, 10166 | **Invoice #:**<br>**Invoice Date:**<br>**Balance Due:** | NY2862673<br>1/25/2017<br>$2,068.64 |

| | | | |
|---|---|---|---|
| **Case:** | Leontiev v. Varshavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2521235 \| Job Date: 1/17/2017 \| Delivery: Expedited | | |
| **Billing Atty:** | Marshall King, Esq | | |
| **Location:** | Gibson Dunn & Crutcher LLP | | |
| | 200 Park Avenue \| 47th Floor \| New York, NY, 10166 | | |
| **Sched Atty:** | Alison Chapin, Esq \| Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $721.50 |
| | Transcript - Expedited Fee | $231.00 |
| | Professional Attendance | $0.00 |
| | Exhibit Management | $150.75 |
| Irina Monakhova | Realtime Services | $651.00 |
| | Rough Draft | $262.50 |
| | Expenses | $0.00 |
| | Delivery and Handling | $51.89 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $2,068.64 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $2,068.64 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$1721.50*
*Allowable*

**THIS INVOICE IS 36 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

To pay online, go to
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

Please remit payment to:
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | NY2862673 |
| **Job #:** | 2521235 |
| **Invoice Date:** | 1/25/2017 |
| **Balance:** | $2,068.64 |

42700

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



# VERITEXT
## LEGAL SOLUTIONS

| | | |
|---|---|---|
| **Bill To:** Alison L. Wollin, Esq | **Invoice #:** | NY2842221 |
| Gibson Dunn | **Invoice Date:** | 12/29/2016 |
| 200 Park Avenue | **Balance Due:** | $1,953.30 |
| 47th Floor | | |
| New York, NY, 10166 | | |

| | | |
|---|---|---|
| **Case:** Leontiev v. Vashavsky | **Matter #:** | 56885-00001 |
| **Job #:** 2492613 \| Job Date: 12/16/2016 \| Delivery: Normal | | |
| **Billing Atty:** Alison L. Wollin, Esq | | |
| **Location:** Roschier Asianajotoimisto Oy | | |
| Keskuskatu 7 A \| 00100 Helsinki | | |
| **Sched Atty:** Alison L. Wollin, Esq \| Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $806.35 |
| | Professional Attendance | $95.00 |
| | Exhibit Management | $81.20 |
| Andrei Pavlovich | Realtime Services | $670.50 |
| | Rough Draft | $260.75 |
| | Expenses | $0.00 |
| | Delivery and Handling | $39.50 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $1,953.30 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $1,953.30 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$806.30*
*Allowable*

**THIS INVOICE IS 63 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

42700

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | NY2842221 |
| **Job #:** | 2492613 |
| **Invoice Date:** | 12/29/2016 |
| **Balance:** | $1,953.30 |

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



**VERITEXT**
LEGAL SOLUTIONS

| Bill To: | Alison L. Wollin, Esq | | |
| | Gibson Dunn | **Invoice #:** | NY2857147 |
| | 200 Park Avenue | **Invoice Date:** | 1/18/2017 |
| | 47th Floor | **Balance Due:** | $3,895.30 |
| | New York, NY, 10166 | | |

| **Case:** | Leontiev v. Varshavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2494641 \| Job Date: 1/9/2017 \| Delivery: Normal | | |
| **Billing Atty:** | Alison L. Wollin, Esq | | |
| **Location:** | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A \| 00100 Helsinki | | |
| **Sched Atty:** | Alison L. Wollin, Esq \| Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $1,105.05 |
| | Professional Attendance | $95.00 |
| | Exhibit Management | $162.00 |
| Vitaliy Popov | Realtime Services | $931.50 |
| | Rough Draft | $362.25 |
| | Expenses | $1,200.00 |
| | Delivery and Handling | $39.50 |

| Notes: | | **Invoice Total:** | $3,895.30 |
| | | **Payment:** | $0.00 |
| | | **Credit:** | $0.00 |
| | | **Interest:** | $0.00 |
| | | **Balance Due:** | $3,895.30 |

TERMS· Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$1,105.05*
*ALLOWABLE*

---

**THIS INVOICE IS 43 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

**To pay online, go to**
**www.veritext.com**

42700    Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| **Invoice #:** | NY2857147 |
| **Job #:** | 2494641 |
| **Invoice Date:** | 1/18/2017 |
| **Balance:** | $3,895.30 |

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



**VERITEXT**
LEGAL SOLUTIONS

| Bill To: | Alison L. Wollin, Esq | | |
|---|---|---|---|
| | Gibson Dunn | | |
| | 200 Park Avenue | | |
| | 47th Floor | | |
| | New York, NY, 10166 | | |

| | |
|---|---|
| **Invoice #:** | NY2842501 |
| **Invoice Date:** | 12/29/2016 |
| **Balance Due:** | $2,395.45 |

| | | | |
|---|---|---|---|
| **Case:** | Leontiev v. Varshavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2492615 | Job Date: 12/19/2016 | Delivery: Normal | | |
| **Billing Atty:** | Alison L. Wollin, Esq | | |
| **Location:** | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A | 00100 Helsinki | | |
| **Sched Atty:** | Alison L. Wollin, Esq | Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $960.85 |
| | Professional Attendance | $95.00 |
| | Exhibit Management | $181.35 |
| Yulia Semenova | Realtime Services | $805.50 |
| | Rough Draft | $313.25 |
| | Expenses | $0.00 |
| | Delivery and Handling | $39.50 |

| Notes: | | | |
|---|---|---|---|
| | | **Invoice Total:** | $2,395.45 |
| | | **Payment:** | $0.00 |
| | | **Credit:** | $0.00 |
| | | **Interest:** | $0.00 |
| | | **Balance Due:** | $2,395.45 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

**THIS INVOICE IS 63 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | NY2842501 |
| **Job #:** | 2492615 |
| **Invoice Date:** | 12/29/2016 |
| **Balance:** | $2,395.45 |

42700

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



# VERITEXT
## LEGAL SOLUTIONS

| | | |
|---|---|---|
| **Bill To:** Marshall King, Esq<br>Gibson Dunn<br>200 Park Avenue<br>47th Floor<br>New York, NY, 10166 | **Invoice #:**<br>**Invoice Date:**<br>**Balance Due:** | NY2857240<br>1/18/2017<br>$1,676.90 |

| | |
|---|---|
| **Case:** | Leontiev v. Varshavsky |
| **Job #:** | 2512718 \| Job Date: 1/11/2017 \| Delivery: Normal |
| **Billing Atty:** | Marshall King, Esq |
| **Location:** | Hotel Kämp |
| | Pohjoisesplanadi 29 \| Paavo Nurmi Room 3 on the 2nd floor \|<br>00100 Helsinki |
| **Sched Atty:** | \| Debevoise & Plimpton LLP |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $693.05 |
| | Professional Attendance | $95.00 |
| | Exhibit Management | $55.60 |
| Alexander Shcheglyaev | Realtime Services | $571.50 |
| | Rough Draft | $222.25 |
| | Expenses | $0.00 |
| | Delivery and Handling | $39.50 |

| Notes: | **Invoice Total:** | $1,676.90 |
|---|---|---|
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $1,676.90 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

$693.05
ALLOWABLE

**THIS INVOICE IS 43 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

| To pay online, go to<br>**www.veritext.com** | **Please remit payment to:**<br>**Veritext**<br>**P.O. Box 71303**<br>**Chicago IL 60694-1303** | **Invoice #:** | NY2857240 |
|---|---|---|---|
| | | **Job #:** | 2512718 |
| | | **Invoice Date:** | 1/18/2017 |
| Veritext accepts all major credit cards<br>(American Express, Mastercard, Visa, Discover) | | **Balance:** | $1,676.90 |

42700

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



VERITEXT
LEGAL SOLUTIONS

| Bill To: | Robert L. Weigel, Esq | Invoice #: | NY2856167 |
|---|---|---|---|
| | Gibson Dunn | Invoice Date: | 1/17/2017 |
| | 200 Park Avenue | Balance Due: | $2,402.90 |
| | 47th Floor | | |
| | New York, NY, 10166 | | |

| | | | |
|---|---|---|---|
| **Case:** | Leontiev v. Varshavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2505668 | Job Date: 1/5/2017 | Delivery: Normal | | |
| **Billing Atty:** | Robert L. Weigel, Esq | | |
| **Location:** | Gibson Dunn & Crutcher LLP | | |
| | 200 Park Avenue | 47th Floor | New York, NY 10166 | | |
| **Sched Atty:** | Alison L. Wollin, Esq | Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $932.75 |
| | Professional Attendance | $0.00 |
| | Exhibit Management | $244.40 |
| Alexander Varshavsky | Realtime Services | $852.50 |
| | Rough Draft | $343.75 |
| | Expenses | $0.00 |
| | Delivery and Handling | $29.50 |

| Notes: | Invoice Total: | $2,402.90 |
|---|---|---|
| | Payment: | $0.00 |
| | Credit: | $0.00 |
| | Interest: | $0.00 |
| | Balance Due: | $2,402.90 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$932.75*
*Allowed*

THIS INVOICE IS 44 DAYS PAST DUE, PLEASE REMIT - THANK YOU

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| Invoice #: | NY2856167 |
|---|---|
| Job #: | 2505668 |
| Invoice Date: | 1/17/2017 |
| Balance: | $2,402.90 |

42700

## Veritext New York Reporting Co.

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



VERITEXT
LEGAL SOLUTIONS

| Bill To: | Mary Beth Maloney, Esq | | |
|---|---|---|---|
| | Gibson Dunn | **Invoice #:** | NY2852549 |
| | 200 Park Avenue | **Invoice Date:** | 1/11/2017 |
| | 47th Floor | **Balance Due:** | $1,100.70 |
| | New York, NY, 10166 | | |

| | |
|---|---|
| **Case:** | Leontiev v. Varshavsky |
| **Job #:** | 2512940 | Job Date: 1/6/2017 | Delivery: Normal |
| **Billing Atty:** | Mary Beth Maloney, Esq |
| **Location:** | Debevoise & Plimpton |
| | 919 Third Avenue | 35th | New York, NY 10022 |
| **Sched Atty:** | | Debevoise & Plimpton LLP |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $520.00 |
| | Exhibit Management | $136.80 |
| Vadim Voronin | Realtime Services | $229.40 |
| | Rough Draft | $185.00 |
| | Delivery and Handling | $29.50 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $1,100.70 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $1,100.70 |

**TERMS:** Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$ 0*

*AGREE WITH OBJECTIONS. DO NOT SEE ATTACHED TO MOTION FOR SUMMARY JUDGMENT.*

| | |
|---|---|
| **To pay online, go to** | **Invoice #:** NY2852549 |
| **www.veritext.com** | **Please remit payment to:** |
| | **Veritext** |
| Veritext accepts all major credit cards | **P.O. Box 71303** |
| (American Express, Mastercard, Visa, Discover) | **Chicago IL 60694-1303** |

| | |
|---|---|
| **Invoice #:** | NY2852549 |
| **Job #:** | 2512940 |
| **Invoice Date:** | 1/11/2017 |
| **Balance:** | $1,100.70 |

42700

## Veritext Corp
## New York Region

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



**VERITEXT**
LEGAL SOLUTIONS

| Bill To: | Robert L. Weigel, Esq | | |
|---|---|---|---|
| | Gibson Dunn | | |
| | 200 Park Avenue | | |
| | 47th Floor | | |
| | New York, NY, 10166 | | |

| | |
|---|---|
| **Invoice #:** | NY2834260 |
| **Invoice Date:** | 12/20/2016 |
| **Balance Due:** | $0.00 |

| | |
|---|---|
| **Case:** | Leontiev v. Varshavsky |
| **Job #:** | 2502724 | Job Date: 12/16/2016 | Delivery: Normal |
| **Billing Atty:** | Robert L. Weigel, Esq |
| **Location:** | Debevoise & Plimpton |
| | 919 3rd Avenue | New York, NY 10022 |
| **Sched Atty:** | | Debevoise & Plimpton LLP |

| Witness | Description | Amount |
|---|---|---|
| | Transcript - Split Between Parties/Your Share | $757.25 |
| | Exhibit Management | $144.00 |
| Alexander Zheleznyak | Realtime Services | $361.15 |
| | Rough Draft | $291.25 |
| | Transcript Services | $39.00 |
| | Delivery and Handling | $29.50 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $1,622.15 |
| | **Payment:** | ($1,622.15) |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $0.00 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

$757.25
ALLOWABLE

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

42700

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| Invoice #: | NY2834260 |
|---|---|
| Job #: | 2502724 |
| Invoice Date: | 12/20/2016 |
| Balance: | $0.00 |

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569

# VERITEXT
## LEGAL SOLUTIONS

| Bill To: | Alison L. Wollin, Esq<br>Gibson Dunn<br>200 Park Avenue<br>47th Floor<br>New York, NY, 10166 | Invoice #: | NY2857242 |
|---|---|---|---|
| | | Invoice Date: | 1/18/2017 |
| | | Balance Due: | $2,528.10 |

| | |
|---|---|
| **Case:** | Leontiev v. Varshavsky |
| **Job #:** | 2512943 \| Job Date: 1/9/2017 \| Delivery: Normal |
| **Billing Atty:** | Alison L. Wollin, Esq |
| **Location:** | Debevoise & Plimpton |
| | 919 Third Avenue \| 35th \| New York, NY 10022 |
| **Sched Atty:** | \| Debevoise & Plimpton LLP |

| Witness | Description | Amount |
|---|---|---|
| | Transcript Services | $68.25 |
| Irina Zubiy AEO | Realtime Services | $13.95 |
| | Rough Draft | $11.25 |
| | Transcript Services | $1,072.50 |
| | Exhibit Management | $442.25 |
| Irina Zubiy Conf | Realtime Services | $492.90 |
| | Rough Draft | $397.50 |
| | Delivery and Handling | $29.50 |

| Notes: | | Invoice Total: | $2,528.10 |
|---|---|---|---|
| | | Payment: | $0.00 |
| | | Credit: | $0.00 |
| | | Interest: | $0.00 |
| | | Balance Due: | $2,528.10 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*$1,140.75*
*ALLOWABLE*

**THIS INVOICE IS 43 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

| To pay online, go to<br>**www.veritext.com** | Please remit payment to:<br>**Veritext**<br>P.O. Box 71303<br>Chicago IL 60694-1303 | Invoice #: | NY2857242 |
|---|---|---|---|
| | | Job #: | 2512943 |
| | | Invoice Date: | 1/18/2017 |
| Veritext accepts all major credit cards<br>(American Express, Mastercard, Visa, Discover) | | Balance: | $2,528.10 |

42700

# EXHIBIT E

# EXHIBIT E

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



| Bill To: | Alison L. Wollin, Esq | Invoice #: | NY2842748 |
|---|---|---|---|
| | Gibson Dunn | Invoice Date: | 12/29/2016 |
| | 200 Park Avenue | Balance Due: | $1,350.00 |
| | 47th Floor | | |
| | New York, NY, 10166 | | |

| Case: | Leontiev v. Vashavsky | Matter #: | 56885-00001 |
|---|---|---|---|
| Job #: | 2494638 | Job Date: 12/20/2016 | Delivery: Normal | | |
| Billing Atty: | Alison L. Wollin, Esq | | |
| Location: | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A | 00100 Helsinki | | |
| Sched Atty: | Alison L. Wollin, Esq | Gibson Dunn & Crutcher LLP | | |

| Witness | Description | | Amount |
|---|---|---|---|
| Kamo Avagumyan | Translation & Interpretation | | $1,350.00 |
| Notes: | | Invoice Total: | $1,350.00 |
| | | Payment: | $0.00 |
| | | Credit: | $0.00 |
| | | Interest: | $0.00 |
| | | Balance Due: | $1,350.00 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*Allowable*

THIS INVOICE IS 63 DAYS PAST DUE, PLEASE REMIT - THANK YOU

| | | Invoice #: | NY2842748 |
|---|---|---|---|
| **To pay online, go to** | **Please remit payment to:** | Job #: | 2494638 |
| **www.veritext.com** | **Veritext** | Invoice Date: | 12/29/2016 |
| | **P.O. Box 71303** | Balance: | $1,350.00 |
| 42700 Veritext accepts all major credit cards (American Express, Mastercard, Visa, Discover) | **Chicago IL 60694-1303** | | |

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



**VERITEXT**
LEGAL SOLUTIONS

| Bill To: | Alison L. Wollin, Esq | Invoice #: | NY2842735 |
|---|---|---|---|
| | Gibson Dunn | Invoice Date: | 12/29/2016 |
| | 200 Park Avenue | Balance Due: | $1,350.00 |
| | 47th Floor | | |
| | New York, NY, 10166 | | |

| Case: | Leontiev v. Varshavsky | Matter #: | 56885-00001 |
|---|---|---|---|
| Job #: | 2492612 | Job Date: 12/14/2016 | Delivery: Normal | | |
| Billing Atty: | Alison L. Wollin, Esq | | |
| Location: | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A | 00100 Helsinki | | |
| Sched Atty: | Alison L. Wollin, Esq | Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| Karen Avagumyan | Translation & Interpretation | $1,350.00 |

| Notes: | Invoice Total: | $1,350.00 |
|---|---|---|
| | Payment: | $0.00 |
| | Credit: | $0.00 |
| | Interest: | $0.00 |
| | Balance Due: | $1,350.00 |



TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*alloosable*

---

**THIS INVOICE IS 63 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| Invoice #: | NY2842735 |
|---|---|
| Job #: | 2492612 |
| Invoice Date: | 12/29/2016 |
| Balance: | $1,350.00 |

42700

## Veritext Corp
## New York Region

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



**Bill To:** Marshall King, Esq
Gibson Dunn
200 Park Avenue
47th Floor
New York, NY, 10166

| | |
|---|---|
| **Invoice #:** | NY2862892 |
| **Invoice Date:** | 1/25/2017 |
| **Balance Due:** | $1,600.00 |

| | | | |
|---|---|---|---|
| **Case:** | Leontiev v. Varshavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2521235 | Job Date: 1/17/2017 | Delivery: Normal | | |
| **Billing Atty:** | Marshall King, Esq | | |
| **Location:** | Gibson Dunn & Crutcher LLP | | |
| | 200 Park Avenue | 47th Floor | New York, NY 10166 | | |
| **Sched Atty:** | Alison Chapin, Esq | Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| | Translation & Interpretation | $1,170.00 |
| Irina Monakhova | Transcript Services | $430.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $1,600.00 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $1,600.00 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*Allowable*

---

**THIS INVOICE IS 36 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | NY2862892 |
| **Job #:** | 2521235 |
| **Invoice Date:** | 1/25/2017 |
| **Balance:** | $1,600.00 |

42700

**Veritext Corp**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569

# VERITEXT
## LEGAL SOLUTIONS

| | | | |
|---|---|---|---|
| **Bill To:** | Alison L. Wollin, Esq | **Invoice #:** | NY2842618 |
| | Gibson Dunn | **Invoice Date:** | 12/29/2016 |
| | 200 Park Avenue | **Balance Due:** | $1,350.00 |
| | 47th Floor | | |
| | New York, NY, 10166 | | |

| | | | |
|---|---|---|---|
| **Case:** | Leontiev v. Vashavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2492613 \| Job Date: 12/16/2016 \| Delivery: Normal | | |
| **Billing Atty:** | Alison L. Wollin, Esq | | |
| **Location:** | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A \| 00100 Helsinki | | |
| **Sched Atty:** | Alison L. Wollin, Esq \| Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| Andrei Pavlovich | Translation & Interpretation | $1,350.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $1,350.00 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $1,350.00 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*ALLOWABLE*

**THIS INVOICE IS 63 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

| To pay online, go to **www.veritext.com** | Please remit payment to: **Veritext** P.O. Box 71303 Chicago IL 60694-1303 | **Invoice #:** | NY2842618 |
|---|---|---|---|
| | | **Job #:** | 2492613 |
| | | **Invoice Date:** | 12/29/2016 |
| Veritext accepts all major credit cards (American Express, Mastercard, Visa, Discover) | | **Balance:** | $1,350.00 |

42700

## Veritext  New York Reporting Co.

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



| Bill To: | Alison L. Wollin, Esq | | |
|---|---|---|---|
| | Gibson Dunn | **Invoice #:** | NY2857910 |
| | 200 Park Avenue | **Invoice Date:** | 1/18/2017 |
| | 47th Floor | **Balance Due:** | $1,350.00 |
| | New York, NY, 10166 | | |

| Case: | Leontiev v. Varshavsky | Matter #: | 56885-00001 |
|---|---|---|---|
| Job #: | 2494641 | Job Date: 1/9/2017 | Delivery: Normal | | |
| Billing Atty: | Alison L. Wollin, Esq | | |
| Location: | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A | 00100 Helsinki | | |
| Sched Atty: | Alison L. Wollin, Esq | Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| Vitaliy Popov | Translation & Interpretation | $1,350.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $1,350.00 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $1,350.00 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*Allowable*

| To pay online, go to www.veritext.com | Please remit payment to: | Invoice #: | NY2857910 |
|---|---|---|---|
| | Veritext | Job #: | 2494641 |
| Veritext accepts all major credit cards | P.O. Box 71303 | Invoice Date: | 1/18/2017 |
| (American Express, Mastercard, Visa, Discover) | Chicago IL 60694-1303 | Balance: | $1,350.00 |

42700

# Veritext Corp
# New York Region

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400 Fax. (516) 608-2450
Fed. Tax ID: 20-3132569



**VERITEXT**
LEGAL SOLUTIONS

| | | | |
|---|---|---|---|
| **Bill To:** | Alison L. Wollin, Esq<br>Gibson Dunn<br>200 Park Avenue<br>47th Floor<br>New York, NY, 10166 | **Invoice #:**<br>**Invoice Date:**<br>**Balance Due:** | NY2842733<br>12/29/2016<br>$1,690.00 |

| | | | |
|---|---|---|---|
| **Case:** | Leontiev v. Varshavsky | **Matter #:** | 56885-00001 |
| **Job #:** | 2492615 \| Job Date: 12/19/2016 \| Delivery: Normal | | |
| **Billing Atty:** | Alison L. Wollin, Esq | | |
| **Location:** | Roschier Asianajotoimisto Oy | | |
| | Keskuskatu 7 A \| 00100 Helsinki | | |
| **Sched Atty:** | Alison L. Wollin, Esq \| Gibson Dunn & Crutcher LLP | | |

| Witness | Description | Amount |
|---|---|---|
| Yulia Semenova | Translation & Interpretation | $1,350.00 |
| | Transcript Services | $340.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $1,690.00 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $1,690.00 |

TERMS:   Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

*allowable*

## THIS INVOICE IS 63 DAYS PAST DUE, PLEASE REMIT - THANK YOU

| To pay online, go to<br>**www.veritext.com**<br><br>Veritext accepts all major credit cards<br>(American Express, Mastercard, Visa, Discover) | **Please remit payment to:**<br>**Veritext**<br>**P.O. Box 71303**<br>**Chicago IL 60694-1303** | **Invoice #:**<br>**Job #:**<br>**Invoice Date:**<br>**Balance:** | NY2842733<br>2492615<br>12/29/2016<br>$1,690.00 |
|---|---|---|---|

42700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                 :
SERGEY LEONTIEV,                                 :
                                                 :
                    Plaintiff,                   :
                                                 :
       -against-                                 :    No. 16-cv-03595 (JSR)
                                                 :
ALEXANDER VARSHAVSKY,                            :
                                                 :
                    Defendant.                   :
                                                 :
-----------------------------------------------------------x

### PLAINTIFF SERGEY LEONTIEV'S NOTICE OF APPLICATION FOR COSTS

PLEASE TAKE NOTICE that upon the accompanying bill of costs, the declaration of

Marshall R. King, dated March 13, 2017, and the exhibits attached thereto, and all other

pleadings and proceedings herein, Plaintiff Sergey Leontiev will and hereby does move this

Court before the Judgment Clerk, at the United States Courthouse for the Southern District of

New York, located at 500 Pearl Street Room 200, New York, New York at 10:00 a.m. on March

27, 2017, or as soon thereafter as counsel may be heard for an order pursuant to Rule 54 of the

Federal Rules of Civil Procedure, Rule 54.1 of the Local Rules of the Southern District of New

York, and 28 U.S.C. § 1920, granting costs sought by Mr. Leontiev and granting such further

relief as this Court deems proper.

Dated:  March 13, 2017               Respectfully submitted,
        New York, New York

                                     *s/ Marshall R. King*
                                     Robert L. Weigel
                                     Marshall R. King
                                     GIBSON, DUNN & CRUTCHER LLP
                                     200 Park Avenue
                                     New York, NY 10166-0193
                                     Telephone: 212.351.4000
                                     Facsimile: 212.351.4035

                                     *Attorneys for Plaintiff Sergey Leontiev*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                              :
SERGEY LEONTIEV,                              :
                                              :
                        Plaintiff,            :
                                              :
            -against-                         :      No. 16-cv-03595 (JSR)
                                              :
ALEXANDER VARSHAVSKY,                         :
                                              :
                        Defendant.            :
                                              :
---------------------------------------------------------x

## DECLARATION OF MARSHALL R. KING IN SUPPORT OF
## SERGEY LEONTIEV'S APPLICATION FOR COSTS

I, MARSHALL R. KING, hereby declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746, that the following is true and correct:

1.      I am an attorney licensed to practice law in the State of New York and before this

Court. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, and I am counsel for

Plaintiff Sergey Leontiev in the above-captioned matter. I am personally familiar with the facts

set forth herein, unless the context indicates otherwise.

2.      I make this declaration in support of Sergey Leontiev's Application for Costs

pursuant to Rule 54 of the Federal Rules of Civil Procedure, Rule 54.1 of the Local Civil Rules

of the Southern District of New York ("Local Rule 54.1"), and 28 U.S.C. § 1920.

3.      This matter was brought before the Honorable Jed S. Rakoff in the Southern

District of New York at 500 Pearl Street, New York, New York 10007.

4.      On March 1, 2017, the Court granted summary judgment in this matter in favor of

Plaintiff Sergey Leontiev and issued a declaration that "Sergey Leontiev owes no debt or

obligation to defendant Alexander Varshavsky." Accordingly, Plaintiff is the prevailing party

and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.1.  A true and correct copy of the Final Judgment (Dkt. No. 70) is attached hereto as Exhibit A.

      5.      Plaintiff incurred taxable costs in this matter of $32,789.28, as set forth in Sergey Leontiev's March 13, 2017 Bill of Costs, attached hereto as Exhibit B.  These costs are correctly stated, are allowable by law, and were necessarily incurred as stated herein.  These costs consist of the following components.

      6.      Plaintiff incurred a cost of $400.00 for the court filing fee incurred to initiate the above-captioned action.  A true and correct copy of the email confirming this payment is attached hereto as Exhibit C.

      7.      Plaintiff incurred costs of $23,699.28 for deposition transcripts for the following witnesses: Kamo Avagumyan, Karen Avagumyan, Vadim Kolotnikov, Charles Laurence, Sergey Leontiev, Irina Monakhova, Andrei Pavlovich, Vitaliy Popov, Yulia Semenova, Alexander Shcheglyaev, Alexander Varshavsky, Vadim Voronin, Alexander Zheleznyak, and Irina Zubiy.  These costs are recoverable under 28 U.S.C. § 1920 and Local Rule 54.1.  True and correct copies of the invoices for these deposition transcripts are attached hereto as Exhibit D.[1]

      8.      Plaintiff incurred costs of $8,690.00 for interpretation services at depositions for the following witnesses:  Kamo Avagumyan, Karen Avagumyan, Irina Monakhova, Andrei Pavlovich, Vitaliy Popov, and Yulia Semenova.  *See* 28 U.S.C. § 1920(6) (allowing recovery of "compensation of interpreters"); Local Civ. R. 54.1(c)(4) (same).  True and correct copies of the invoices for these interpretation services are attached hereto as Exhibit E.

      9.      WHEREFORE, Plaintiff respectfully requests the Clerk issue an order granting Plaintiff costs in the amount of $32,789.28.

---

[1] The "Realtime Services" expenses reflected in the invoices included in Exhibit D are excluded from Plaintiff's request for costs.

Executed on this 13th day of March 2017 at New York, New York.

By: _____

Marshall R. King
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorney for Plaintiff Sergey Leontiev*

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
SERGEY LEONTIEV,                      :
                                      :          16 Civ. 3595 (JSR)
        Plaintiff,                    :
                                      :          FINAL JUDGMENT
        -v-                           :
                                      :
ALEXANDER VARSHAVSKY,                 :
                                      :
        Defendant.                    :
-------------------------------------x

JED S. RAKOFF, U.S.D.J.

     Before the Court is plaintiff Sergey Leontiev's motion for

summary judgment on his first, and only remaining, cause of

action. Upon consent of the parties, see transcript dated March

1, 2017, the Court hereby grants summary judgment in favor of

the plaintiff and declares that Sergey Leontiev owes no debt or

obligation to defendant Alexander Varshavsky in the defendant's

personal capacity with respect to the loans and other debt

instruments described in paragraph 32 of the complaint in this

case, see ECF No. 1.

     The Clerk of the Court is directed to close the motion at

docket entry number 49 and to close this case.

     SO ORDERED.

Dated:   New York, NY
         March 1, 2017                    _____
                                          JED S. RAKOFF, U.S.D.J.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

SERGEY LEONTIEV,

             Plaintiff,

              - v. -

ALEXANDER VARSHAVSKY,

             Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

    Case No. 1:16-cv-03595 (JSR)

-------------------------------------------------------------- X

### DEFENDANT'S MEMORANDUM TO THE CLERK OF THE COURT IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR COSTS

DEBEVOISE & PLIMPTON LLP
Sean Hecker
Colby Smith
William H. Taft V
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836
shecker@debevoise.com
csmith@debevoise.com
whtaft@debevoise.com

*Counsel to Defendant Alexander Varshavsky*

Dated: March 27, 2017

# TABLE OF CONTENTS

BACKGROUND ......................................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

I.      No Costs Should be Awarded ......................................................................................... 3

II.     Certain of Defendants' Costs Are Not Taxable ............................................................... 5

   A. Deposition Costs ............................................................................................................ 5

      1.  Plaintiff Cannot Tax Costs For Depositions That Were Not "Used by the Court" ......... 5

      2.  Plaintiff Cannot Tax the Cost of More Than an Original and One Copy of a
          Deposition Transcript ................................................................................................ 7

   B. Interpreter Fees ............................................................................................................. 9

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**CASES**

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
   482 U.S. 437 (1987)............................................................................................................4

*Dattner v. Conagra Foods, Inc.*,
   458 F.3d 98 (2d Cir. 2006).................................................................................................4

*Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.*,
   No. 09 Civ. 2570 (HB), 2009 WL 5173787 (S.D.N.Y. Dec. 30, 2009) ...........................6, 7, 8

*Farrar v. Hobby*, 506 U.S. 103 (1992) .....................................................................................4, 5

*Harris v. Twentieth Century-Fox Film Corp.*,
   139 F.2d 571 (2d Cir. 1943).................................................................................................6

*In re Omeprazole Patent Litig.*,
   No. 00 CIV. 4541 BSJ, 2012 WL 5427849 (S.D.N.Y. Nov. 7, 2012)................................7, 8

*India.com, Inc. v. Dalal*,
   No. 02 CIV 0111 DLC, 2010 WL 2758567 (S.D.N.Y. July 13, 2010) ...............................8

*JA Apparel Corp. v. Abboud*,
   No. 07 CIV. 7787 (THK), 2010 WL 1488009 (S.D.N.Y. Apr. 13, 2010)................................5

*Mobasher v. Bronx Cmty. College of the City Univ. of N.Y.*,
   01 Civ. 8636 (WCC), 2008 U.S. Dist. LEXIS 57470 (S.D.N.Y. July 28, 2008)..................7, 8

*Shervington v. Vill. of Piermont*,
   No. 09 CIV. 4273, 2012 WL 2574744 (S.D.N.Y. July 3, 2012) ................................................5

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
   489 U.S. 782 (1989)...............................................................................................................4

*Whitfield v. Scully*,
   241 F.3d 264 (2d Cir. 2001)...................................................................................................6

**STATUTES**

28 U.S.C. § 1920.............................................................................................................................6

**RULES**

Fed. R. Civ. P. 54 .......................................................................................................................3, 4

Local Civ. R. 54.1 ....................................................................................................................5, 7, 8, 9

TO THE CLERK OF COURT:

Defendant Alexander Varshavsky respectfully requests that Plaintiff Sergey Leontiev's Application for Costs be denied in full. Plaintiff's suit failed to achieve any meaningful relief. His sole claim for damages was dismissed on the pleadings. His only other claim, for declaratory relief, was entered "on consent" at summary judgment after it was substantially narrowed from the broad declaration sought in Plaintiff's complaint. Defendant consented to that declaration because it effected absolutely no change to the status quo. Although technically entered as a grant of Plaintiff's motion for summary judgment, it was, at most, a Pyrrhic victory that does not qualify for "prevailing party" status or warrant an award of costs.

Certain specific elements of Plaintiff's Application for Costs also should be disallowed because recovery of those elements is not permitted in this District.

## BACKGROUND

Plaintiff brought this suit and alleged two claims. In one claim, Plaintiff sought $25 million in damages for "intentional infliction of emotional distress" arising from Defendant's efforts to obtain repayment from Plaintiff of monies lent by non-parties to entities controlled and looted by Plaintiff. *See* Compl. ¶¶ 46–52, Prayer for Relief (Dkt. No. 1). Judge Rakoff dismissed this count on the pleadings, holding that it did not "remotely meet" the legal standard for the claim. *See* Sept. 1, 2016 Mem. Order, at 11 (Dkt. No. 31).

In the other claim, Plaintiff sought a declaratory judgment that he was not personally liable under any legal theory for the monies loaned by non-parties and an injunction preventing Defendant and "anyone acting in concert or participation with"

Defendant from seeking repayment from Plaintiff. *See* Compl. ¶¶ 41–45, Prayer for

Relief (Dkt. No. 1).  The claim was a transparent attempt to enjoin the non-party lenders

and litigate their rights, as Defendant had never contended that the monies were owed to

him personally.  Defendant's counsel even offered Plaintiff's counsel, early in the case, to

resolve the second claim with a declaration that Plaintiff did not owe Defendant on the

loans in their personal capacities. *See* Decl. Hecker Opp. Appl. Costs ("Hecker Decl."),

Ex. A (Mar. 1, 2017 Oral Arg. Tr. at 6).  Plaintiff's counsel refused and further declined

to identify whom Plaintiff was attempting to bind with his requested declaration. *See id.*

Yet later, in open court on Plaintiff's unsuccessful motion for judgment on the pleadings,

his counsel expressly narrowed the requested relief to "a declaration that [Plaintiff] owes

nothing to [Defendant] personally." Sept. 21, 2016 Oral Arg. Tr. at 5-6, 12 (Dkt. No.

42).

     In moving for summary judgment on his second claim, Plaintiff nevertheless

reverted to the broader declaratory relief sought in his Complaint. *See* Pl.'s Mem. Supp.

Mot. Summ. J. at 21, 25 (Dkt. No. 51).  In response, Defendant explained that he had

never claimed that the loaned funds were owed to him personally and that he would agree

to a declaration from the Court to that effect. *See* Def.'s Mem. Opp. Mot. Summ. J. at 2,

12, 25 (Dkt. No. 56).  Defendant urged the Court to enter that narrow declaration rather

than entertaining Plaintiff's attempt to adjudicate the claims of the non-party lenders,

who were not before the Court. *See id.* at 1, 12–14.  In case the Court nonetheless did

reach that issue, Defendant further explained why summary judgment on Plaintiff's

liability on the loans generally should be denied. *See id.* at 14–25.  In his reply, Plaintiff

continued to press argument on his liability on the loans generally. *See* Pl.'s Reply Mem. Supp. Mot. Summ. J. at 4–10 (Dkt. No. 65).

Oral argument on Plaintiff's motion for summary judgment did not last long. At the start, Judge Rakoff noted that Plaintiff had withdrawn "in open court" his request that declaratory relief extend to "anyone acting in concert or participation with" Defendant, and that Defendant consented to entry of a declaration that Plaintiff did not owe a debt to Defendant personally. *See* Hecker Decl., Ex. A (Mar. 1, 2017 Oral Arg. Tr. at 2). Given that this was "all that remains of the relief sought by the plaintiff," Judge Rakoff asked Plaintiff's counsel, "why are we here?" *Id.* Plaintiff's counsel nonetheless attempted to argue that the Court should declare Plaintiff not liable to anyone for the monies loaned by non-parties, before Judge Rakoff advised that this was "not a good use" of the Court's time. *Id.* at 5. The Court then entered a final judgment on consent of the parties, declaring solely that Plaintiff "owes no debt or obligation" to Defendant "in the defendant's personal capacity" with respect to the loans at issue. Final J. (Dkt. No. 70).

## ARGUMENT

### I.     No Costs Should be Awarded

Plaintiff obtained no meaningful relief from this suit. His first claim, for emotional distress, was dismissed on the pleadings. And his second claim, for declaratory relief, was narrowed and entered on consent, and it declared what had never been in dispute and had, in fact, been offered to Plaintiff's counsel early in the litigation.

The Federal Rules permit an award of certain costs to the "prevailing party," *see* Fed. R. Civ. P. 54(d), but in no meaningful sense did Plaintiff prevail in this litigation. Although the Supreme Court has given the term "prevailing party" a "generous

3

formulation," *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989), to qualify a plaintiff must still obtain a "judicially sanctioned change in the legal relationship of the parties." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (applying standard to costs under Rule 54). No such change in the legal relationship of the parties was effected here.

The Supreme Court has made clear that a grant of declaratory relief that makes no change to the status quo does not support prevailing party status. As an example of such insufficient relief, the Supreme Court has noted the invalidation of a requirement for school approval for meetings held during non-school hours, where there was no evidence that permission for such a meeting was ever refused. *See Garland*, 489 U.S. at 792. This would not render the plaintiffs "prevailing parties" because, "[d]espite winning a declaratory judgment, the plaintiffs could not alter the defendant['s] … behavior toward them for their benefit." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992) (discussing *Garland*'s example). Here, similarly, there is no evidence that Defendant ever asserted that he was personally owed the loaned monies. Defendant can continue to pursue repayment of the loaned monies on behalf of the creditors in a representational capacity rather than personally, which is all he ever did.

Even if Plaintiff could fairly be said to have "prevailed" on his second claim, the Court has discretion to nonetheless limit or deny costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) (stating that Rule 54(d) "grants a federal court discretion to refuse to tax costs in favor of the prevailing party"). Given Plaintiff's complete loss on his first claim and the narrowing of his second, the litigation's outcome was, at most, mixed, and the Court should, in its discretion, order each party to bear their

4

own costs. *E.g.*, *Shervington v. Vill. of Piermont*, No. 09 CIV. 4273, 2012 WL 2574744, at *3 (S.D.N.Y. July 3, 2012) (denying costs where, among other things, party's victory at summary judgment "was only a partial one"); *JA Apparel Corp. v. Abboud*, No. 07 CIV. 7787 (THK), 2010 WL 1488009, at *4 (S.D.N.Y. Apr. 13, 2010) (ordering each party to bear its costs were the judgment was "mixed," with each party prevailing on certain issues, and collecting cases affirming decisions of other district courts doing the same). Plaintiff should not be permitted to bring suit seeking $25 million in damages and a broad declaration, obtain no monetary relief whatsoever and a narrow declaration on an issue not in dispute and yet recover costs (which were incurred predominantly as a result of the overreaching declaratory relief Plaintiff sought but failed to attain). In these circumstances, no award of costs is warranted. *Cf. Farrar*, 506 U.S. at 120 (O'Connor, J., concurring) (noting that courts routinely deny costs to a "Pyrrhic victor").

## II.     Certain of Defendants' Costs Are Not Taxable

Even if the Clerk allows taxation of costs, Plaintiffs' request for the costs of depositions ($23,699.28) and interpreters ($8,690) should be disallowed. And even if the depositions at issue are deemed taxable, $8,942.18 of the amount sought should be disallowed because it represents nonessential deposition expenses that are not taxable.

### A.     Deposition Costs

#### 1.     Plaintiff Cannot Tax Costs For Depositions That Were Not "Used by the Court"

In the absence of a trial—and there was none here—this Court's Rules permit recovery of the costs of an original deposition transcript, plus one copy, only if the deposition was "used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." Local Civ. R. 54.1(c)(2). Although a court can

5

determine that it "used" any deposition transcript filed in support of a summary judgment motion when ruling on that motion, it is not obligated to do so; the court has broad discretion to "assess the extent to which it 'used'" a deposition transcript. *Whitfield v. Scully*, 241 F.3d 264, 271–72 (2d Cir. 2001); *cf. Harris v. Twentieth Century-Fox Film Corp.*, 139 F.2d 571, 572–73 (2d Cir. 1943) (affirming district court's exercise of discretion in refusing to tax certain depositions not cited in its opinion granting summary judgment). And whereas some courts in this District have, in their discretion, gone beyond the Local Rules' limitation and permitted taxation of depositions not used at trial or on a dispositive motion if they were "reasonably necessary to the litigation at the time they were taken," *Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.*, No. 09 Civ. 2570 (HB), 2009 WL 5173787, at \*5 (S.D.N.Y. Dec. 30, 2009) (citing 28 U.S.C. § 1920(2), which allows taxation of transcripts that were "necessarily obtained for use in the case"), Plaintiff states no reason that the plain application of the Court's Rules should not govern in this case.

Here, none of the deposition transcripts claimed by Plaintiff were "used" by the Court in ruling on Plaintiff's motion for summary judgment, as that motion was resolved on consent, at oral argument, and without any substantive discussion. Indeed, the Court affirmatively stopped Plaintiff's counsel from arguing Plaintiff's liability on the loans generally at oral argument on the motion. *See* Hecker Decl., Ex. A (Mar. 1, 2017 Oral Arg. Tr. at 5). Thus, the $23,699.28 in deposition costs sought by Plaintiff should be disallowed.[1] This is particularly so for the $871.30 in costs sought for the deposition

---

[1]    Decl. King Supp. Appl. Costs ("King Decl.") ¶ 7 (Dkt. No. 71-1).

transcript of Vadim Voronin,[2] which Plaintiff did not even file in support of his motion

for summary judgment. *See* Decl. Weigel Supp. Mot. SJ (Dkt. No. 55); Decl. King

Further Supp. Mot. SJ (Dkt. No. 69).

### 2.   Plaintiff Cannot Tax the Cost of More Than an Original and One Copy of a Deposition Transcript

Local Civil Rule 54.1 provides that only the original transcript of a deposition,

plus one copy, is taxable.  Local Civ. R. 54.1(c)(2).  Even if it is determined that Plaintiff

can recover costs for the depositions listed in his Application for Costs, he is not

permitted to recover the costs of miscellaneous expenses incurred in connection with

deposition transcripts, such as professional attendance fees and expenses, rough draft

fees, and delivery and handling fees.  Because Plaintiff does not suggest any

extraordinary circumstances that would justify recovery of $8,942.18 in such

miscellaneous expenses,[3] this amount should be disallowed.

***Professional Attendance Fees and Expenses.***  Professional attendance or

appearance fees and expenses are miscellaneous expenses and not taxable. *See In re*

*Omeprazole Patent Litig.*, No. 00 CIV. 4541 BSJ, 2012 WL 5427849, at *4 (S.D.N.Y.

Nov. 7, 2012) ("[C]ourts in this District have determined that court reporter appearance

fees … are not taxable."); *Farberware*,  2009 WL 5173787, at *5–6 (disallowing

appearance fees at depositions as a "miscellaneous" expense not taxable even when the

cost of an original transcript and one copy is properly taxed); *Mobasher v. Bronx Cmty.*

*College of the City Univ. of N.Y.*, 01 Civ. 8636 (WCC), 2008 U.S. Dist. LEXIS 57470, at

---

[2]     King Decl., Ex. D at 13.  This total excludes the amount categorized as "Realtime Services," per Plaintiff's representation that he is not seeking recovery of that cost. *See id.* ¶ 7 n.1.

[3]     This constitutes $570 in "Professional Attendance" fees; $3,600 in "Expenses"; $4,258.25 in "Rough Draft" costs; and $513.93 in "Delivery and Handling" costs. *See generally* King Decl., Ex. D.

*10–11 (S.D.N.Y. July 28, 2008) (rejecting recovery of "Appearance Fee[s]").  Plaintiff's request for $570 in "Professional Attendance" fees and $3,600 in "Expenses" should thus be disallowed.[4]

**Rough Draft Fees.**  The purchase price of a rough disk "may not be taxed," even if the deposition transcript itself is taxable. *Farberware*, 2009 WL 5173787, at *5–6 (denying taxation of cost of rough disks).  Plaintiff's request for $4,258.25 for "Rough Draft" fees should thus be disallowed.[5]

**Delivery and Handling Fees.**  Delivery and handling costs in connection with deposition transcripts are not recoverable. *Omeprazole Patent Litig.*, 2012 WL 5427849, at *4 (rejecting recovery of "delivery fees" for deposition transcripts); *India.com, Inc. v. Dalal*, No. 02 CIV 0111 DLC, 2010 WL 2758567, at *3 (S.D.N.Y. July 13, 2010) (same); *Mobasher*, 2008 U.S. Dist. LEXIS 57470, at *10-11 (denying delivery fees because "shipping fees are not provided for under Local Civil Rule 54.1").  Plaintiff's request for $513.93 in "Delivery and Handling" fees should thus be disallowed.[6]

---

[4]  *See* King Decl. Ex. D at 2, 3, 8, 9, 10, 11 ($95 in "Professional Attendance" fees for each of six depositions: Kamo Avagumyan, Karen Avagumyan, Andrei Pavlovich, Vitaliy Popov, Yulia Semenova, and Alexander Shcheglyaev); *id.* at 3 ($2,400 in "Expenses" for Karen Avagumyan); *id.* at 9 ($1,200 in "Expenses" for Vitaliy Popov).

[5]  *See* King Decl. Ex. D at 2 ($309.75 in "Rough Draft" fees for Kamo Avagumyan); *id.* at 3 ($175 in same for Karen Avagumyan); *id.* at 4 ($391.25 in same for Vadim Kolotnikov); *id.* at 5 ($187.50 in same for Charles W. Laurence); *id.* at 6 ($545 in same for Sergey Leontiev); *id.* at 7 ($262.50 in same for Irina Monakhova); *id.* at 8 ($260.75 in same for Andrei Pavlovich); *id.* at 9 ($362.25 in same for Vitaliy Popov); *id.* at 10 ($313.25 in same for Yulia Semenova); *id.* at 11 ($222.25 in same for Alexander Shcheglyaev); *id.* at 12 ($343.75 in same for Alexander Varshavsky); *id.* at 13 ($185 in same for Vadim Voronin); *id.* at 14 ($291.25 in same for Alexander Zheleznyak); *id.* at 15 ($408.75 in same for Irina Zubiy).

[6]  *See* King Decl. Ex. D at 2 ($39.50 in "Delivery and Handling" fees for Kamo Avagumyan); *id.* at 3 ($41.65 in same for Karen Avagumyan); *id.* at 4 ($45.89 in same for Vadim Kolotnikov); *id.* at 5 ($29.50 in same for Charles W. Laurence); *id.* at 6 ($29.50 in same for Sergey Leontiev); *id.* at 7 ($51.89 in same for Irina Monakhova); *id.* at 8 ($39.50 in same for Andrei Pavlovich); *id.* at 9 ($39.50 in same for Vitaliy Popov); *id.* at 10 ($39.50 in same for Yulia Semenova); *id.* at 11 ($39.50 in same for Alexander Shcheglyaev); *id.* at 12 ($29.50 in same for Alexander Varshavsky); *id.* at 13 ($29.50 in

### B.    Interpreter Fees

Under the Rules of this Court, interpreter fees are taxable only "if the fee of the witness involved is taxable." Local Civ. R. 54.1(c)(4).  Here, Plaintiff seeks interpreter fees solely for deposition witnesses.  The fee for a deposition witness, however, is taxable only "if the deposition taken was used or received in evidence at … trial." Local Civ. R. 54.1(c)(2).  As there was no trial, on its face this Court's Rules do not permit taxation of the interpreter fees sought by Plaintiff.  Plaintiff's request for $8,690 for interpretation services at depositions should thus be disallowed.[7]

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Application for Costs be denied in its entirety, or, in the alternative, denied to the extent of $8,690 for interpretation services that are not taxable and $23,699.28 in costs for depositions that are not taxable or, if the depositions are found to be taxable, $8,942.18 in miscellaneous deposition expenses that are not taxable.

Dated: New York, New York
      March 27, 2017           DEBEVOISE & PLIMPTON LLP

                           /s/ Sean Hecker
                           Sean Hecker
                           Colby Smith
                           William H. Taft V
                           919 Third Avenue
                           New York, New York 10022
                           Tel:  (212) 909-6000
                           Fax: (212) 909-6836
                           shecker@debevoise.com
                           csmith@debevoise.com

---

same for Vadim Voronin); *id.* at 14 ($29.50 in same for Alexander Zheleznyak); *id.* at 15 ($29.50 in same for Irina Zubiy).

[7]   *See* King Decl. ¶ 8, Ex. E.

whtaft@debevoise.com

*Counsel to Defendant Alexander Varshavsky*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                    :
SERGEY LEONTIEV,                                    :
                                                    :
                    Plaintiff,                      :
                                                    :     Case No. 1:16-cv-03595 (JSR)
          - v. -                                    :
                                                    :
ALEXANDER VARSHAVSKY,                               :
                                                    :
                    Defendant.                      :
                                                    :
------------------------------------------------------------ X

## DECLARATION OF SEAN HECKER
## IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR COSTS

    I, SEAN HECKER, declare under penalty of perjury as follows:

    1.      I am a partner at the law firm of Debevoise & Plimpton LLP and am

counsel of record for Defendant Alexander Varshavsky.

    2.      I respectfully submit this Declaration in support of Defendant's opposition

to Plaintiff's Application for Costs.

    3.      Attached hereto as Exhibit A is a true and correct copy of a transcript,

dated March 1, 2017, of oral argument in the above-captioned matter on Plaintiff's

Motion for Summary Judgment.

    I swear under penalty of perjury that the foregoing is true and correct.  Executed

on March 24, 2017.

                                        /s/ Sean Hecker_____
                                        Sean Hecker
                                        DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000
Fax: (212) 909-6836
shecker@debevoise.com

*Counsel to Defendant Alexander Varshavsky*

# Exhibit A

1

H31VLEOA

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    SERGEY LEONTIEV,

4                    Plaintiff,

5            v.                          16 CV 3595 (JSR)

6    ALEXANDER VARSHAVSKY,

7                    Defendant.          ARGUMENT

8    ------------------------------x
                                         New York, N.Y.
9                                        March 1, 2017
                                         2:52 p.m.
10
     Before:
11
                     HON. JED S. RAKOFF,
12
                                         District Judge
13
                         APPEARANCES
14
     GIBSON DUNN
15       Attorneys for Plaintiff
     BY:  ROBERT L. WEIGEL
16       ALISON L. WOLLIN
         RACHEL BROOK
17       NETA LEVANON

18   DEBEVOISE & PLIMPTON
         Attorneys for Defendant
19   BY:  SEAN HECKER
         WILLIAM H. TAFT
20       COLBY A. SMITH

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

H31VLEOA                                                    2

1          (Case called)

2          THE COURT:  Good afternoon.

3          So we're here on the plaintiff's motion for summary

4     judgment.

5          MR. WEIGEL:  Yes, your Honor.

6          THE COURT:  But I don't actually know why we're here,

7     and I'll tell you why I say that.  Keeping in mind, as of

8     course I am required, that this has been one hotly-litigated --

9     one might well say over-litigated -- case on the part of both

10    the esteemed law firms present here in court.

11         Mr. Leontiev initially sought a declaration that he

12    did not owe Mr. Varshavsky or, quote, anyone acting in concert

13    or participation with Mr. Varshavsky in connection with loans.

14    Mr. Leontiev later repeatedly withdrew the second part of that

15    claim on the record, in open court, and only asked for the

16    first declaration.

17         Mr. Varshavsky has now conceded that he cannot

18    personally enforce the loans because he is not a named lender,

19    a third-party beneficiary, or an assignee of the loans.  He,

20    therefore, as I read his papers, consents to the entry of the

21    declaration that Mr. Leontiev does not owe a debt to

22    Mr. Varshavsky in Mr. Varshavsky's personal capacity, which is

23    all that remains of the relief sought by the plaintiff.

24         So I ask counsel, why are we here?

25         MR. WEIGEL:  We are here, your Honor, because at the

3

H31VLEOA

1    beginning of the lawsuit, we filed a complaint.  And in that

2    complaint, in paragraph 4, we said Mr. Leontiev owes

3    Mr. Varshavsky nothing.  In two answers, the original answer

4    and the amended answer, that provision was denied.  When we

5    came in front of you on the motion for judgment on the

6    pleadings, Mr. Varshavsky -- well, your Honor --

7              THE COURT:  Am I right that the declaration you are

8    presently seeking is that Mr. Leontiev does not owe a debt to

9    Mr. Varshavsky in Mr. Varshavsky's personal capacity?

10             MR. WEIGEL:  Absolutely right, your Honor.

11             THE COURT:  That's the only relief that, as I read the

12   record, you are presently seeking.

13             MR. WEIGEL:  That is the relief we are seeking, your

14   Honor.

15             THE COURT:  They concede that they will give you that

16   declaration.  They do not object to that declaration.

17             MR. WEIGEL:  But they did that in a very tactical way,

18   your Honor.

19             THE COURT:  I don't give a darn.  I'm a simple,

20   barefoot judge.  You asked for relief, number one.  They say

21   they will give you relief, number one.

22             Why are we here?

23             MR. WEIGEL:  Well, we would like -- obviously we'd

24   like a judgment of this Court.

25             THE COURT:  I will give you that declaration.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

H31VLEOA

1        MR. WEIGEL:  The other point, your Honor, though, is

2   that at any point in time Mr. Varshavsky controls Avalon.  He's

3   its president.  He could have caused an assignment to himself

4   at any point in time.

5        What they did here was they let this case go through

6   all the discovery, and then at the very last minute, they made

7   a call, should we assign the claim to Mr. Varshavsky or not.

8   They chose not to at that point in time.  But we didn't know

9   what that answer would be.  In fact, as of this morning they

10  could have assigned the claim to Mr. Varshavsky.  So there is

11  an issue about whether Mr. Leontiev is liable for the debts of

12  these other entities.

13       Your Honor said there were three things that they

14  needed to prove when we got to the summary judgment stage, when

15  the burden of proof shifted.  One was that there was a valid

16  debt; two, that he had a right to enforce it; and three, that

17  Mr. Leontiev was liable for that debt.

18       After spending an enormous amount of everybody's time

19  and energy, not only my client's money and the 15 depositions,

20  but tens of thousands of pages of documents that were produced,

21  they've now conceded what they should have conceded a long time

22  ago.

23       Your Honor, we'll take the judgment.  I mean we're

24  very happy that we've managed to prove what we set out to

25  prove.  But we don't think that they should be allowed to limit

5

H31VLEOA

1    the Court, if the Court were to consider the other issues, and

2    decide on the alternative ground that they have failed to

3    establish, after all this discovery, that Mr. Leontiev is

4    liable for the debts of these three companies:  Ambika, Vennop,

5    and FG Life.

6         If I may, your Honor, we spent a great deal of time,

7    and having spent several hours of my life trying to read that

8    Press case from the English court which I would commend to you

9    if you ever have two and-a-half hours in the Dallas airport.

10   We've gone through it and they have utterly failed to establish

11   any of the elements to establish that the veil of Ambika should

12   be pierced.

13        There are two theories under English law, under the

14   Press case and under Judge Cote's decision in the Mike Tyson

15   bankruptcy, which elaborates on the English law.  There are two

16   theories.  One is that there was some sort of evasion that --

17        THE COURT:  Counsel, this is not a good use of my

18   time.  I understand that you felt, given the way they presented

19   their papers, that you should come to argue that point, but I

20   don't see that point as any longer relevant.

21        Let me hear from your adversary.

22        Thank you.

23        MR. WEIGEL:  Thank you, your Honor.

24        MR. HECKER:  I agree with the Court's analysis.

25        THE COURT:  But I think the point made by your

6

H31VLEOA

1    adversary, that this is something -- that you could have

2    reached this point weeks or months ago.

3          MR. HECKER:  Your Honor, I agree.  We tried to.

4          On July 29th, during our meet-and-confer, before a

5    call was made to chambers to get permission to file the motion

6    for judgment on the pleadings, I said in very plain English to

7    Mr. Weigel's partner Marshall King, that if all they were

8    seeking was a declaration or an order that their client didn't

9    owe our client personally on the loans, they could have it,

10   this case could be done.

11         He refused the offer.

12         I said, What is it you're trying to accomplish?  Who

13   are you trying to bind by getting a ruling here?

14         No response.

15         They moved forward with the motion for judgment on the

16   pleadings, and they have been the ones that have been

17   litigating this case.  They are the plaintiffs in this case; we

18   didn't ask for this lawsuit.  The actual lenders here have

19   brought suit in state court.  The case was just assigned to

20   Justice Barry Ostrager, I think, yesterday.

21         We are going to litigate this case.  We think that's

22   the proper forum.  We agree with the Court's analysis.  There

23   is no actual controversy between the parties.  I think this

24   Court would have discretion under the Declaratory Judgment Act

25   not to issue the requested declaration because there has never

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

7

H31VLEOA

```
 1   been a claim that Mr. Varshavsky, who's owed this money --
 2             THE COURT:  On your consent, I'm issuing it.
 3             MR. HECKER:  On consent, that's fine.
 4             THE COURT:  I don't understand, having consented to
 5   it, why you are now bothering to argue that, in effect, that I
 6   shouldn't, under the guise of saying I have discretion not to.
 7             MR. HECKER:  We stand on our papers.
 8             THE COURT:  Good.
 9             MR. HECKER:  We are happy to have the order on
10   consent.
11             THE COURT:  Then it's probably time to sit down.
12             So first I will issue a declaration by no later than
13   tomorrow, but it takes effect immediately, that Mr. Leontiev
14   does not owe a debt to Mr. Varshavsky in Mr. Varshavsky's
15   personal capacity.
16             Second, I feel compelled, with reluctance, to say that
17   before this case, if you had asked this Court which were the
18   top five litigation firms in terms of not only quality of
19   representation, but also in terms of not wasting the Court's
20   time and not being overly litigious and not posturing, I
21   certainly would have included in that list Gibson Dunn and
22   Debevoise.  I feel compelled hereinafter to revise that
23   opinion.
24             Court is adjourned.
25                              *   *   *
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300