UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SERGEY LEONTIEV,                                             :
:
              Plaintiff,                         :
:
  -against-                                                 :   No. 16-cv-03595 (JSR)
:
ALEXANDER VARSHAVSKY,                                        :
:
              Defendant.                         :
:
------------------------------------------------------------x


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
# AFFIRMANCE OF CLERK'S TAXATION OF COSTS

 

GIBSON, DUNN & CRUTCHER LLP
ROBERT WEIGEL
MARSHALL R. KING
ALISON L. WOLLIN
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Plaintiff Sergey Leontiev*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    Mr. Leontiev Is The Prevailing Party Because The Relief Granted Materially Altered The Relationship Between The Parties. .................................. 1

    II.    Mr. Leontiev Is Entitled To Costs For Deposition Transcripts Because They Were Used, Or Reasonably Expected To Be Used, In This Litigation. ........................................................................................................ 4

CONCLUSION ............................................................................................................................... 5

## TABLE OF AUTHORITIES

Page

**Cases**

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
    532 U.S. 598 (2001) .............................................................................................................1, 2

*Dattner v. Conagra Foods, Inc.*,
    458 F.3d 98 (2d Cir. 2006) ........................................................................................................2

*Farberware Licensing Co. LLC v. Meyer Mktg. Co.*,
    No. 09 CIV. 2570 (HB), 2009 WL 5173787 (S.D.N.Y. Dec. 30, 2009), *aff'd*,
    428 F. App'x 97 (2d Cir. 2011) .................................................................................................5

*Farrar v. Hobby*,
    506 U.S. 103 (1992) ..................................................................................................................2

*Malloy v. City of New York*,
    No. 98-CV-5823 (JG), 2000 WL 863464 (E.D.N.Y. June 23, 2000) ........................................5

*Patterson v. McCarron*,
    No. 99 Civ. 11078 (RCC), 2005 WL 735954 (S.D.N.Y. March 30, 2005) ...............................2

*Rhodes v. Stewart*,
    488 U.S. 1 (1988) ......................................................................................................................2

*Schatzki v. Weiser Capital Mgmt., LLC*,
    No. 10 Civ. 4685, 2014 WL 630650 (S.D.N.Y. Feb. 18, 2014) ................................................2

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
    489 U.S. 782 (1989) ..................................................................................................................3

*U.S. Media Corp. v. Edde Entm't, Inc.*,
    No. 94 CIV. 4849 (MHD), 1999 WL 498216 (S.D.N.Y. July 14, 1999) ..................................5

*Whitfield v. Scully*,
    241 F.3d 264 (2d Cir. 2001), *abrogated on other grounds by Bruce v.
    Samuels*, 136 S. Ct. 627 (2016) .................................................................................................4

**Statutes**

28 U.S.C. § 1920 (2016) .................................................................................................................1

**Rules**

Federal Rule of Civil Procedure 54 ................................................................................................1

Local Civil Rule 54.1 ..................................................................................................................1, 4

Plaintiff Sergey Leontiev ("Plaintiff" or "Mr. Leontiev") respectfully submits this memorandum of law in support of affirmance of the Clerk's taxation of costs.

## PRELIMINARY STATEMENT

Mr. Leontiev is entitled to $19,975.85 in costs, as taxed by the Clerk, as he is the prevailing party in this litigation.  After repeatedly asserting his intention to prove Mr. Leontiev's liability to repay the loans in question to Mr. Varshavsky, and after extensive discovery, Mr. Varshavsky eventually conceded in his deposition that Mr. Leontiev did not owe Mr. Varshavsky personally.  Mr. Varshavsky then proceeded to continue litigating the case, taking several additional depositions and, only after Plaintiff moved for summary judgment, begrudgingly consented to the entry of declaratory judgment.  Thus, this Court's final judgment granting summary judgment in favor of Mr. Leontiev and "declar[ing] that Sergey Leontiev owes no debt or obligation to defendant Alexander Varshavsky in the defendant's personal capacity with respect to the loans and other debt," Final J., ECF No. 70, rendered Mr. Leontiev the prevailing party and entitles him to costs under Federal Rule of Civil Procedure 54, Local Civil Rule 54.1, and 28 U.S.C. § 1920 for deposition interpreter fees and deposition transcripts used to decide the motion for summary judgment.

## ARGUMENT

I.   **Mr. Leontiev Is The Prevailing Party Because The Relief Granted Materially Altered The Relationship Between The Parties.**

Mr. Leontiev is the prevailing party in this matter under clear Supreme Court precedent. In *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, the Supreme Court defined the "prevailing party" as "one who has been awarded some relief by a court" that creates a "'material alteration of the legal relationship of the parties.'"  532 U.S. 598, 603–04 (2001).  Put another way, the Supreme Court explained that

1

"prevailing party" has been defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon*, 532 U.S. at 603 (internal quotation marks omitted). The Second Circuit and Southern District have adopted this same definition. *See e.g.*, *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 102 (2d Cir. 2006) (finding that *Buckhannon*'s definition of prevailing party applies to costs applications under Rule 54); *Schatzki v. Weiser Capital Mgmt., LLC*, No. 10 Civ. 4685, 2014 WL 630650, at *2 (S.D.N.Y. Feb. 18, 2014). Here, a final judgment was rendered in favor of Mr. Leontiev, and he is therefore the prevailing party under *Buckhannon.*

Mr. Leontiev is also considered the prevailing party because this Court's final judgment materially altered the legal relationship of the parties. A "material alteration" is created by both "judgments on the merits and court-ordered consent decrees." *Buckhannon*, 532 U.S. at 604; *see also Patterson v. McCarron*, No. 99 Civ. 11078 (RCC), 2005 WL 735954, at *2 (S.D.N.Y. March 30, 2005) ("If the action of a court does not entitle a plaintiff 'to enforce a judgment, consent decree, or settlement against the defendant,' then no 'material alteration of the legal relationship between the parties' has occurred." (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992))).[1] Here, though Mr. Varshavsky argues that this Court's final judgment did not alter the legal relationship between the parties because he never contended that he was owed the money at issue personally, that was not Mr. Varshavsky's position in his Answer or Amended Answer.

---

[1] The fact that the grant of summary judgment resulted in a declaratory judgment does not change the analysis. The Supreme Court has held that a declaratory judgment "is no different from any other judgment" and, if entered in a party's favor, will render that party prevailing "if, and only if, it affects the behavior of the defendant toward the plaintiff." *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988). Here, the declaratory judgment does in fact affect the behavior of the defendant, as Mr. Varshavsky is no longer personally able to pursue repayment from Mr. Leontiev. Thus, Mr. Leontiev is the prevailing party because summary judgment and the declaratory judgment were entered in his favor.

2

*See* Answer ¶ 4, ECF No. 16 (denying the allegation in the Complaint that "Mr. Leontiev owes Mr. Varshavsky nothing"); Am. Answer ¶ 4, ECF No. 27 (same).  Indeed, this Court observed that Mr. Varshavsky had—probably deliberately—left his exact position "unclear," so as to "keep Leontiev embroiled in the present suit."  Memorandum Decision, dated Dec. 4, 2016, at 17–18, ECF No. 46.  Despite having no proof of assignment, Mr. Varshavsky repeatedly asserted that he "intends to prove," and that the Court should "determine on the merits," that Mr. Leontiev was liable for the debts.  Am. Ans. at 11, ECF No. 27.  Accordingly, this Court's March 1, 2017 judgment did alter the relationship between the parties because it definitively established Mr. Varshavsky's lack of any personal ability to collect from Mr. Leontiev.

Further, Mr. Leontiev succeeded on a significant issue in the litigation—the declaratory judgment was entered in his favor.  According to the Supreme Court, the term prevailing party is given a "generous formulation" by courts, such that "[i]f the plaintiff has succeeded on 'any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind."  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989).  Mr. Varshavsky claims that Mr. Leontiev did not succeed on a significant issue because he previously offered Mr. Leontiev this relief in a meet-and-confer session.  That assertion is simply untrue—Mr. Varshavsky never agreed to consent to the declaratory judgment at the meet-and-confer session and instead left his position unclear and continued to litigate the case for months before conceding in his opposition to Plaintiff's motion for summary judgment that Mr. Leontiev in fact did not owe Mr. Varshavsky because there was no assignment.  ECF No. 56 at 2.  Thus, the order granting summary judgment in favor of Plaintiff and "declar[ing] that Sergey Leontiev owes no debt or obligation to defendant Alexander Varshavsky in the defendant's personal capacity with respect

3

to the loans and other debt" is in fact significant and meaningful relief that renders Mr. Leontiev the prevailing party in this matter. Final J., ECF No. 70.

**II.     Mr. Leontiev Is Entitled To Costs For Deposition Transcripts Because They Were Used, Or Reasonably Expected To Be Used, In This Litigation.**

Mr. Leontiev is entitled to deposition transcript costs because the transcripts were used in ruling on the motion for summary judgment. Local Civil Rule 54.1(c)(2) provides that "[c]osts for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment." The Supreme Court held that a district court must "use" a filed deposition transcript to determine whether there is any genuine issue as to any material fact. *See Whitfield v. Scully*, 241 F.3d 264, 272 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016). Both parties cited the deposition transcripts extensively throughout their motion papers, therefore intending for them to be used by the Court to decide the motion for summary judgment. Further, these depositions were taken and the transcripts used in the motion papers *before* Mr. Varshavsky conceded that judgment could be entered, indicating that it was the depositions that led to Mr. Varshavsky's concession.[2] Thus, Mr. Leontiev satisfies the requirement of Local Civil Rule 54.1(c)(2) and is entitled to recover costs for the transcripts.

Even if this Court were to find that the deposition transcripts were not used to decide the motion for summary judgment, the depositions were necessary to the litigation at the time. "[T]he costs of depositions not used at trial are still taxable under 28 U.S.C. § 1920(2) where

---

[2]  Indeed, on December 22, 2016, before most of the depositions had been taken, Plaintiff moved to quash a subpoena on the ground that the document production deadline had passed and Defendant had failed to produce an assignment. Had Mr. Varshavsky conceded that he had no right to enforce the alleged loans, the case could have ended there. But Defendant opposed the motion and it was denied. The parties then continued to litigate the matter, taking eight additional depositions that were used in connection with the summary judgment motion. Accordingly, Mr. Leontiev should be granted deposition transcript costs for depositions necessitated by Mr. Varshavsky's failure to concede his lack of standing in response to Plaintiff's motion to quash.

4

they 'appear to have been reasonably necessary to the litigation at the time they were taken.'" *Farberware Licensing Co. LLC v. Meyer Mktg. Co.*, No. 09 CIV. 2570 (HB), 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009), *aff'd*, 428 F. App'x 97 (2d Cir. 2011) (quoting *Malloy v. City of New York*, No. 98-CV-5823 (JG), 2000 WL 863464, at *2 (E.D.N.Y. June 23, 2000)); *see also U.S. Media Corp. v. Edde Entm't, Inc.*, No. 94 CIV. 4849 (MHD), 1999 WL 498216, at *9 (S.D.N.Y. July 14, 1999) ("It suffices that at the time the deposition was taken, it was reasonably expected that the transcript would be used for trial preparation."). Here, these depositions were taken with the reasonable expectation that transcripts would be used by both parties in briefing the summary judgment motion and at trial, which was scheduled just three months after the close of discovery. Thus, even if these depositions were not used by the Court in deciding the motion for summary judgment, Plaintiff reasonably expected to use these transcripts for motion practice and, eventually, at trial, and the costs are recoverable on that basis.

## CONCLUSION

For the reasons set forth above, this Court should affirm the taxation of costs in the amount of $19,975.85.

Dated: April 6, 2017
       New York, New York

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Marshall R. King
    Marshall R. King
    Robert L. Weigel
    Alison L. Wollin

200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff Sergey Leontiev*