USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SERGEY LEONTIEV,                    :
                                    :    16 Civ. 3595 (JSR)
         Plaintiff,                 :
                                    :    MEMORANDUM ORDER
         -v-                        :
                                    :
ALEXANDER VARSHAVSKY,               :
                                    :
         Defendant.                 :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

On March 1, 2017, the Court, on consent of the parties, granted summary judgment against defendant Alexander Varshavsky and in favor of plaintiff Sergey Leontiev on the latter's only remaining cause of action, which sought a declaration that Leontiev owed no debt or obligation to Varshavsky in connection with certain loans that were in neither party's name. See Final Judgment, ECF No. 70. Earlier in the case, the Court had dismissed Leontiev's only other cause of action, a state-law claim for intentional infliction of emotional distress, for failure to state a claim. See Memorandum Order dated Sept. 1, 2016, ECF No. 31. Following the entry of final judgment, the Clerk of Court taxed costs of $19,975.85 against Varshavsky, see ECF No. 74. Varshavsky now appeals that determination. For the reasons stated below, the Court hereby upholds the Clerk's award.

1

The "prevailing party" in an action is generally entitled to recover certain costs unless "a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Because Rule 54(d) provides that costs "should be allowed," id., "the losing party has the burden to show that costs should not be imposed." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001), abrogated in part on other grounds by Bruce v. Samuels, 136 S. Ct. 627 (2016). Ultimately, however, the decision to award costs is committed to the "broad discretion" of the district court. See L-3 Commc'ns Corp. v. OSI Sys., Inc., 607 F.3d 24, 30 (2d Cir. 2010); Dattner v. Conagra Foods, Inc., 458 F.3d 98, 100 (2d Cir. 2006) (per curiam).

In opposition to the Clerk's award, Varshavsky principally argues that Leontiev is not a "prevailing party" within the meaning of Rule 54(d) and is therefore not entitled to costs. "[F]or a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" Dattner, 458 F.3d at 101 (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). Although this definition is "generous," nonetheless, "purely technical or de minimis" success is insufficient to satisfy it. See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989). Thus, a litigant who wins a declaratory judgment prevails "if, and only if, [the

2

declaration] affects the behavior of the defendant toward the plaintiff." See Rhodes v. Stewart, 488 U.S. 1, 4 (1988) (per curiam).

Applying these principles, the Court concludes that Leontiev is the prevailing party in this case. In the final judgment, the Court "declare[d] that Sergey Leontiev owes no debt or obligation to defendant Alexander Varshavsky in the defendant's personal capacity with respect to the loans and other debt instruments described in paragraph 32 of the complaint in this case." See Final Judgment. This declaration is effectively a "judicially sanctioned change in the legal relationship of the parties." See Dattner, 458 F.3d at 101. Moreover, the declaration necessarily "affects the behavior of the defendant toward the plaintiff," see Rhodes, 488 U.S. at 4, for it stymies any efforts by Varshavsky to collect on the loans in his own name, and makes plain that any further debt collection efforts must be in a purely representative capacity.

Indeed, Varshavsky's current protests to the contrary, throughout most of the case Varshavsky suggested to the Court that he might be owed money from Leontiev in his (Varshavsky's) personal capacity. For example, Varshavsky, in his answer to the complaint, denied the allegation that "Mr. Leontiev owes Mr. Varshavsky nothing," see Complaint, ECF No. 1, ¶ 4; Amended Answer, ECF No. 27, II. ¶ 4. Then, in opposition to Leontiev's

3

motion for judgment on the pleadings, Varshavsky took the position that this allegation and his denial said nothing at all about whether Varshavsky was potentially owed in his personal capacity. See Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Judgment on the Pleadings as to Plaintiff's First Cause of Action, ECF No. 28, at 11. Varshavsky's brief opposing that motion also contained caveats that were unmistakably designed to suggest that Varshavsky's personal right to enforce the loans was a live issue. See, e.g., id. at 12 ("Even if Mr. Leontiev had established that no debt was owed to Mr. Varshavsky personally (and he has not), . . . ."). Most tellingly, even after Leontiev stated in open court at oral argument on his motion for judgment on the pleadings that he only sought relief declaring that he was not indebted to Varshavsky in Varshavsky's personal capacity, see Transcript dated Sept. 21, 2016, ECF No. 42, at 5-6, Varshavsky not only did not concede that he was not owed anything from Leontiev in his (Varshavsky's) personal capacity, but also continued to litigate the case tenaciously for many months thereafter.

Varshavsky nonetheless argues that Leontiev's victory was de minimis because plaintiff's emotional distress claim was dismissed, because plaintiff won a narrower declaration than he originally sought, and because plaintiff's eventual victory was

4

on consent. In fact, Varshavsky goes so far as to say that Leontiev won nothing at all, for, early in the case, Varshavsky's counsel supposedly admitted to Leontiev's counsel that Varshavsky was not owed anything in his personal capacity. This argument falls flat. Varshavsky's own scorched-earth tactics put the lie to the idea that Leontiev's victory was <u>de minimis</u>. Leontiev's victory was, in fact, hard-won and substantial. Whatever private and off-the-record proffer Varshavsky's counsel allegedly might have made to Leontiev's counsel – and Leontiev's counsel flatly denies it was made, <u>see</u> Plaintiff's Memorandum of Law in Support of Affirmance of Clerk's Taxation of Costs, ECF No. 75, at 3-4 – is irrelevant, for Varshavsky never so conceded in court and, on the contrary, continued to hold this issue open.

Thus, Leontiev's win was not <u>de minimis</u>, and he is the prevailing party under Rule 54(d).

Varshavsky also argues that costs associated with deposition transcripts should not be taxed against him because, in light of his consent to entry of judgment, the Court supposedly did not "use" the transcripts in granting summary judgment for Leontiev.[1] In other words, Varshavsky claims that,

---

[1] Varshavsky's brief advances a number of arguments of this nature against specific classes of costs that the Clerk of Court accepted, and whose denial Leontiev did not cross-appeal. The Court accordingly does not reach these other issues.

5

because he rolled over at the last minute, costs associated with preparing for the contest cannot be taxed. This argument borders on the frivolous, as Varshavsky could easily have avoided these costs by conceding to the Court earlier what he seemingly knew all along: that he had no personal right to enforce the loans.

Moreover, costs for deposition transcripts may be taxed if they were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2). As the Second Circuit has held, "the filing of a deposition transcript [in connection with litigating a summary judgment motion] necessarily means a court will 'use' it," see Whitfield, 241 F.3d at 271, because summary judgment may be granted only if, upon review of the record submitted by the parties, the court finds the "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A). Under this standard, the Court plainly "used" the transcripts, notwithstanding Varshavsky's consent to judgment, because that consent was itself based on the fact that the record before the Court, including the contested deposition transcripts, established that he had no personal right to enforce the loans. Leontiev may therefore recover these costs.

Leontiev may also recover the challenged transcript costs for the independent reason that the depositions appeared to be "reasonably necessary to the litigation at the time they were

6

taken." See Farberware Licensing Co. LLC v. Meyer Mktg. Co., Ltd., No. 09-cv-2570 (HB), 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009). For this reason, the costs associated with Leontiev's deposition of Vadim Voronin, for which Leontiev did not file a transcript in support of his motion for summary judgment, are fully recoverable.

For the foregoing reasons, defendant's challenge to the Clerk's award of costs to plaintiff is denied in its entirety.

SO ORDERED.

Dated: New York, NY
May 1, 2017

_____
JED S. RAKOFF, U.S.D.J.