UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGEY LEONTIEV,

    *Plaintiff*,

v.

ALEXANDER VARSHAVSKY,

    *Defendant.*

No. 1:16-cv-03595 (JSR)

## STIPULATION AND [PROPOSED] ORDER REGARDING MODIFICATION OF THE PROTECTIVE ORDER

WHEREAS, Plaintiff commenced this action on May 13, 2016 (ECF 1);

WHEREAS, this Court entered a protective order (the "Protective Order") in this action on September 21, 2016 governing the treatment, use, access, designation, and disclosure of discovery material in this action (ECF 40);

WHEREAS, on November 16, 2016, a lawsuit was filed in the Supreme Court of the State of New York (the "State Court Action") involving facts at issue similar to those about which the parties to this action (the "Parties") took discovery in this action. (*See Avilon Automotive Group and Karen Avagumyan v. Sergey Leontiev, Wonderworks Investments Limited, Legion Trust, and Southpac Trust International Inc.*, (656007/2016));

WHEREAS, final judgment was entered in this case on March 2, 2017 (ECF 70);

WHEREAS, the Protective Order survives the termination of this action;

1

WHEREAS, on March 24, 2017, the Protective Order was modified so as to extend the requirement that the Parties return or destroy discovery material designated as confidential to 30 days following the final disposition of the State Court Action (ECF 72);

WHEREAS, the parties to the State Court Action are on the verge of commencing discovery;

WHEREAS, in preliminary discussions, the parties to the State Court Action have agreed that: (i) some of the discovery subject to the Protective Order is relevant to the State Court Action and (ii) at the direction of the state court, in the interests of efficiency and limiting costs, the parties should not re-do discovery in the State Court Action that was already conducted in this action;

WHEREAS, the parties to the State Court Action intend on executing a protective order governing discovery in that action;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff and Defendant in the above-captioned action, subject to approval of the Court, that:

1. The Protective Order should be modified to permit the parties to the State Court Action to access, for use in the State Court Action only and subject to the entry of a protective order in the State Court Action providing protections substantially equivalent to the Protective Order in this action, the materials produced or designated Confidential in this action that are relevant to the remaining cause of action in the State Court Action, as agreed by the parties to that action or as determined by the state court.

Dated: July 13, 2021
New York, New York

| GIBSON, DUNN & CRUTCHER, LLP | KAPLAN HECKER & FINK LLP |
|---|---|
| By: /s/ *Marshall Ross King*<br>Robert L. Weigel | By: /s/ *Sean Hecker*<br>Sean Hecker |

2

| | |
|---|---|
| Marshall Ross King<br>Alison Leigh Wollin<br>200 Park Avenue<br>New York, NY 10166<br>(212) 351-3845<br><br>*Attorneys for Plaintiff* | 350 Fifth Avenue, Suite 7110<br>New York, NY 10118<br>(212) 763-0889<br><br><br><br>*Attorney for Defendant* |

**IT IS SO ORDERED.**

Date: __7/13/__, 2021

_____
Hon. Jed S. Rakoff
United States District Judge